Gabriel Del Virginia, Esq. (GDV-4951)
**LAW OFFICES OF GABRIEL DEL VIRGINIA**
*Attorneys for the Debtor*
*and Debtor in Possession.*
30 Wall Street-12th Floor,
New York, New York 10005.
Telephone: 212-371-5478
Facsimile: 212-371-0460
*gabriel.delvirginia@verizon.net*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
In re

                                    Chapter 11

**ACQUAFREDDA ENTERPRISES, LLC,**


                       Debtor.             Case No. 18-12419-shl
--------------------------------------------------------X

**NOTICE OF HEARING ON DEBTOR'S OBJECTION SEEKNG TO**
**DISALLOW AND REDUCE/EXPUNGE CLAIM NUMBER 6 OF**
**AVAIL 1 LLC ("AVAIL CLAIM")**
**<u>AS THE DEBTOR HAS LIMITED/NO LIABILITY.</u>**

      **PLEASE TAKE NOTICE,** that upon the annexed objection (the "Objection") of

ACQUAFREDDA ENTERPRISES, LLC (the "Debtor"), the above-captioned chapter 11

debtor by its undersigned attorney will move this Court before the Honorable SEAN H.

LANE, United States Bankruptcy Judge, Southern District of New York, in his

courtroom located at the United States Bankruptcy Court, United States Bankruptcy

Court, Southern District of New York, 1 Bowling Green, New York, New York 10004 on

the **23rd day of October, 2019 at 10:00 A.M.** or as soon thereafter as counsel may be

heard (the "Hearing Date") for entry of an order pursuant to §502 of the Bankruptcy Code

and Federal Rules of Bankruptcy Procedure 3007 expunging and disallowing CLAIM

NUMBER 6 (the "AVAIL Claim") filed by AVAIL 1 LLC ("AVAIL").

---

**THE OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN SCHEDULED AND/OR FILED PROOFS OF CLAIM.**

**PARTIES RECEIVING THE OBJECTION SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBITS ANNEXED TO THE OBJECTION TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT COUNSEL FOR THE DEBTOR, GABRIEL DEL VIRGINIA AT 212-371-5478**

---

PLEASE TAKE FURTHER NOTICE, that if you have received this Objection, the

Debtor is objecting to your claim and if you do not appear or contact counsel for the

Debtor referenced below, the Court may reduce/expunge your claim on the Hearing Date.

PLEASE TAKE FURTHER NOTICE, that you need not appear at the hearing, if

you do not object to the relief requested in the Objection.

PLEASE TAKE FURTHER NOTICE, that the Bankruptcy Court shall retain

jurisdiction to determine all matters arising out of or relating to the making of an

objection to the relief requested in the Objection and each person or entity by making such

objection, shall subject itself to the jurisdiction of the Court with reference to all matters

arising out of its objection and all matters relating thereto.

PLEASE TAKE FURTHER NOTICE, that objections to the relief requested, if any,

must be served upon the undersigned and filed with the clerk of the Bankruptcy Court

(with a courtesy copy delivered to Judge LANE's chambers) at least seven (7) days prior to

the Hearing Date.

**PLEASE TAKE FURTHER NOTICE,** that any such objection shall state the name of the objecting party, its status as a party-in-interest and the nature and basis of its objection.

**PLEASE TAKE FURTHER NOTICE,** that the hearing to consider the Objection may be adjourned from time to time without notice to any creditor or other party-in-interest other than announcement of the adjourned date in open court on the Hearing Date.

Dated:     September 16, 2019
             New York, New York

**LAW OFFICES OF GABRIEL DEL VIRGINIA**
*Attorneys for the Debtor*
*and Debtor-in-Possession*

By: */s/ Gabriel Del Virginia*
Gabriel Del Virginia
30 Wall Street, 12th Floor,
New York, New York 10005.
Telephone: 212-371-5478
Facsimile: 212-371-0460
*gabriel.delvirginia@verizon.net*

Gabriel Del Virginia, Esq. (GDV-4951)
**LAW OFFICES OF GABRIEL DEL VIRGINIA**
*Attorneys for the Debtor*
*and Debtor in Possession.*
30 Wall Street-12th Floor,
New York, New York 10005.
Telephone: 212-371-5478
Facsimile: 212-371-0460
*gabriel.delvirginia@verizon.net*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
In re

                                        Chapter 11

**ACQUAFREDDA ENTERPRISES, LLC,**


                    Debtor.            Case No. 18-12419-shl
----------------------------------------------------------X

**DEBTOR'S OBJECTION SEEKING TO DISALLOW AND**
**REDUCE/EXPUNGE CLAIM NUMBER 6 OF AVAIL 1 LLC ("AVAIL**
**CLAIM") AS THE DEBTOR HAS LIMITED/NO LIABILITY.**

---

**THE OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN SCHEDULED AND/OR FILED PROOFS OF CLAIM.**

**PARTIES RECEIVING THE OBJECTION SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBITS ANNEXED TO THE OBJECTION TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT COUNSEL FOR THE PLEASE CONTACT COUNSEL FOR THE DEBTOR, GABRIEL DEL VIRGINIA AT 212-371-5478.**

---

TO:   THE HONORABLE SEAN H. LANE
      UNITED STATES BANKRUPTCY JUDGE

          ACQUAFREDDA ENTERPRISES, LLC., the above-captioned debtor and

debtor-in-possession (the "Debtor"), by its undersigned attorneys respectfully submits

this objection (the "Objection") seeking an order disallowing and reducing/expunging CLAIM NUMBER 6 of AVAIL 1 LLC ("AVAIL") seeking $3,561,871.25 (the "AVAIL Claim") for the loan principal, interest and fees. AVAIL Claim attached as Exhibit A. The AVAIL Claim is not owing or greatly reduced as any amount due is offset by the material breach of the Lender (defined herein) that rendered the Debtor unable to repay the loan, as such, the Debtor objects to the AVAIL Claim pursuant to section 502 of title 11, United States Code (the "Bankruptcy Code") and Rule 3007 of the Bankruptcy Rules. In support of this Objection, the Debtor submits the declaration of Michael Drezin, Esq. (the "Drezin Declaration") annexed hereto as Exhibit B and the declaration of Edward Paltzik Esq. (the "Paltzik Declaration") annexed hereto as Exhibit C. The Debtor respectfully represents as follows:

## I. <u>Jurisdiction and Venue.</u>

1. This Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

2. The predicates for the relief requested herein are Bankruptcy Code section 502 and Bankruptcy Rule 3007.

## II. <u>Background</u>.

3. The Debtor filed its voluntary petition for relief under the provisions of 11 U.S.C. Chapter 11 on August 9, 2018 (the "Petition Date").

4. The Debtor continues to manage its property as a debtor and debtor-in-possession from its premises located at 3098 Dare Place Bronx, New York 10465.

5. No trustee or examiner has been appointed in this case. Also, no official committee of unsecured creditors has been appointed.

6. The Debtor is a New York limited liability corporation in the business of owning and managing real estate. The Debtor owns five (5) residential parcels of property in the Throgs Neck section of the Bronx (the "Properties").

7. The Debtor has continued in possession of its business and management of its property pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

8. The Petition was filed on an exigent basis to avoid foreclosure of its Properties by its secured creditor AVAIL 1 LLC.

9. The Debtor's management believes that, given the breathing spell provided by the filing of this case, the Debtor will be able to resolve the Lawsuit/Judgement which led to the threat of foreclosure either though litigation or obtaining financing through investors/lenders as a means of emerging from bankruptcy promptly.

**Appeal**

10. The Debtor was forced to file its bankruptcy petition due to an illegal foreclosure orchestrated by the Lender.

11. On or about June 22, 2007, the Debtor entered into a construction loan agreement (the "Loan Agreement") with the lender (the "Lender") Hudson Valley Bank, N.A.("HVB") in the amount of $1,800,000.00 (the "Loan") to build three (3) two-family homes. The Loan is secured by the Properties.

12. HVB was merged with Sterling National Bancorp.

13. A condition of the conversion of the construction loan into a permanent mortgage was that the Properties be fully rented. The Properties were committed to

be fully rented prior to the Debtor obtaining of certificates of occupancy for the Properties.

14. Before the Debtor obtained certificates of occupancy, and in breach of the Loan Agreement, the Lender disbursed the remaining $118,350.00 of the loan proceeds to the contractor. The contractor then left the project without obtaining certificates of occupancy. Without certificates of occupancy, the Debtor was unable to rent the Properties and thereby generate the rental income required to repay the Loan.

15. The Lender's breach of the Loan Agreement thus rendered it legally, and factually, impossible for the Debtor to repay the Loan. Subsequently, the Loan was assigned to AVAIL. AVAIL, as successor in interest, foreclosed on the Properties and seeks permission to sell it.

16. Contrary to well-established case law holding that a breach of contract by a lender that impedes a borrower's ability to repay a loan precludes a summary judgment of foreclosure, the Bronx Supreme Court held that the aforementioned breach by the Lender is not a defense to the foreclosure, granted summary judgment of foreclosure and that the Debtor's sole remedy lies in its breach of contract action ("Contract Action"). Complaint in Contract Action attached as Exhibit D.

17. The Debtor is appealing these decisions of the Bronx Supreme Court (the "Appeal") in the Appellate Division, First Department from various orders in connection with two related foreclosure actions in Bronx County Supreme Court, to wit: *Avail 1 LLC v. Acquafredda Enterprises, LLC et al.*, Index No. 380881/11, and

CL45 MW Loan 1, LLC v. Acquafredda Enterprises, LLC et al., Index No. 380880/11 (the "Foreclosure Matters"). Notices of Appeal attached as Exhibit E.

### Contract Action

18. For the reasons discussed above, the Debtor also filed an action against the Lender in the Bronx Supreme Court for the Contract Action.

19. The very bank that breached the Loan Agreement rendering it a factual impossibility to pay back the loan did, by its successor in interest, foreclose on the subject property.

20. A condition of the loan conversion to a permanent mortgage was that the constructed properties be fully rented.

21. The Debtor had fully rented the premises but when the original Lender, in breach of contract, disbursed the remaining $118,350.00 in retainage and the contractor thereafter, and presumably consequently, walked of the job without obtaining certificates of occupancy, repayment of the loan was rendered a factual impossibility. (The payment of retainage was made against the advice of its own construction inspector.)

22. It is not the loss of $118,350.00, alone, that rendered the Debtor unable to repay the Loan. Without certificates of occupancy, the Debtor could not rent the Properties to generate the income required to pay the Loan.

### Retention of Special Counsel to Prosecute Contract Action and Appeal

23. On August 1, 2019, the Court entered an order "Modifying the Automatic Stay To Allow The Appeal And The Contract Action To Proceed." ECF# 60,08/01/2019.

24. On January 4, 2019, the Court entered an order "Authorizing Debtors To Employ Law Office Of Michael Drezin As Special Counsel Nunc Pro Tunc To August 9, 2018." ECF# 27, 1/4/2019.

25. The Law Office of Michael Drezin is prosecuting the Contract Action.

26. On July 3, 2019, the Court entered an order "Authorizing The Retention Of The Joshpe Mooney Paltzik LLP, As Special Appellate Counsel For The Debtor And Debtor In Possession Nunc Pro Tunc From June 13, 2019". ECF# 57, 07/03/2019.

27. Joshpe Mooney Paltzik LLP is prosecuting the Appeals.

## III.  REQUEST FOR RELIEF

28. By this Objection, the Debtor seeks to disallow and reduce/expunge the AVAIL Claim pursuant to Bankruptcy Code section 502(b)(1) and Bankruptcy Rule 3007.

29. As a result of the damages sustained by the Lender's breach, the Debtor simply has little or no obligation to AVAIL.  In fact, the Debtor believes that Sterling may well be liable for damages over and above the Loan amount.

30. Notably, Avail as a successor in interest to the Lender took the Loan subject to Debtor's defenses against the Lender.

31. As stated in the Drezin Declaration the damage from the Lender's breach of contract could offset the entire amount alleged to be owed by the AVAIL Claim.

## IV.  RESERVATION OF RIGHTS

32. The Debtor expressly reserves the right to amend, modify, or supplement this Objection, including, without limitation, objections as to the amounts and priority asserted in the proofs of claims.

## V.  NOTICE AND NO PRIOR REQUEST

33. Pursuant to Bankruptcy Rule 3007, a copy of this Objection is being served upon (i) AVAIL, (ii) the Office of the United States Trustee for the Southern District of New York, and (iii) all parties who have filed a notice of appearance (service via ecf). The Debtor submits that no other or further notice need be provided.

34. No previous request for the relief sought herein has been made to this or any other Court.

## VI.  CONCLUSION

The Debtor objects to the AVAIL Claim, and respectfully requests that this Court enter an order (the "Order") substantially in the form annexed hereto, reducing/expunging the Avail Claim, pursuant to Bankruptcy Code section 502(b)(1).

Dated:      September 16, 2019
            New York, New York

**LAW OFFICES OF GABRIEL DEL VIRGINIA**
*Attorneys for the Debtor*
 *and Debtor-in-Possession*
By: */s/ Gabriel Del Virginia*
Gabriel Del Virginia
30 Wall Street, 12th Floor,
New York, New York 10005.
Telephone: 212-371-5478
Facsimile: 212-371-0460
gabriel.delvirginia@verizon.net

Susan Acquafredda, pursuant to 28 U.S.C. § 1746, under the penalty of perjury, declares and respectfully says:

I am the managing member of the Debtor and I am familiar with the Debtor's business and financial affairs. I verify and certify that I have read the Objection, and believes the facts stated therein to be true, to the best of my knowledge and belief.

Dated:     September 16, 2019
           New York, New York


                                        ACQUAFREDDA ENTERPRISES,
                                        LLC
                                        Debtor and Debtor-in-Possession
                                        /s/ Ms. Susan Acquafredda
                                        Managing Member


                                        .

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Acquafredda Enterprises, LLC |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Southern District of New York |
| Case number | 18-12419-SHL |

## Official Form 410

# Proof of Claim

12/15

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) **that you received.**

### Part 1:    Identify the Claim

| | |
|---|---|
| **1. Who is the current creditor?** | Avail 1 LLC <br> Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor _____ |
| **2. Has this claim been acquired from someone else?** | ☑ No <br> ☐ Yes. From whom? _____ |

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| The Margolin & Weinreb Law Group, LLP <br> Name | Planet Home Lending, LLC <br> Name |
| 165 Eileen Way - Suite 101 <br> Number    Street | 321 Research Parkway <br> Number    Street |
| Syosset            NY        11791 <br> City          State        ZIP Code | Meriden        CT        06450 <br> City          State        ZIP Code |
| Contact phone 516-921-3838 | Contact phone _____ |
| Contact email alansm@nyfclaw.com | Contact email _____ |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

| | |
|---|---|
| **4. Does this claim amend one already filed?** | ☑ No <br> ☐ Yes. Claim number on court claims registry (if known) _____    Filed on ____/____/_____ <br> MM / DD / YYYY |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No <br> ☐ Yes. Who made the earlier filing? _____ |

---

**Part 2:**    **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  <u>3</u>  <u>7</u>  <u>8</u>  <u>7</u> |

| | |
|---|---|
| 7. **How much is the claim?** | $_____<u>3,561,871.25</u>. **Does this amount include interest or other charges?**<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Money Loaned |

| | |
|---|---|
| 9. **Is all or part of the claim secured?** | ☐ No<br>☑ Yes.   The claim is secured by a lien on property.<br><br>**Nature of property: 3098 Dare Place, New York, NY 10465**<br>☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:**   Recorded Mortgage<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**                           $_____<br>**Amount of the claim that is secured:**   $  3,561,871.25<br><br>**Amount of the claim that is unsecured:**  $_____0.00 (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**  $  3,561,871.25<br><br>**Annual Interest Rate** (when case was filed) <u>9.00</u> %<br>☑ Fixed<br>☐ Variable |

| | |
|---|---|
| 10. **Is this claim based on a lease?** | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____ |

| | |
|---|---|
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |

---

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | | |
|---|---|---|---|
| | ☐ **Yes.** *Check all that apply:* | | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $_____ |
| | ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | | $_____ |
| | * Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment. | | |

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  11/21/2018
                  MM / DD / YYYY

/s/ Alan Smikun
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Alan Smikun, Esq. | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Attorney for Secured Creditor | | |
| Company | The Margolin & Weinreb Law Group, LLC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 165 Elileen Way, Suite 101 | | |
| | Number        Street | | |
| | Syosset, New York 11791 | | |
| | City | State | ZIP Code |
| Contact phone | 5169213838 | Email | alansm@nyfclaw.com |

# Mortgage Proof of Claim Attachment

(12/15)

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

## Part 1: Mortgage and Case Information

| | |
|---|---|
| Case number: | 18-12419-SHL |
| Debtor 1: | Acquafredda Enterprises, LLC |
| Debtor 2: | N/A |
| Last 4 digits to identify: | 3 7 8 7 |
| Creditor: | Avail 1 LLC |
| Servicer: | N/A |
| Fixed accrual/daily Simple interest/other: | 9.00%* |

## Part 2: Total Debt Calculation

| | |
|---|---|
| Principal balance: | $1,792,259.84 |
| Interest due: | $1,631,702.90 |
| Fees, cost due: | $9,954.39 |
| Escrow deficiency for funds advanced: | $127,954.12 |
| Less total funds on hand: - | $0.00 |
| Total debt: | $3,561,871.25** |

## Part 3: Arrearage as of Date of the Petition

| | |
|---|---|
| Principal & interest due: | $3,423,962.74 |
| Prepetition fees due: | $9,954.39 |
| Escrow deficiency for funds advanced: | $127,954.12 |
| Projected escrow shortage: | $0.00 |
| Less funds on hand: - | $0.00 |
| Total prepetition arrearage: | $3,561,871.25** |

## Part 4: Monthly Mortgage Payment

| | |
|---|---|
| Principal & Interest: | $0.00 |
| Monthly escrow: | $0.00 |
| Private mortgage insurance: | $0.00 |
| Total monthly payment: | $0.00** |

* This is the default interest as per the Judgment of Foreclosure and Sale.
** This Loan has matured on January 15, 2011. The total amount of the Loan has come due.

## Part 5 : Loan Payment History from First Date of Default

| | | Account Activity | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
| 05/29/18 | $3,561,871.25 | | | Judgment Entered | | $3,551,916.86 | | | | | | | | | $9,954.39 | |

## CONSOLIDATED CONSTRUCTION LOAN MORTGAGE NOTE

**$1,800,000.00**                                        **Yonkers, New York**
                                                         **Dated: June 22, 2007**

  **FOR VALUE RECEIVED, Acquafredda Enterprises L.L.C.,** a New York limited liability company with an office for the transaction of business at 3098 Dare Place, Bronx, New York 10465 (the "Borrower") promises to pay to the order of **Hudson Valley Bank,** a New York state banking corporation with its principal office and place of business at 21 Scarsdale Road, Yonkers, New York (the "Lender" or "Bank") the principal sum of One Million Eight Hundred Thousand and 00/100 ($1,800,000.00) Dollars or so much thereof as may be advanced from time to time in accordance with the terms of a construction loan agreement dated of even date herewith (the "Construction Loan Agreement"), with interest on the unpaid principal balance of such amount from the date of this Note or such advance, as the case may be, at the Interest Rate (as hereinafter defined).  This Note evidences a loan (the "Loan" or the "Construction Loan") made, or so much thereof as may be advanced by Lender to Borrower, in the principal amount hereof, and is secured by (a) a consolidated first lien mortgage of even date herewith in the amount of $1,800,000.00 (the "Mortgage") on certain real property located at 3094 Dare Place, Bronx, New York, 3093 Casler Place, Bronx, New York, 3098 Dare Place, Bronx, New York, No # Dare Place, Bronx, New York and 3091 Casler Place, Bronx, New York (collectively, the "Property" or the "Real Property"); (b) UCC-1 financing statements executed in conjunction herewith (the "Financing Statements"), which create a valid first lien security interest in certain personal property (the "Personal Property") of Borrower more particularly described in the Financing Statements; (c) an assignment of rents and leases of even date herewith from Borrower to Lender (the "Assignment") which will assign all rents and all leases applicable to the Real Property to Lender; (d) the guaranty of completion and the guaranty of payment (collectively, the "Guaranty") of Thomas Acquafredda and Susan Acquafredda  (collectively, the "Guarantor") and (e) such other security as may now or hereafter be given to Lender by Borrower as collateral for the Loan (the Construction Loan Agreement, the Mortgage, the Financing Statements, the Assignment, the Guaranty, this Note and such other documents evidencing such other security which may hereafter be given as further security for, or in connection with, the Loan, being hereinafter collectively referred to as the "Loan Documents").  The outstanding principal Loan Amount, together with all interest accrued and unpaid thereof and all other sums due under the Mortgage and the Note are collectively referred to herein as the "Debt".

**CONSOLIDATED CONSTRUCTION LOAN MORTGAGE NOTE.**  This Consolidated Mortgage Note (the "Note") renews, consolidates, amends and restates in its entirety the terms and provisions of certain notes as more fully described on Exhibit A attached hereto (said Note being hereinafter called the "Existing Notes") so that this Note shall hereafter constitute evidence of but one debt in the principal amount of One Million Eight Hundred Thousand and 00/100 ($1,800,000.00)  Dollars.  The conditions contained in this Note shall supersede and control the terms, covenants, agreements, rights, obligations and conditions of the Existing Notes (it being agreed that the modification of the Existing Notes shall not impair the debt evidenced by the Existing Notes).

This Note does not create new or additional indebtedness except the sum of $1,568,000.00, which is being consolidated with the unpaid principal balance of $232,000.00, evidenced by the Existing Notes.

1.    **Interest Rate.**

From the date of this Note and continuing until the Maturity Date (as hereinafter defined), the outstanding principal balance of the Loan shall bear interest at an interest rate equal to the Prime Rate plus one (1.00%) percent. The interest rate shall be adjusted as and when the Prime Rate changes so that the rate in effect shall always equal the Prime Rate plus one (1.00%) percent (the "Interest Rate"). Prime Rate shall mean the rate of interest publicly announced by the Wall Street Journal in its Money Rates Section from time to time to be its Prime Rate (the "Prime Rate"). Interest shall be computed on the basis of a 360 day year for the actual number of days elapsed and shall accrue until receipt of payment by Lender.

2.    **Payments.**

a.    Borrower shall pay Lender interest only on the outstanding principal balance of the Loan, monthly, in arrears, at the Interest Rate provided herein. Payments shall be debited from the interest reserve account established by the Borrower with the Bank pursuant to the terms of Section 9 herein. Such accrued interest shall be due and payable on the first (1st) day of each month commencing on August 1, 2007 and on the first (1st) day of each month thereafter until the Maturity Date.

b.    The Loan, if not sooner paid or converted to a permanent loan pursuant to the terms of Section 11 hereof, shall be due and payable in full on July 1, 2008 (the "Maturity Date").

3.    **Method Of Payment.** All payments under this Note are payable at 21 Scarsdale Road, Yonkers, New York 10707, or at such other place as Lender shall notify Borrower in writing.

4.    **Demand Deposit Checking Account.** Borrower shall maintain a demand deposit checking account (the "Demand Deposit Checking Account") with the Bank during the entire term of the Loan. The Borrower agrees that all advances of the Loan made at the time of closing and all future advances of the Loan proceeds, if any, after the closing shall be made by direct deposit or wire transfer by Bank to said Demand Deposit Checking Account.

5.    **Application of Payments Received.** Payments shall be applied first to expenses, if any, then to late charges, if any, then to accrued interest, then principal.

6.    **Late Payment Charges.** Borrower shall pay the holder of this Note a late charge of five (5%) percent of any payment not received by the holder within ten (10) days after the payment is due.

7.    **Prepayment Penalty.** The Construction Loan may be prepaid in whole or in part at any time without penalty.

8.    **Use of Construction Loan Proceeds.** The Construction Loan shall be allocated for the Borrower's use as follows:

| | | |
|---|---|---|
| a. | $1,075,000.00 | for Hard Costs |
| b. | $ 109,000.00 | for Site Costs |
| c. | $ 136,000.00 | for Interest Reserve Account |
| d. | $ 10,000.00 | for Inspection Reserve |
| e. | $ 75,000.00 | for Other Soft Costs |
| f. | $ 395,000.00 | To Refinance Existing Mortgages |

2

9. **Interest Reserve Account.** An interest reserve account in the amount of $136,000.00 (the "Interest Reserve Account") shall be reserved at the closing from the unadvanced portion of the Loan proceeds. The Bank is hereby authorized to deduct the monthly Loan payment due hereunder directly from the Interest Reserve Account. If the Interest Reserve Account is depleted before the Maturity Date, the Borrower and/or the Guarantor shall continue to make all subsequent Loan payments from the Borrower or Guarantor's funds.

10. **Balance Requirements.** During the term of the Construction Loan, the Borrower shall be required to maintain any number of personal or business non-interest bearing accounts it chooses to maintain at the Bank and that the average combined balance of all deposits in the aforementioned accounts shall be $50,000.00. During the term of the Permanent Loan, the Borrower shall be required to maintain with the Bank each month, demand deposit accounts in an amount of no less than $50,000.00 in addition to their personal accounts and accounts under Aquadata, Inc.

11. **Conversion to Permanent Loan:** Upon satisfaction of the following conditions, the Construction Loan will be converted to a permanent loan (the "Permanent Loan"):

a.    A final Certificate of Occupancy has been issued on the Real Property;

b.    Bona fide executed leases yielding a net cash flow after operating expenses that will provide 1.3 times debt service coverage are in effect;

c.    Tenants are in occupancy at the Real Property and all applicable rent payments are in effect;

d.    All licenses and approvals with the respect to the use of the completed improvements have been issued on the Real Property;

e.    Final Lien Waivers from contractors and subcontractors covering all labor and materials furnished or to be furnished have been issued and submitted to the Bank;

f.    An updated hazard insurance policy in form and substance acceptable to Bank has been received by the Bank;

g.    An updated title policy with all required endorsements issued with no exceptions, all satisfactory to the Bank and its attorney has been received by the Bank;

h.    The completion certificate of the Bank's inspecting engineer has been issued;

i.    The Loan is not in default; and

j.    Bank's receipt of a mortgage and note modification agreement in favor of Bank in the principal amount of $1,800,000.00.

3

Provided that all of the foregoing conditions are satisfied, the Borrower and Lender will execute a Note and Mortgage Modification Agreement (the "Modification Documents") thereby converting the Construction Loan into a Permanent Loan. The Permanent Loan terms and conditions (including the applicable interest rate) as described in the commitment letter from Lender to Borrower dated January 25, 2007 (the "Commitment Letter") and any amendments thereto, will be incorporated into the Modification Documents on the Conversion Date. The terms and conditions of the Commitment Letter shall survive the date of this Note.

12. **Exit Fee.** If the Borrower obtains permanent financing from another bank or lending institution, an Exit Fee equal to one percent (1.00%) of the outstanding principal Construction Loan balance shall shall be due and payable to the Lender upon satisfaction of this Loan.

13. **Events of Default.** The Debt shall become immediately due and payable at the option of the Bank if any payment required in this Note is not paid within ten (10) days of the date when due or in the happening of any other default, after the expiration of any applicable notice and grace period provided for herein or under the terms of the Mortgage or under the terms of any other Loan Document (hereinafter collectively an "Event of Default"). All of the terms, covenants and conditions contained in the Mortgage and the Loan Documents are hereby made a part of this Note to the same extent and with the same force and effect as if they were fully set forth herein. In the event that it should become necessary to employ counsel to collect the Debt or to protect or foreclose the security hereof, Borrower also agrees to pay reasonable attorney's fees for the services of such counsel.

Without prejudice to all other rights and remedies of the holder hereof arising upon an Event of Default (whether pursuant to the terms hereof, or at law or in equity) by Borrower hereunder, or upon any default under any instrument securing this Note, the rate of interest payable on the Loan evidenced hereby shall immediately increase to a new rate of interest which is five (5%) percentage points above the interest rate then being paid by Borrower immediately prior to such default (the "Default Rate") and a new monthly payment of principal and interest shall be calculated. The Default Rate shall increase at the rate of one (1%) percent per month beginning on the first day of the month following the month in which the Default Rate became effective and on the first day of each month thereafter up to the maximum rate permitted by law, until the Loan is paid in full or until the Event of Default is cured.

14. **Lender's Rights.** If an Event of Default exists, Lender may exercise any right, power or remedy permitted by law or as set forth herein or in the Mortgage or any other Loan Document including, without limitation, the right to declare the entire unpaid principal amount balance of this Note together with interest accrued thereon and any other sums due herein under or under the Loan Documents to be immediately due and payable and the Lender may proceed to exercise any rights or remedies that it may have under this Note or any other Loan Documents, or such other rights or remedies that it may have at law, equity or otherwise.

15. **Right of Setoff.** In addition to Lender's right of setoff arising by operation of law, Borrower grants to Lender a contractual possessory security interest in, and hereby assigns, conveys, delivers, pledges, and transfers to Lender all Borrower's right, title and interest in and to, Borrower's accounts with Lender, excluding however all IRA, Keogh Pension and Profit Sharing accounts, and all trust accounts for which the grant of a security interest would be prohibited by law. Upon an uncured Event of

4

Default and following written notification and expiration of any applicable cure period to Borrower by Lender of said default, Borrower authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on this Note against any and all such accounts.

16.    **Annual Financial Statements.** Upon request, the Borrower shall deliver to Bank, within one hundred twenty (120) days after the close of each fiscal year, compiled financial statements reflecting its operations during such fiscal year. Additionally, upon request each Guarantor shall deliver to Bank updated personal financial statements within thirteen (13) months of previous statements on file with Lender.

17.    **Tax Returns.** Upon request, the Borrower and each Guarantor shall deliver to Bank, within sixty (60) days of filing, fully executed annual tax returns with all applicable schedules as prepared by an accountant acceptable to the Lender.

18.    **Costs and Expenses on Default**. After the occurrence of an Event of Default, in addition to principal, interest and any applicable Late Payment Charge, Lender shall be entitled to collect all costs of collection, including, but not limited to, reasonable attorneys' fees, incurred in connection with the protection or realization of collateral or in connection with any of Lender's collection efforts, whether or not suit on this Note or any foreclosure proceeding is filed, and all such costs and expenses shall be payable on demand and until paid shall also be secured by the Loan Document and by all other collateral held by Lender as security for Borrower's obligations to Lender.

19.    **No Waiver By Lender**. No failure on the part of Lender or other holder hereof to exercise any right or remedy hereunder, whether before or after the happening of a default, shall constitute a waiver thereof, and no waiver of any past default shall constitute waiver of any future default or of any other default. No failure to accelerate the Loan evidenced hereby by reason of default hereunder, or acceptance of a past due installment, or indulgence granted from time to time shall be construed to be a waiver of the right to insist upon prompt payment thereafter, or shall be deemed to be a novation of this Note or as a reinstatement of the Loan evidenced hereby or as a waiver of such right of acceleration or any other right, or be construed so as to preclude the exercise of any right which Lender may have, whether by the laws of the state governing this Note, by agreement or otherwise; and Borrower and each endorser hereby expressly waive the benefit of any state or rule of law or equity which would produce a result contrary to or in conflict with the foregoing. This Note may not be changed orally, but only by an agreement in writing signed by the party against whom such agreement is sought to be enforced.

20.    **Compliance With Usury Laws.** It is the intention of the parties to conform strictly to the usury laws, whether state or federal, that are applicable to this Note. All agreements between Borrower and Lender, whether now existing or hereafter arising and whether oral or written are hereby expressly limited so that in no contingency or event whatsoever, whether by acceleration of maturity hereof or otherwise, shall the amount paid or agreed to be paid to Lender or the holder hereof, or collected by Lender or such holder, for the use, forbearance or detention of the money to be loaned hereunder or otherwise, or for the payment or performance of any covenant or obligation contained herein, or in any of the Loan Documents, exceed the maximum amount permissible under applicable federal or state usury laws. If under any circumstances whatsoever fulfillment of any provision hereof or of the Loan Documents, at the time performance of such provision shall be due, shall involve exceeding the limit of validity prescribed by law, then the obligation to be fulfilled shall be reduced to the limit of such validity; and if under any circumstances Lender or other holder hereof shall ever receive any amount deemed interest by applicable

5

law, which would exceed the highest lawful rate, such amount that would be excessive interest under applicable usury laws shall be applied to the reduction of the principal amount owing hereunder or to other indebtedness secured by the Loan Documents and not to the payment of interest, or if such excessive interest exceeds the unpaid balance of principal and such other indebtedness, the excess shall be deemed to have been a payment made by mistake and shall be refunded to Borrower or to any other person making such payment on Borrower's behalf. All sums paid or agreed to be paid to the holder hereof for the use, forbearance or detention of the indebtedness of Borrower evidenced hereby, outstanding from time to time shall, to the extent permitted by applicable law, and to the extent necessary to preclude exceeding the limit of validity prescribed by law, be amortized, pro-rated, allocated and spread from the date of disbursement of the proceeds of this Note until payment in full of the Loan evidenced hereby and thereby so that the actual rate of interest on account of such indebtedness is uniform throughout the term hereof and thereof. The terms and provisions of this paragraph shall control and supersede every other provision of all agreements between Borrower, any endorser and Lender.

21.      **Governing Law; Submission to Jurisdiction.** This Note shall be governed by and construed under the laws of the State of New York. Borrower and each endorser hereby submits to personal jurisdiction in said state for the enforcement of Borrower's obligations hereunder or under any other Loan Document and waives any and all personal rights under the law of any other state to object to jurisdiction within such state for the purposes of litigation to enforce such obligations of Borrower.

22.      **Waiver of Jury Trial.** Lender and the Borrower hereby waive trial by jury in any litigation in any court with respect to, in connection with, or arising out of this Note, any other Loan Document or the Loan, or any instrument or document delivered in connection with the Construction Loan, or the validity, protection, interpretation, collection or enforcement thereof, or any other claim or dispute howsoever arising between the Borrower and Lender.

23.      **Subordination of Loans.** The Lender will require subordination of any currently outstanding loan to Borrower from any member or Guarantor.

24.      **Subordinate Financing.** No subordinate financing shall be allowed to encumber the Real Property without the Bank's prior written consent, to be given or withheld in Bank's sole discretion.

25.      **Notices.** Any notices required or permitted to be given hereunder shall be: (i) personally delivered or (ii) given by registered or certified mail, postage prepaid, return receipt requested, or (iii) forwarded by overnight courier service, in each instance addressed to the addresses set forth at the head of this Note, or such other addresses as the parties may for themselves designate in writing as provided herein for the purpose of receiving notices hereunder. All notices shall be in writing and shall be deemed given, in the case of notice by overnight delivery, one day after delivery to the overnight company, and in the case of appropriate mail or courier service, within five (5) days of deposit with the U.S. Postal Service or delivery to the courier service.

26.      **Entire Agreement.** This Note and the other Loan Documents constitute the entire understanding between Borrower and Lender and to the extent that any writings not signed by Lender or oral statements or conversations at any time made or had shall be inconsistent with the provisions of this Note and the other Loan Documents, the same shall be null and void.

## EXHIBIT A

Note dated September 22, 1992 was made by Thomas Acquafredda and Susan Acquafredda, as Mortgagor, to Chemical Bank, as Mortgagee, in the principal sum of $384,000.00.

Note dated July 31, 1998 was made by Susan Acquafredda and Thomas Acquafredda, as Mortgagor, to Citibank NA, as Mortgagee, in the principal sum of $25,263.52.

27.    **General Provisions.**  Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them.  Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, protest and notice of dishonor.  Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, accommodation maker or endorser, shall be released from liability.  All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan, or release any party or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone.  All such parties also agree that Lender may modify this Note without the consent of or notice to anyone other than the party with whom the modification is made.

**PRIOR TO SIGNING THIS NOTE, BORROWER HAS READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE, INCLUDING THE VARIABLE INTEREST RATE PROVISIONS.   BORROWER AGREES TO THE TERMS OF THE NOTE AND ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THE NOTE.**

**IN WITNESS WHEREOF,** Borrower has executed this instrument the date first above written.

Signed, acknowledged and delivered
in the presence of:

Acquafredda Enterprises L.L.C.
a New York limited liability company

_____
**Witness**

By: _____
Susan Acquafredda, Member

G:\HVB\Commercials\NAMES\Aquafredda,ThomasSusan\note2.wpd

7

| NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER | |
|---|---|
| This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document. |  2007062701357004001ED03C |

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 30 |
|---|---|---|
| Document ID: 2007062701357004 | Document Date: 06-22-2007 | Preparation Date: 06-27-2007 |
| Document Type: MORTGAGE | | |
| Document Page Count: 28 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| LIBERTY TITLE AGENCY, LLC-P/U TEAM EXMS<br>515 RECKSON PLAZA<br>UNIONDALE, NY  11556<br>LTNY-5252-BX-07 | HUDSON VALLEY BANK<br>21 SCARSDALE ROAD<br>YONKERS, NY  10707 |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BRONX | 5529 | 487 | Entire Lot | 3094 DARE PLACE |
| Property Type: RESIDENTIAL VACANT LAND | | | | |
| Borough | Block | Lot | Unit | Address |
| BRONX | 5529 | 488 | Entire Lot | 3093 CASLER PLACE |
| Property Type: RESIDENTIAL VACANT LAND | | | | |
| x  Additional Properties on Continuation Page | | | | |

**CROSS REFERENCE DATA**

CRFN_____ or Document ID_____ or _____ Year_____ Reel ___ Page _____ or File Number_____

**PARTIES**

| MORTGAGOR/BORROWER: | MORTGAGEE/LENDER: |
|---|---|
| ACQUAFREDDA ENTERPRISES, L.L.C.<br>3098 DARE PLACE<br>BRONX, NY  10465 | HUDSON VALLEY BANK<br>21 SCARSDALE ROAD<br>YONKERS, NY  10707 |

**FEES AND TAXES**

| Mortgage | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 1,568,000.00 | | |
| Taxable Mortgage Amount: | $ | 1,568,000.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | $ | 0.00 |
| TAXES:  County (Basic): | $ | 7,840.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 17,640.00 | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 3,920.00 | **RECORDED OR FILED IN THE OFFICE** | |
| MTA: | $ | 4,704.00 | **OF THE CITY REGISTER OF THE** | |
| NYCTA: | $ | 0.00 | **CITY OF NEW YORK** | |
| Additional MRT: | $ | 0.00 | Recorded/Filed     08-20-2007 16:55 | |
| TOTAL: | $ | 34,104.00 | City Register File No.(CRFN): | |
| Recording Fee: | $ | 189.00 | 2007000430680 | |
| Affidavit Fee: | $ | 0.00 | | |

*Annette M. Hill*

*City Register Official Signature*

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2007062701357004001CD2BC

| RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION) | | PAGE 2 OF 30 |
|---|---|---|
| Document ID: 2007062701357004 | Document Date: 06-22-2007 | Preparation Date: 06-27-2007 |
| Document Type: MORTGAGE | | |

**PROPERTY DATA**

| Borough | Block | Lot | | Unit | Address |
|---|---|---|---|---|---|
| BRONX | 5529 | 489 | Entire Lot | | 3098 DARE PLACE |
| | Property Type: 1- 2 FAM WITH ATTCH GAR /OR VACANT LAND | | | | |
| Borough | Block | Lot | | Unit | Address |
| BRONX | 5529 | 492 | Entire Lot | | N/A DARE PLACE |
| | Property Type: RESIDENTIAL VACANT LAND | | | | |
| Borough | Block | Lot | | Unit | Address |
| BRONX | 5529 | 500 | Entire Lot | | 3091 CASLER PLACE |
| | Property Type: RESIDENTIAL VACANT LAND | | | | |

# GAP CONSTRUCTION LOAN MORTGAGE
## AND SECURITY AGREEMENT

### $1,568,000.00

### ACQUAFREDDA ENTERPRISES L.L.C.
### MORTGAGOR

#### to

### HUDSON VALLEY BANK
### MORTGAGEE

Dated: June 22, 2007

| PARCEL I | | PARCEL II | |
|---|---|---|---|
| Section: | 18 | Section: | 18 |
| Volume: | 6 | Volume: | 6 |
| Block: | 5529 | Block: | 5529 |
| Lot: | 487 | Lot: | 488 |
| City: | New York | City: | New York |
| County: | Bronx | County: | Bronx |
| Address: | 3094 Dare Place, Bronx, New York | Address: | 3093 Casler Place, Bronx, New York |

| PARCEL III | | PARCEL IV | |
|---|---|---|---|
| Section: | 18 | Section: | 18 |
| Volume: | 6 | Volume: | 6 |
| Block: | 5529 | Block: | 5529 |
| Lot: | 489 | Lot: | 492 |
| City: | New York | City: | New York |
| County: | Bronx | County: | Bronx |
| Address: | 3098 Dare Place, Bronx, New York | Address: | No # Dare Place, Bronx, New York |

| PARCEL V | |
|---|---|
| Section: | 18 |
| Volume: | 6 |
| Block: | 5529 |
| Lot: | 500 |
| City: | New York |
| County: | Bronx |
| Address: | 3091 Casler Place, Bronx, New York |

Liberty Title
Agency LLC
LTNY5252BX07

**RECORD AND RETURN TO:**

HUDSON VALLEY BANK
21 Scarsdale Road
Yonkers, New York 10707
Attn: Loan Operations

## GAP CONSTRUCTION LOAN MORTGAGE AND SECURITY AGREEMENT

**NOTICE: THIS MORTGAGE SECURES A NOTE WHICH CONTAINS A PROVISION ALLOWING FOR CHANGES IN THE INTEREST RATE.**

### $1,568,000.00

| | |
|---|---|
| **DATE:** | June 22, 2007 |
| **MORTGAGOR:** | **Acquafredda Enterprises L.L.C.,** having an address at 3098 Dare Place, Bronx, New York 10465 |
| **MORTGAGEE:** | **HUDSON VALLEY BANK,** a state chartered bank organized under the laws of the State of New York, having an office and place of business at 21 Scarsdale Road, Yonkers, New York 10707 |
| **GUARANTORS:** | **Thomas Aquafredda and Susan Aquafredda** |
| **MORTGAGE AMOUNT:** | One Million Five Hundred Sixty Eight Thousand and 00/100 ($1,568,000.00) Dollars. |
| **LOCATION OF PREMISES:** | 3094 Dare Place, 3093 Casler Place, 3098 Dare Place, No # Dare Place, 3091 Casler Place, Bronx, City of New York, County of Bronx, State of New York, as more particularly described in Schedule A attached hereto and made a part hereof. |

### W I T N E S S E T H :

WHEREAS, Mortgagor is the owner of the premises described in Schedule A attached hereto and made a part hereof (the "Mortgaged Premises"); and

WHEREAS, Mortgagor proposes to construct on the premises or cause to be constructed on the Mortgaged Premises certain improvements at the Mortgaged Premises (the "Improvements") and in order to finance the construction thereof will borrow the Mortgage Amount from the Mortgagee pursuant to a Construction Loan Agreement (the "Loan Agreement") dated the date hereof, and has executed and delivered to the Mortgagee its Consolidated Construction Loan Mortgage Note of even date (the "Note") (collectively, the "Loan");

NOW THEREFORE, in order to secure the payment of the Mortgage Amount, together with the interest thereon, at the rates and payable at the time and in the manner specified in the Note, and any other sums payable under the Note and this Mortgage; and to secure the performance and observance of all the provisions hereof and of the Note and of the Loan Agreement, including, without limitation, the payment to the Mortgagee of all sums advanced under the Loan Agreement and any other sums advanced by the Mortgagee to complete the Improvements to the extent the aggregate of such sums and any other sums

2

expended pursuant thereto or hereto exceed the Mortgage Amount, the Mortgagor hereby mortgages to the Mortgagee all of the following contained in Granting Clauses I to V inclusive (all of which are hereinafter collectively referred to as the "Mortgaged Premises");

## GRANTING CLAUSES

I.     The fee title of the Mortgagor in and to the Mortgaged Premises;

II.     All of the right, title and interest of the Mortgagor in and to (i) all buildings and other improvements and additions thereto now erected or hereafter constructed or placed upon the Mortgaged Premises or any part thereof; (ii) to the extent permitted by law, the name or names, if any, as may now of hereafter be used for Improvements, and the good will associated therewith; and (iii) all machinery, devices, fixtures, apparatus, interior improvements, appurtenances, and equipment of every kind and nature whatsoever now or hereafter attached to or placed in or upon the Mortgaged Premises or the Improvements, or any part thereof, or used or procured for use in connection with the operation of the Mortgaged Premises;

III.     All right, title and interest of the Mortgagor in and to all insurance or other proceeds for damage done to the Improvements, and all awards heretofore made or hereafter to be made to or for the account of the Mortgagor for the permanent or temporary taking by eminent domain of the whole or any part of the Mortgaged Premises or any lesser estate in, or easement appurtenant to, the Mortgaged Premises (including, without limitation, any awards for change of grade of streets), all of which proceeds and awards are hereby assigned to the Mortgagee, subject to the further provisions of this Mortgage;

IV.     All of the rents, issues, benefits and profits of the Mortgaged Premises (if any), including all leases, subleases, occupancy agreements, licenses, franchises and appurtenances now or hereafter entered into covering any part of the Mortgaged Premises (the "Leases"), including all interest of the Mortgagor as landlord in and to any of the same, all of which are hereby assigned to the Mortgagee, subject, however, to the right of the Mortgagor to receive and use the same; and

V.     All water, water rights, mineral rights, ditches, ditch rights, reservoirs and reservoir rights appurtenant to located on or used in connection with the Mortgages Premises or the Improvements, whether existing now or hereafter acquired.

TO HAVE AND TO HOLD the Mortgaged Premises, together with all rights, hereditaments and appurtenances in any way appertaining or belonging thereto, unto the Mortgagee, its successors and assigns, forever for the uses set forth herein.

## ARTICLE ONE
### Certain Definitions

In addition to other definitions contained herein, the following terms shall have the meanings set forth below, unless the context of this Mortgage otherwise requires:

1.1     **Intentionally Omitted.**

**.1.2** . **"Due and payable"** when used with reference to the principal of, or premium or interest on, or when referring to any and all other sums secured by this Mortgage or any other of the Loan Documents (as hereinafter defined) shall mean due and payable, whether at the monthly or other date of payment or at the date of maturity specified in the Note, this Mortgage or other Loan Documents; or by acceleration or call for payment as provided in the Note, hereunder or in the Loan Documents, or, in the case of Impositions (as defined in Section 1.5), the last day upon which any charge may be paid without penalty and/or interest and/or without becoming a lien upon the Mortgaged Premises.

**1.3** **"Events of Default"** shall mean the events and circumstances described as such in Section 7.1 hereof.

**1.4** **"Governmental Authorities"** shall mean all federal, state, county, municipal and local governments and all departments, commissions, boards, bureaus and offices thereof, having or claiming jurisdiction over the Mortgaged Premises or any part thereof.

**1.5** **"Guarantor"** shall mean individually and collectively, Thomas Acquafredda and Susan Acquafredda.

**1.6** **"Impositions"** shall mean all duties, taxes, water and sewer rents, rates and charges, assessments (including, but not limited to, all assessments for public improvements or benefit), charges for public utilities, excises, levies, license and permit fees and other charges, ordinary or extraordinary, whether foreseen or unforeseen, of any kind and nature whatsoever, which prior to or during the term of this Mortgage will have been or may be laid, levied, assessed or imposed upon or become due and payable out of or in respect of, or become a lien on the Mortgaged Premises, the Improvements, or any other property or rights included in the Mortgaged Premises, or any part thereof or appurtenances thereto, or which are levied or assessed against the rent and income received by the Mortgagor from the Leases by virtue of any present or future law, order or ordinance of the United States of America or of any state, county or local government or of any department, office or bureau thereof or of any other Governmental Authority.

**1.7** **"Indebtedness"** shall mean all principal and interest payable under the Note, and any amounts expended or advanced by Mortgagee to discharge obligations of Mortgagor or expenses incurred by Mortgagee to enforce obligations of Mortgagor under this Mortgage, including reasonable attorneys' fees, together with interest on such amounts as provided in this Mortgage.

**1.8** **"Involuntary Rate or Default Rate"** shall mean the rate of interest per annum provided in the Note plus five (5.00%) percent per annum. The Default Rate shall increase at the rate of one (1%) percent per month beginning on the first day of the month following the month in which the Default Rate became effective and on the first day of each month thereafter up to the maximum rate permitted by law until the Loan is paid in full or until the Event of Default is cured. In no event will the interest rate on the Loan exceed the maximum rate permitted by law.

**1.9** **"Legal Requirements"** shall mean all present and future laws, ordinances, rules, regulations and requirements of all Governmental Authorities and all orders, rules and regulations of any national or local board of fire underwriters or other body exercising similar functions, foreseen or unforeseen, ordinary or extraordinary, which may be applicable to the Mortgaged Premises or any part thereof, or to the sidewalks, alleyways, passageways, curbs and vaults adjoining the same, or to the owners, tenants, or occupants of the

4

Mortgaged Premises, whether or not any such law, ordinance, rule, regulation or requirements shall necessitate structural changes or improvements or shall interfere with the use or enjoyment of and of the foregoing, and shall also mean and include all requirements of the policies of public liability, fire and all other insurance at any time in force with respect to any of the foregoing.

     **1.10**   **"Loan Documents"** shall refer collectively to this Mortgage, the Note hereby secured, the Loan Agreement, and all other documents and instruments delivered simultaneously herewith or provided in this Mortgage or the Loan Agreement to be delivered to the Mortgagee during the term hereof.

     **1.11**   **"Mortgage"** shall mean this instrument as originally executed or, if hereafter amended, modified or supplemented, as so amended, modified or supplemented, as so amended, modified or supplemented.

     **1.12**   **"Mortgagee"** shall mean the Mortgagee herein named or at any given time the holder or holders of this Mortgage and the Note.

     **1.13**   **"Mortgagor"** shall mean the Mortgagor herein named, any subsequent owner or owners of the Mortgaged Premises, and its respective, executors, administrators, successors and assigns.

     **1.14**   **"Note"** shall mean the Consolidated Construction Loan Mortgage Note dated June 22, 2007, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of and substitutions for the Mortgage Note.

     **1.15**   **"Permitted Encumbrances"** shall mean, collectively, those liens, encumbrances and other matters affecting title to the Mortgaged Premises set forth in the policy of title insurance insuring this Mortgage (or commitment to issue such policy in existence as of the date of this Mortgage) and such additional items as the Mortgagee, in its discretion, may approve in writing.

     **1.16**   **"Person"** shall mean and include any individual, corporation, partnership, unincorporated association, trust, governmental, quasi-governmental or other entity.

     **1.17**   **"Premises"** shall mean the premises described in Schedule A attached hereto, including the easements, rights, privileges, tenements, hereditaments and appurtenances thereunto belonging or in anyway appertaining, and the reversion and the remainder thereof; and all of the estate, right, title, interest, claim or demand of the Mortgagor therein in and to any land lying in the bed of any street, road or avenue, open or proposed, in front of, adjoining or adjacent to the premises, to the center line thereof, either at law or in equity, in possession or expectancy, now or hereafter acquired.

     **1.18**   **"Lease"** shall mean any lease, sublease, license, concession agreement or any other form of agreement, however denominated, granting the right to use and occupy the whole of Mortgaged Premises, or any portion thereof, and all renewals, extensions, modifications, amendments and other agreements affecting the same. "Tenant" shall mean the tenant or other use or occupant of part or all of the Mortgaged Premises under any Lease.

5

.1.19  . "State" shall mean the state which is the situs of the Mortgaged Premises.

## ARTICLE TWO
### Particular Covenants of the Mortgagor

The Mortgagor covenants and agrees as follows:

### 2.1    Payment of Indebtedness.

The Mortgagor shall duly and punctually pay to the Mortgagee, as and when due and payable, the Indebtedness evidenced by the Note and secured hereby.  As used in this Section 2.1 and elsewhere in this Mortgage, the term "Indebtedness" shall mean and include the Mortgage Amount together with all interest thereon, as those terms are defined in and evidenced by the Note, any other payments due to the Mortgagee under the Note, all costs of collection provided for in the Note, and all other sums and charges at any time secured by or otherwise due under this Mortgage.

### 2.2    Warranty of Title.

The Mortgagor warrants that (a) it is the lawful owner of fee title to the Mortgaged Premises; (b) it has good, marketable and indefeasible title to the Mortgaged Premises and to the rest of the Mortgaged Premises; (c) the Mortgaged Premises are free and clear of all deeds of trust, mortgages, liens, charges and encumbrances whatsoever except for the Permitted Encumbrances; (d) it has not heretofore assigned the rents, issues and profits mentioned under Granting Clause V hereof; (e) it will maintain and preserve the lien of this Mortgage until the Indebtedness secured hereby has been paid in full; (f) it has good right and lawful authority to mortgage and assign the Mortgaged Premises as provided in and by this Mortgage; and (g) except for the Permitted Encumbrances, it will warrant and defend the same against any and all claims and demands whatsoever.

### 2.3    Due Authorization and Binding Effect.

The execution and delivery by the Mortgagor of this Mortgage, the Note and the Loan Documents and its performance thereunder have been duly authorized by all necessary legal action and will not (a) require any consent or approval of the members of the Mortgagor; (b) violate any applicable provision of any law, rule, regulation, order, writ, judgment, injunction, decree, or determination of any court or governmental body of the Operating Agreement of the Mortgagor; and the Mortgagor is not in default under any such law, rule, regulations, order, writ, judgment, injunction, decree or determination; or (c) result in a breach of, or constitute a default under, any loan or credit agreement or any other agreement, lease or instrument to which the Mortgagor is a party or by which it or its properties (including, without limitation, the Mortgaged Premises) may be bound or affected.  This Mortgage, the Loan Agreement, the Note and all other Loan Documents constitute legal and binding obligations of the Mortgagor, enforceable against the Mortgagor in accordance with their respective terms.

### 2.4    To Pay Impositions.

2.4.1    The Mortgagor will pay or cause to be paid, as and when due and payable, all Impositions levied upon the Mortgaged Premises or any part thereof and, upon the request of the Mortgagee, will deliver to the Mortgagee receipts evidencing the payment of all such taxes.  Notwithstanding the foregoing, if by law, any Imposition may at the option of the taxpayer be paid in installments (whether or not

6

interest shall accrue on the unpaid balance thereof), the Mortgagor shall have the right, provided that no Event of Default shall then exist under this Mortgage or any other of the Loan Documents, to exercise such option and to cause to be paid or to pay the same (and any accrued interest on the unpaid balance of such Imposition) in installments as they fall due and before any fine, penalty, further interest or cost may be added thereto.

2.4.2    The Mortgagor will pay all taxes and other governmental charges (including, without limitation, stamp taxes), except income taxes, franchise or similar taxes based upon or measure by income, assessed by the United States government or any political subdivision thereof and imposed on the Mortgagee, its successors or assignee, by reason of the ownership of this Mortgage or the Note or the receipt of the interest payable thereunder or payable by either the Mortgagor or the Mortgagee upon any increase in the Indebtedness secured hereby, or any modification, amendment, extension and/or consolidation hereof. The Mortgagor will also pay the whole of any tax imposed directly or indirectly on this Mortgage or the Note in lieu of a tax on the Mortgaged Premises or the Improvements and whether by reason of (a) the passage after the date of this Mortgage of any law of the State deducting from the value of real property for the purposes of taxation any lien thereon; (b) any change in the laws for the taxation of mortgages or debts secured by mortgages for state or local purposes; (c) a change in the means of collection of any such tax or otherwise; or (d) any tax, whether or not now existing, assessed against, or withheld from, interest or other payments made by the Mortgagor or assessed against the Mortgage. Within a reasonable time after payment any such tax or governmental charge, the Mortgagor will deliver to the Mortgagee satisfactory proof of payment thereof, subject, however to the right of the Mortgagor shall fail to pay such tax or charge within fifteen (15) days after notice, or if under the applicable law the Mortgagor's agreement to pay the same shall be unenforceable, the Mortgagee shall have the right to declare the entire unpaid Indebtedness secured hereby and all accrued and unpaid interest thereon due and payable on a date to be specified by not less than fifteen (15) days' written notice to the Mortgagor.

2.4.3    The Mortgagor shall have the right to contest the amount or validity, in whole or in part, of any Imposition, or to seek reduction in the valuation of the Mortgaged Premises, as assessed for real estate or personal property tax purposes by appropriate proceedings diligently conducted in good faith, but only after payment of such Imposition, unless such payment would operate as a bar to such contest or interfere materially adversely with the prosecution thereof, in which event the Mortgagor may postpone or defer payment of such Imposition; and upon request by the Mortgagor, the Mortgagee shall postpone or defer payment of such Imposition; provided, however, that for the duration of such contest, including any appeals, the Mortgagor shall, at the option of the Mortgagee, provide security, in such form and amount as shall be satisfactory in the sole judgment of the Mortgagee, assuring the discharge of the Mortgagor's obligations hereunder and of any additional charge, penalty or expense arising from or incurred as a result of such contest; and provided further, that if at any time the Mortgaged Premises or any part thereof shall, in the Mortgagees' reasonable judgment, be imminent danger of being forfeited or lost by reason of such nonpayment of Impositions then the Mortgagor, on demand, shall immediately pay or cause to be paid the same.

2.5    **To Insure.**

2.5.1    The Mortgagor shall at its own expense at all times maintain or cause to be maintained on all of the Mortgaged Premises and shall furnish the original(s) thereof to the Mortgagee, premium prepaid, or the Mortgagee may procure at the Mortgagor's expense if the same is not so furnished within fifteen (15) days of the Mortgagee's written request therefor, policies of hazard insurance including "Builder's Risk" insurance covering the Improvements and containing the provision "permission is hereby

7

granted.to complete and/or occupy." Such policy or policies shall also contain a stated value endorsement so that no co-insurance provision shall be applicable with respect to any loss. The Mortgagor shall also provide the Mortgagee with certificates evidencing the existence of insurance policies, premiums prepaid, covering comprehensive general liability, including bodily injury, property damage and contractual coverage; workmen's compensation insurance for all its employees' and employer's liability insurance. In addition, the Mortgagor shall procure and furnish evidence of such other insurance as the Mortgagee may reasonably require. For the purposes of this subsection 2.5.1 the following amounts of insurance coverage with respect to the risk set forth opposite said amounts shall be deemed to comply with the foregoing provisions unless and until varied by the Mortgagee:

| | |
|---|---|
| **WORKMEN'S COMPENSATION** | -statutory limits |
| **EMPLOYER'S LIABILITY INSURANCE** | -$4,000,000.00 minimum |
| **COMPREHENSIVE GENERAL LIABILITY** (including bodily injury, property damage and automobile liability covering the Mortgagor and the general contractor) single limit | -$2,000,000.00 |
| **FLOOD INSURANCE** | -maximum limits |

   If it is determined that the Mortgaged Premises are located in a flood zone, the Mortgagee reserves the right to require the Mortgagor to obtain necessary flood insurance coverage on the Mortgaged Premises.

  **2.5.2** Until the Indebtedness secured hereby is paid in full, the Mortgagor shall at its own expense at all times maintain or cause to be maintained on all of the Mortgaged Premises for the benefit of itself and the Mortgagee, to the extent obtainable, (a) comprehensive general liability insurance, including umbrella liability insurance, covering all claims for bodily injury, including death, and property damage occurring on, in or about the Mortgaged Premises in an amount not less than $2,000,000.00 combined single limit per person and $2,000,000.00 per occurrence for personal injury, bodily injury and property damage. The policy limits of such insurance shall be increased from time to time to reflect what a reasonably prudent owner or lessee of buildings or improvements similar in type and locality to the Mortgaged Premises would carry.

  **2.5.3** All insurance required in subsections 2.5.1 and 2.5.2 above shall be evidenced by valid and enforceable policies, in form and substance, and issued by and distributed among insurers of recognized responsibility as shall be required by the Mortgagee from time to time. Such insurers shall be authorized to do business in the State of New York and in all other respects shall be reasonably satisfactory to the Mortgagee. The originals of all such policies, or duplicate copies of certificates thereof, shall be delivered to the Mortgagee concurrently with the execution and delivery hereof. Thereafter, all renewal or replacement policies, or duplicate copies or certificates thereof, shall be so delivered to the Mortgagee not less than fifteen (15) days prior to the expiration date of the policy or policies to be renewed or replaced, in each case accompanied by evidence reasonably satisfactory to the Mortgagee. The delivery of the insurance policies shall constitute an assignment, as further security of all unearned premiums. In the event of loss, Mortgagor will give immediate notice by mail to Mortgagee and Mortgagee may make proof of loss if not made promptly by Mortgagor, and each insurance company concerned is hereby authorized and directed to

8

make payment for such loss directly to Mortgagee instead of to Mortgagor and Mortgagee jointly, and so long as this Mortgage is current and the Mortgagor is not in default hereunder the insurance proceeds or any part thereof shall be applied by Mortgagee to the restoration or repair of the property damage provided the insurance proceeds along with all funds deposited with the Mortgagee by the Mortgagor for this purpose are sufficient to cover all costs of such restoration and repair. The Mortgagee shall disburse such funds for restoration and repair according to such requirements and procedures as Mortgagee shall establish at the time. In the event of foreclosure of this Mortgage or other transfer of title to the Mortgaged Property in extinguishment of the Indebtedness secured hereby, all right, title and interest of the Mortgagor in and to any insurance policies then in force shall pass to the purchaser or Mortgagee.

      2.5.4    After default by the Mortgagor by failure to pay any insurance payment within the time required above or after any other default hereunder and if thereupon required by the Mortgagee, Mortgagor shall pay to Mortgagee on the date of each regular installment of interest as required by the Note secured hereby (or on the first day of each month if the interest payments are due other than monthly), until the Note is fully paid, an amount equal to one-thirteenth (1/13th) or such proportionate share of the yearly premium for insurance as shall enable Mortgagee to pay for the insurance premiums when due. Such added payments shall not be, nor be deemed to be, trust funds, but may be commingled with the general funds of the Mortgagee, and no interest shall be payable to Mortgagor with respect thereof. Upon demand of the Mortgagee, the Mortgagor agrees to deliver to the Mortgagee such additional monies as are necessary to make up any deficiencies in the amounts necessary to enable the Mortgagee to pay such insurance premiums when due.

## 2.6    To Comply with Laws.

      2.6.1    The Mortgagor, at its own expense, will promptly cure all violations of law affecting the Mortgaged Premises and the use and operation thereof and will comply, or cause to be complied with, all present and future Legal Requirements. Notwithstanding the foregoing, the Mortgagor shall have the right, after prior notice to the Mortgagee, to contest by appropriate legal proceedings, diligently conducted in good faith, the validity or application of any Legal Requirement if and so long as the Mortgagor shall promptly furnish to the Mortgagee a certificate to such effect showing the steps taken to comply with such provisions, provided that:

      a.    If by the terms of any such Legal Requirement, compliance therewith pending the prosecution of any such proceeding may legally be delayed without incurring any lien, charge or liability of any kind against the Mortgaged Premises or any part thereof, and without subjecting the Mortgagor or the Mortgagee to any liability, civil or criminal, for failure so to comply therewith, the Mortgagor may delay compliance therewith until the final determination of any such proceeding; and

      b.    If any lien, charge or civil liability would be incurred by reason of any such delay, the Mortgagor nevertheless may contest as aforesaid and delay as aforesaid, provided that such delay would not subject the Mortgagee to any liability and the Mortgagor (i) furnishes to the Mortgagee security reasonably satisfactory to the Mortgagee against loss or injury by reason of such contest or delay and (ii) prosecutes the contest with due diligence.

      2.6.2    Notwithstanding the provisions of subsection 2.6.1, if any delay in compliance with any Legal Requirement shall, in the reasonable judgment of the Mortgagee, place all or any part of the Mortgaged Premises in imminent danger of being forfeited or lost, the Mortgagor shall, upon notice from the Mortgagee, immediately comply with such Legal Requirement.

**2.6.3**    The Mortgagor will use and permit the use of the Mortgaged Premises only in strict accordance with any applicable licenses and permits issued by governmental authorities.

**2.6.4**    The Mortgagor will procure, pay for and maintain all permits, licenses and other authorizations required to be procured and/or maintained by the owners and/or operators of the Mortgaged Premises for any use of the Mortgaged Premises, or any part thereof, then being made and for the lawful and proper operation and maintenance thereof.

**2.7**    <u>Limitation on Disposition of the Mortgaged Premises.</u>

**2.7.1**    The Mortgagor will not, directly or indirectly, sell, assign, mortgage, pledge, hypothecate, transfer or otherwise dispose of any interest in the Mortgaged Premises or of any equity interest in the Mortgagor (either beneficially or of record) without the prior written consent of the Mortgagee, and any such sale, encumbrance or other disposition without the Mortgagee's prior written consent shall be an Event of Default hereunder.

**2.8**    <u>To Maintain Priority of Lien.</u>

This Mortgage is and will be maintained as a valid first mortgage lien on the Mortgaged Premises and the Mortgagor will not, directly or indirectly, create or suffer or permit to be created, or to stand against the Mortgaged Premises or any portion thereof, or against the rents, issues and profits therefrom, any further or other liens. The Mortgagor will keep and maintain the Mortgaged Premises, and every part thereof, free from all liens of persons supplying labor and materials in connection with the construction, alteration, repair improvement or replacement of the Improvements. If any such liens shall be filed against the Mortgaged Premises, or any part thereof, the Mortgagor agrees to discharge the same of record, by bonding or otherwise, within ninety (90) days after the Mortgagor becomes aware of the filing thereof. The Mortgagor shall exhibit to the Mortgagee, upon request, all receipt or other satisfactory evidence of the payment of taxes, assessments, charges, claims, liens or any other item which may cause any such lien to be filed against the Mortgaged Premises.

**2.9**    <u>Maintenance of Mortgaged Premises; Covenant Against Waste; Inspection by the Mortgagee.</u>

The Mortgagor will not commit or permit waste on the Mortgaged Premises and, upon completion of the Improvements, will keep and maintain at its own expense the Improvements, in a first-class condition and state of repair so that each of the same shall meet or surpass the highest standards in the general area set by buildings of similar type, age and function for attractiveness of appearance, cleanliness and general soundness of condition. The Mortgagor shall do all such further maintenance and repair work as may be required under any Lease. The Mortgagor will neither do nor permit to be done anything to the Mortgaged Premises that may impair the value thereof or which may violate any covenant, condition or restriction affecting same, or any part thereof, or permit any change therein or in the condition or use thereof which will increase the danger of fire or other hazard arising out of the construction or operation thereof. The Improvements shall not be removed, demolished or substantially altered, nor shall any equipment or furnishings be removed without the prior written consent of the Mortgagee, except where appropriate replacements free of superior title, liens or claims are immediately made of value at least equal to the value of the items removed. The Mortgagee, its authorized employees and/or its agents may enter and inspect the Mortgaged Premises on reasonable notice at any time during usual business hours, and the Mortgagor shall, within fifteen (15) days after demand by the Mortgagee (or immediately upon demand in case of emergency),

10

make such repairs, replacements, renewals or additions, or perform such items of maintenance, to the Mortgaged Premises as the Mortgagee may reasonably require in order to cause the Mortgaged Premises to comply with the above standards.

### 2.10    Restrictive Covenant

Without the prior written consent of the Mortgagee, the Mortgagor shall not incur or assume any further Indebtedness or obligation which in the sole judgment of the Mortgagee would impair or hinder the ability of the Mortgagor to timely perform its obligations under the Loan Documents.

### 2.11    To Keep Books and Furnish Financial Statements.

**2.11.1**    The Mortgagor covenants to keep adequate records and books of account in which complete entries will be made in accordance with generally accepted accounting principles consistently applied reflecting all financial transactions of the Mortgagor with respect to the Mortgaged Premises. The Mortgagor further covenants that it will, at any reasonable time and from time to time, permit the Mortgagee or any agents or representatives thereof to examine and make copies of and abstracts from such books and records of account and visit the Mortgaged Premises.

**2.11.2**    The Mortgagor covenants that it will, at its own expense, deliver to the Mortgagee, within fifteen (15) days after request, a written statement executed by the Mortgagor, in recordable form, setting forth the amount then due under this Mortgage and whether any offsets or defenses exist against the Indebtedness secured hereby; and, if any such offsets or defenses are alleged to exist, then the nature of such offsets or defenses.

### 2.12    After-Acquired Property.

All right, title and interest of the Mortgagor in and to all improvements, betterments, renewals, substitutes and placements of, and all additions, accessions and appurtenances to, the Mortgaged Premises hereafter acquired, constructed, assembled or placed by the Mortgagor on the Premises, and all conversions of the security constituted thereby, immediately upon such acquisition, construction, assembly, placement or conversion, as the case may be, and in each such case without any further mortgage, conveyance or assignment or other act of the Mortgagor, shall become subject to the lien of this Mortgage as fully and completely, and with the same effect, as though now owned by the Mortgagor and specifically described in the Granting Clauses hereof, but at any time and all times the Mortgagor, on demand, will execute, acknowledge and deliver to the Mortgagee any and all such further assurances, mortgages, conveyances or assignments thereof as the Mortgagee may reasonably require for the purpose of expressly and specifically subjecting the same to the lien of this Mortgage.

### 2.13    Further Assurances.

The Mortgagor shall, at its sole cost and without expense to the Mortgagee, on reasonable demand, execute, acknowledge and deliver all and every such further acts, deeds, conveyances, mortgages, assignments, notices of assignment, transfers and assurances as the Mortgagee shall from time to time reasonably require for better assuring, conveying, assigning, transferring and confirming unto the Mortgagee

11

the property and rights hereby mortgaged or assigned or intended now or hereafter so to be, or which the Mortgagor may be or may hereafter become bound to convey, mortgage or assign to the Mortgagee, or for carrying out the intention or facilitating the performance of the terms of this Mortgage, or for filing, registering or recording of this Mortgage.

### 2.14    Recorded Instruments.

The Mortgagor will promptly perform and observe, or cause to be performed and observed, all of the terms, covenants and conditions of all instruments of record affecting the Mortgaged Premises (other than non-contractual encumbrances hereafter affecting the Mortgaged Premises the validity or enforceability of which the Mortgagor is contesting in accordance with this Mortgage) where non-compliance therewith affects the security of this Mortgage or imposes any duty or obligation upon the Mortgagor or any Tenant under a Lease of the Mortgaged Premises. The Mortgagor shall do or cause to be done all things reasonably required to preserve intact and unimpaired and to renew any and all rights-of-way, easements, grants, appurtenances, privileges, licenses, franchises and other interests and rights in favor of or constituting any portion of the Mortgaged Premises. The Mortgagor shall, however, comply with all lawful restrictive covenants and zoning ordinances and other public or private restrictions affecting the Mortgaged Premises.

## ARTICLE THREE
### Condemnation

### 3.1    Notice of Taking.

The Mortgagor shall promptly notify the Mortgagee of notice to it or the institution of any proceeding or negotiations for the taking of the Mortgaged Premises, or any part thereof, whether for permanent or temporary use and occupancy in condemnation or by the exercise of the power of eminent domain or by agreement of interested parties in lieu of such condemnation (all the foregoing herein called a "taking"); shall keep the Mortgagee currently advised, in detail, as to the status of such proceedings or negotiations and will promptly give to the Mortgagee copies of all notices, pleadings, judgments, determinations and other papers received or delivered by the Mortgagor therein. The Mortgagee shall have the right to appear and participate therein and may be represented by counsel of its choice. The Mortgagor will not, without the Mortgagee's consent, enter into any agreement for the taking of the Mortgaged Premises, or any part thereof, with anyone authorized to acquire the same by eminent domain or in condemnation.

### 3.2    Assignment and Application of Condemnation Award.

In the event of any such taking, the award or other compensation (herein the "Award") is hereby assigned and shall be paid to the Mortgagee, which shall be under no obligation to question the amount thereof and may accept the same in the amount in which it shall be paid. If less than a substantial part of the Mortgaged Premises shall be so taken, the proceeds of any Award so received by the Mortgagee shall, at the option of the Mortgagee, be applied (a) toward the payment of the accrued and unpaid interest and the Principal Sum under the Note and to the payment of any other sums and charges secured hereby, or (b) to the restoration of the remaining portion of the Mortgaged Premises. The proceeds of the award shall mean the Award after payment of all reasonable costs, expenses and attorney's fees incurred by Mortgagee in connection with the Condemnation. If the Mortgagee elects to apply the proceeds of the Award to such restoration, the Mortgagor shall promptly, whether or not the Award shall be sufficient for the purpose, commence and diligently continue to restore such remaining portion as nearly as possible to a complete and

12

economically viable whole of the same character and condition as existed immediately prior to such taking, in which event the Mortgagee shall release the proceeds of the Award in progress payments in accordance with the terms and conditions for advances contained in the Construction Loan Agreement. If a substantial part of the Mortgaged Premises shall be so taken with the result that, in the Mortgagee's sole judgment, the remaining portion cannot be restored to an economically viable whole, the proceeds of the Award shall be applied in accordance with clause (a) above and the whole of the balance of the Principal Sum shall, at the option of the Mortgagee, become immediately due and payable. Any proceeds of the Award remaining after application thereof by the Mortgagee in accordance with this Section 3.2 shall be paid to the Mortgagor.

## ARTICLE FOUR
### Hazardous Substances

### 4.1    Definition.

The terms "hazardous waste," "hazardous substance," "disposal," "release," and "threatened release," as used in this Mortgage, shall have the same meanings as set forth in the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, et seq., or other applicable state or Federal laws, rules, or regulations adopted pursuant to any of the foregoing. The terms "hazardous waste" and "hazardous substance" shall also include, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos.

### 4.2    Representations and Warranties.

To the best of its knowledge, Mortgagor represents and warrants to Mortgagee that: (a) during the period of Mortgagor's ownership of the Mortgaged Premises, there has been no use, generation, manufacture, storage, treatment, disposal, release or threatened release of any hazardous waste or substance by any person on, under, about or from the Mortgaged Premises; (b) Mortgagor has no actual knowledge of, or reason to believe that there has been, except as previously disclosed to and acknowledged by Mortgagee in writing, (i) any use, generation, manufacture, storage, treatment, disposal, release, or threatened release of any hazardous waste or substance on, under, about or from the Mortgaged Premises by any prior owners or occupants of the Mortgaged Premises or (ii) any actual or threatened litigation or claims of any kind by any person relating to such matters; and (c) except as previously disclosed to and acknowledged by Mortgagee in writing, (i) neither Mortgagor nor any tenant, contractor, agent or other authorized user of the Mortgaged Premises shall use, generate, manufacture, store, treat, dispose of, or release any hazardous waste or substance on, under, about or from the Mortgaged Premises and (ii) any such activity shall be conducted in compliance with all applicable federal, state, and local laws, regulations and ordinances, including without limitation those laws, regulations, and ordinances described above. Based upon reasonable suspicion of a problem after reasonable prior notice, Mortgagor authorizes Mortgagee and its agents to enter upon the Mortgaged Premises to make such inspections and tests, at Mortgagor's expense, as Mortgagee may deem reasonably appropriate to determine compliance of the Property with this section of the Mortgage. Any inspections or tests made by Mortgagee shall be for Mortgagee's purposes only and shall not be construed to create any responsibility or liability on the part of Mortgagee to Mortgagor or to any other person. The representations and warranties contained herein are based on Mortgagor's due diligence in investigating the Mortgaged Premises for hazardous waste and hazardous substances. Mortgagor hereby (a) releases and waives any future claims against Mortgagee for indemnity or contribution in the event Mortgagor becomes

liable for cleanup or other costs under any such laws, and (b) agrees to indemnify and hold harmless Mortgagee against any and all claims, losses, liabilities, damages, penalties, and reasonable expenses which Mortgagee may directly or indirectly sustain or suffer resulting from a breach of this section of the Mortgage or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release occurring prior to Mortgagor's ownership or interest in the Mortgaged Premises, whether or not the same was or should have been known to Mortgagor. The provisions of this section of the Mortgage, including the obligation to indemnify, shall survive the payment of the Indebtedness and the satisfaction and reconveyance of the lien of this Mortgage and shall not be affected by Mortgagee's acquisition of any interest in the Mortgaged Premises, whether by foreclosure or otherwise.

### 4.3 Indemnity

Mortgagor agrees to defend, indemnify and hold harmless Mortgagee, its directors, officers, employees, agents, successors and assigns, except if caused by the gross negligence or wilful misconduct of the Mortgagee, from and against any and all claims, demands, judgments, damages, actions, causes of action, injuries, administrative orders, consent agreement and orders, liabilities, penalties, costs and expenses of any kind whatsoever, including claims arising out of loss of life, injury to persons, property, or business or damage to natural resources in connection with the activities of Mortgagor, its predecessors in interest, third parties who have trespassed on the Mortgaged Premises, or parties in a contractual relationship with Mortgagor, or any of them, which:

        a.     Arises out of the actual, alleged or threatened discharge, dispersal, release, storage, treatment, generation, disposal or escape of pollutants or other toxic or hazardous substances, including any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste (including materials to be recycled, reconditioned or reclaimed); or

        b.     Actually or allegedly arises out of the use, specification, or inclusion of any product, material or process containing chemicals, the failure to detect the existence or proportion of chemicals in the soil, air, surface water or groundwater, or the performance or failure to perform the abatement of any pollution source or the replacement or removal of any soil, water, surface water, or groundwater containing chemicals.

### ARTICLE FIVE
### Assignment of Lease, Rents, Issues and Profits as Further Security, Etc.

### 5.1 Assignment of Lease, Rents, Issues and Profits.

As further security for payment of the Indebtedness secured hereby, the Mortgagor hereby absolutely, presently and irrevocably transfers, assigns and sets over unto the Mortgagee all Leases, if any, now or hereafter entered into by Mortgagor with respect to all or any part of the Mortgaged Premises, and all renewals, extensions, subleases or assignments thereof, and all other occupancy agreements (written or oral), by concession, license or otherwise, together with all of the rents, income, receipts, revenues, issues and profits the Mortgagee, (a) cancel, abridge or otherwise modify any Lease in existence as of the date of this Mortgage so as to reduce any of the obligations of the Tenant thereunder; or (b) accept prepayments for more than one month in advance of installments of rent to become due under any such Lease. The Mortgagor covenants, promptly after the date hereof, to send notice to all Tenants under existing Lease of the existence of this Mortgage, together with a copy of the text of this subsection 5.1. The provisions of this subsection

5.1 shall apply as well to any Lease hereafter entered into by the Mortgagor. Any cancellation, abridgment, modification or prepayment made by any Tenant under a Lease after the written notice provided for herein without the consent of the Mortgagee shall be voidable by the holder of the Note and this Mortgage, as such holder may elect.

Mortgagor shall not, without prior consent of Mortgagee obtained in each instance, which consent shall not be unreasonably withheld or delayed, cancel, abridge, or otherwise modify tenancies, sub-tenancies, leases or subleases of the mortgaged real property nor accept prepayments of installments or rent to become due with respect to any lease having an unexpired term of five (5) years or more.

### 5.2    Entry Upon Default.

5.2.1    So long as no Event of Default shall have occurred and be continuing, the Mortgagor shall have the right to collect (but not more than one month in advance) all of the rents, gross receipts and other payments, if any, arising from the Leases and from the Mortgaged Premises generally and to use and enjoy the same in the manner provided herein.

5.2.2    If an Event of Default shall have occurred and be continuing and the Mortgagee shall have entered upon the Mortgaged Premises as provided in subsection 7.2.2 hereof, in addition to its rights and remedies set forth in such subsection, the Mortgagee may, as attorney-in-fact of the Mortgagor, make, enforce or modify any of the Leases (provided no such modifications shall increase the obligations or exposure of the Mortgagor thereunder); obtain Tenants for and evict Tenants from the Mortgaged Premises; demand, fix and modify the rents, gross receipts and other charges and profits from the Mortgaged Premises; institute all legal proceedings (including summary proceedings) for collection of all rents and other charges; obtain possession of the Mortgaged Premises of any part thereof, or enforce any other rights theretofore exercisable by the Mortgagor; do any and all other acts which the Mortgagee, in its sole and absolute discretion, deems proper to protect the security hereof; and, with our without taking possession of the Mortgaged Premises, in the Mortgagor's own name, sue for or otherwise collect and receive all rents, gross receipts and other charges, including those past due and unpaid, and apply the same, less the costs and expenses of operation and collection (including reasonable attorneys' fees), to the Indebtedness secured hereby, whether then matured or not, until the same shall have been paid in full; provided, however, that any balance remaining after the Indebtedness secured hereby shall have been paid in full shall be turned over to the Mortgagor or such other person as may lawfully be entitled thereto. Neither the entry upon and taking possession of the Mortgaged Premises, nor the collection and application of the rents, gross receipts or other charges thereof as aforesaid, nor any other action taken by the Mortgagee in connection therewith, shall cure or waive any default hereunder or waive or modify any notice thereof or notice of acceleration of the Loan Amount of the Note theretofore given by the Mortgagee.

5.2.3    A notice in writing by the Mortgagee to the Tenants under the Leases advising them that the Mortgagor has defaulted hereunder and requesting that all future payments or rent, additional rent or other charges under the Leases be made to the Mortgagee (or its agent) shall be construed as conclusive authority to such Tenants that such payments are to be made to the Mortgagee (or its agent). Such Tenants shall be fully protected in making such payments to the Mortgagee (or its agent); and the Mortgagor hereby irrevocably constitutes and appoints the Mortgagee the attorney-in-fact and agent of the Mortgagor, coupled with an interest, for the purpose of endorsing the consent of the Mortgagor on any such notice.

15

## ARTICLE SIX
### Security Agreement Under Uniform Commercial Code

It is the intent of the parties hereto that this Mortgage shall constitute a Security Agreement within the meaning of the Uniform Commercial Code of the State (the "Code") with respect to so much of the building service equipment and furnishings as are considered or as shall be determined to be personal property or "fixtures" (as defined in the Code), together with all replacements thereof, substitutions therefor or additions thereto (said property being sometimes hereinafter referred to as the "Collateral"), and that a security interest shall attach thereto for the benefit of the Mortgagee to secure the Indebtedness evidenced by the Note and secured by this Mortgage and all other sums and charges which may become due hereunder or thereunder. The Mortgagor hereby authorizes the Mortgagee to file financing and continuation statements with respect to the Collateral if same is lawful. If there shall exist an Event of Default under this Mortgage, the Mortgagee, pursuant to the appropriate provisions of the Code, shall have the option of proceeding as to both real and personal property in accordance with its rights and remedies in respect of the real property, in which event the default provisions of the Code shall not apply. The parties agree that, in the event the Mortgagee shall elect to proceed with respect to the Collateral separately from the real property, unless a greater period shall then be mandated by the Code, five (5) days' notice of the sale of the Collateral shall be reasonable notice. The reasonable expenses of retaking, holding, preparing for sale, selling and the like incurred by the Mortgagee shall be assessed against the Mortgagor and shall include, but not be limited to, attorneys' fees and other legal expenses incurred by the Mortgagee. The Mortgagor agrees that it will not remove or permit to be removed from the Mortgaged Premises any of the Collateral without the prior written consent of the Mortgagee except as hereinabove provided. All replacements, renewals and additions to the Collateral shall be and become immediately subject to the security interest of this Mortgage and the provisions of this Article 6. The Mortgagor warrants and represents that all Collateral now is, and that all replacements thereof, substitutions therefor or additions thereto, unless the Mortgagee otherwise consents, will be free and clear of liens, encumbrances or security interests of others created after the date hereof.

## ARTICLE SEVEN
### Events of Default and Remedies

7.1    **"Events of Default" Defined.** The Loan shall become immediately due and payable in full at the option of the Mortgagee upon the occurrence of any one or more of the following events (each an Event of Default):

7.1.1.    a default in the payment of any interest, principal or other amounts due hereunder and under the Note and such default continuing for a period of ten (10) days after written notice from Mortgagee;

7.1.2.    if for more than fifteen (15) days after written notice from Mortgagee, Mortgagor shall continue to be in default under any other term, covenant or condition contained in this Mortgage, the Note or any other Loan Document;

7.1.3.    if Mortgagor or any Guarantor has made or makes to the Mortgagee any representation or warranty that proves to have been incorrect or misleading in any material respect when made;

16

**7.1.4.** if Mortgagor or any Guarantor challenges, or institutes any proceeding, or any proceeding is instituted to challenge the validity, binding effect or enforceability of the Note or Mortgage or any guaranty or endorsement of the Note or any other obligation to the Mortgagee;

**7.1.5.** if a receiver, liquidator or trustee of Mortgagor or any Guarantor shall be appointed or if Mortgagor or any Guarantor shall be adjudicated a bankrupt or insolvent, or if any petition for bankruptcy, reorganization or arrangement pursuant to federal bankruptcy law, or any similar federal or state law, shall be filed by or against or consented to by Mortgagor or any Guarantor or if any proceeding for the dissolution or liquidation of Mortgagor or any Guarantor shall be instituted; however, if such appointment, adjudication, petition or proceeding was involuntary and not consented to by Mortgagor or such Guarantor, upon the same not being discharged, stayed or dismissed within sixty (60) days;

**7.1.6.** if Mortgagor or any Guarantor shall make an assignment for the benefit of creditors or if Mortgagor shall generally not be paying its debts as they become due;

**7.1.7.** Mortgagor suffers entry of judgment in excess of $25,000.00, issuance of a warrant of attachment, the filing or issuance of a notice of lien or warrant of attachment, the filing or issuance of a notice of lien or notice of levy for taxes, unless satisfied, discharged, released, bonded or otherwise nullified, paid, vacated or cured of record within sixty (60) days;

**7.1.8.** Mortgagor or any Guarantor fails to furnish to the Mortgagee current and complete financial information after the Mortgagee makes reasonable demand therefor;

**7.1.9** if the Mortgagor is dissolved;

**7.1.10** if any Guarantor dies or becomes incompetent and if, upon review, the Mortgagee determines that the death and/or incapacity jeopardizes its security; or

**7.1.11.** if any representation or warranty of Mortgagor, or of any person guaranteeing payment of the Debt or any portion thereof or performance by Mortgagor of any terms of the Mortgage made herein or in any such guaranty, or in any certificate, report, financial statement or other instrument or document furnished to Mortgagee shall have been false or misleading in any material respect when made.

Upon the occurrence of any Event of Default, (a) Mortgagor will pay, from the date of that Event of Default, interest on the unpaid principal balance of the Note at the Default Rate stated in the Note (the "Default Rate") and (b) Mortgagee shall have the right to exercise any and all rights and remedies available at law or in equity.

**7.2**    **Remedies.**

During the continuance of any Event of Default, the Mortgagee, at its option, may:

**7.2.1** by notice to the Mortgagor, declare the entire Loan Amount of the Note then outstanding and all accrued and unpaid interest thereon to be immediately due and payable, and upon such declaration the outstanding Loan Amount of the Note and said accrued and unpaid interest shall become and be immediately due and payable, anything in the Note or in this Mortgage to the contrary notwithstanding.

17

**7.2.2**    after such proceedings as may be required by any applicable law or ordinance, either in person, or by its agents or attorneys, or by a court-appointed receiver, enter into and upon all or any part of the Mortgaged Premises and each and every part thereof and exclude the Mortgagor, its agents and servants wholly therefrom; and having and holding the same, use, operate, manage and control the Mortgaged Premises and conduct the business thereof, either personally or by its superintendents, managers, agents, servants, attorneys or the receiver; and upon every such entry, the Mortgagee, at the expense of the Mortgaged Premises, from time to time, either by purchaser, repairs or construction, may maintain and restore the Mortgaged Premises and, likewise may make all necessary or proper repairs, renewals and replacements and such alterations, betterments, additions and improvement thereto as to it may seem advisable; and in every such case the Mortgagee shall have the right to manage and operate the Mortgaged Premises and to carry on the business thereof and exercise all rights and powers of the Mortgagor as the Mortgagor's attorney-in-fact, or otherwise as it shall deem best; and the Mortgagee shall be entitled to collect and receive all earnings, revenues, rents, issues, profits and income of the Mortgaged Premises and after deducting the expenses of conducting the business thereof and all maintenance, repairs, renewals, replacements, alterations, additions, betterments and improvements and amounts necessary to pay for taxes, assessments, insurance and prior or other proper charges upon the Mortgaged Premises or any part thereof, as well as just and reasonable compensation for the services of the Mortgagee and for all attorneys, counsel, agents, clerks, servants and other employees engaged or employed by it, the Mortgagee shall apply the moneys arising as aforesaid, first to the payment of the Indebtedness secured hereby, whether or not then matured; next, to the payment of any other sums required to be paid by the Mortgagor under this Mortgage; and the balance, if any, shall be turned over to the Mortgagor or such other Person as may be lawfully entitled thereto.

**7.2.3**    with or without entry, personally or by its agents or attorneys insofar as applicable:

a.    foreclose this Mortgage in accordance with the laws of the State of New York and the provisions hereof, for the entire Indebtedness hereby or for any portion of such Indebtedness or any other sums secured hereby which are then due and payable, subject to the continuing lien of this Mortgage for the balance of the Indebtedness not then due; or

b.    take such steps to protect and enforce its rights whether by action, suit or proceeding in equity or at law for the specific performance of any covenant, condition or agreement in the Note or in this Mortgage, or in aid of the execution of any power herein granted, or for any foreclosure hereunder, or for the enforcement of any other appropriate legal or equitable remedy or otherwise as the Mortgagee shall elect.

**7.3**    **Foreclosure; no Marshaling of Assets; Appointment of Receiver.**

**7.3.1**    In the case of a foreclosure sale, all of the Mortgaged Premises may at Mortgagee's option be sold in one parcel notwithstanding that the proceeds of such sale exceed or may exceed the Indebtedness secured hereby.  Moreover, the Mortgagee shall not be required to proceed hereunder before the proceeding against any other security, shall not be required to proceed against other security before proceeding hereunder, and shall not be precluded from proceeding against any or all of any security in any order or at the same time.

18

7.3.2    The Mortgagee, in any action to foreclosure this Mortgage, shall be entitled (and, to the extent permitted under the laws of the State of New York, without notice, without regard to the adequacy of any security for the debt and without regard to the solvency of any Person, partnership or entity liable for the payment thereof) to the appointment of a receiver of the rents, issues, benefits, and profits of the Mortgaged Premises.

7.3.3    The Mortgagor agrees, to the full extent that it may lawfully do so, that in any foreclosure or other action brought by the Mortgagee hereunder, it will not at any time insist upon or plead or in any way take advantage of any appraisement, valuation, stay, marshaling of assets, extension, redemption or moratorium law now or hereafter in force and effect so as to prevent, hinder or delay the enforcement of the provisions of this Mortgage or any right or remedies the Mortgagee may have hereunder of by law.

7.3.4    If the Mortgagor shall default hereunder and the Mortgagee shall elect to accelerate the Indebtedness secured hereby, the Mortgagor, within five (5) days after demand, will pay over to the Mortgagee, or any receiver appointed in connection with the foreclosure of this Mortgage, any and all amounts then held as security deposits under all Leases; provided, however, that the Mortgagee or such receiver shall thereupon indemnify the Mortgagor against all claims of tenants for the deposits so paid over.

7.3.5    Upon the happening of any acceleration event under the Note or Event of Default hereunder, and in addition to all other rights of the Mortgagee provided herein or by law, the Mortgagor shall, on demand, surrender possession of the Mortgaged Premises to the Mortgagee; and the Mortgagor hereby consents that the Mortgagee may exercise any or all of the rights specified in subsection 7.2.2 above. The Mortgagor hereby irrevocably appoints the Mortgagee attorney-in-fact, coupled with an interest, of the Mortgagor for such purposes. In the event that the Mortgagor is an occupant of the Mortgaged Premises, it agrees to surrender the possession of that part of the Mortgaged Premises which it occupies to the Mortgagee immediately upon any acceleration event or Event of Default hereunder; and if the Mortgagor remains in possession, such possession shall be as tenant of the Mortgagee, and the Mortgagor agrees to pay monthly in advance to the Mortgagee such rent for the premises so occupied as the Mortgagee may demand, and in default of so doing, the Mortgagor may also be dispossessed by summary proceedings or otherwise. In case of the appointment of a receiver of the rents and profits of the Mortgaged Premises, the covenants of this subsection 7.3.5 may be enforced by such receiver.

### 7.4    Legal Expenses of Mortgagee and Advances Paid.

7.4.1    The Mortgagor will pay to the Mortgagee, on demand, all reasonable costs, charges and expenses (including, without limitation, reasonable attorneys' fees) incurred or paid at any time by the Mortgagee because of the failure of the Mortgagor to perform, comply with or abide by any of the stipulations, agreements, conditions or covenants contained herein or in the Note or Loan Agreement secured hereby, together with interest on each such payment made by the Mortgagee at the Default Rate from the date each such payment is made.

7.4.2    If any action or proceeding be commenced in which the Mortgagee is made a party, or in which it becomes necessary to defend or uphold the lien of this Mortgage, all sums paid by the Mortgagee for the expense of any litigation to prosecute or defend the title, rights and lien created by this Mortgage (including, without limitation, reasonable attorneys' fees) shall be paid by the Mortgagor, together with interest thereon at the Default Rate from the date each such payment is made, and all such sums and the interest thereon shall be a lien on the Mortgaged Premises, prior to any right, title or interest in or claim upon

19

the Mortgaged.Premises attaching or accruing subsequent to the lien of this Mortgage, and shall be deemed to be secured by this.Mortgage. In any action or proceeding to foreclose this Mortgage, or to recover or collect the debt secured hereby, the provisions of law respecting the recovery of costs, disbursements and allowances, if inconsistent with the foregoing, shall prevail unaffected by this covenant.

7.4.3    If it becomes necessary for Mortgagee to advance funds to protect the lien of this Mortgage, all sums paid by the Mortgagee (including, but not limited to real estate taxes, municipal assessments, insurance premiums, repairs to the premises, reasonable attorneys' fees) shall be paid by the Mortgagor together with interest thereon at the Default Rate (regardless of whether the Mortgagee declares a default). Mortgagee reserves the right to declare Mortgagor's failure from the date each such payment is made, and all such sums and the interest thereon shall be a lien on the Mortgaged Premises, prior to any right, title or interest in or claim upon the Mortgaged Premises attaching or accruing subsequent to the lien of this Mortgage, and shall be deemed to be secured by the Mortgage and the Notes and shall be deemed to be secured by this Mortgage.

### 7.5    Remedies Cumulative; No Waiver; Etc.

7.5.1    No remedy conferred upon or reserved to the Mortgagee is intended to be exclusive of any other remedy or remedies, and each and every such remedy shall be cumulative, and shall be in addition to every other remedy given hereunder or now or hereafter existing at law or in equity or by statute. No delay or omission of the Mortgagee to exercise any right or power accruing upon any Event of Default shall impair any such right or power or shall be construed to be a waiver of any such Event of Default or any acquiescence therein; and every power and remedy given by this Mortgage to the Mortgagee may be exercised from time to time as often as may be deemed expedient by the Mortgagee. Nothing in this Mortgage or in the Note shall affect the obligation of the Mortgagor to pay the principal of, and interest on, the Note in the manner and at the time and place therein respectively expressed.

7.5.2    A waiver in one or more instances of any of the terms, covenants, conditions or provisions hereof or of the Notes shall apply to the particular instance or instances and at the particular time or times only, and no such waiver shall be deemed a continuing waiver, but all of the terms, covenants, conditions and other provisions of this Mortgage and of the Note survive and continue to remain in full force and effect; and no waiver shall be effective unless in writing, dated and signed by the Mortgagee.

7.5.3    The Mortgagor hereby waives and renounces all homestead and similar exemption rights with respect to the Mortgaged Premises provided for by the Constitution and laws of the United States and/or the State of New York as against the collection of the Note, or any part thereof; and the Mortgagor agrees that where, by the terms of this Mortgage or the Note secured hereby, a day is named or a time fixed for the payment of any sum of money or the performance of any agreement, the day and time stated enters into the consideration and is of the essence of the whole agreement between the Mortgagor and the Mortgagee.

### 7.6    No Merger.

It is the intention of the parties hereto that if the Mortgagee shall at any time hereafter acquire title to all or any portion of the Mortgaged Premises, then, and until the Indebtedness secured hereby has been paid in full, the interest of the Mortgagee hereunder and the lien of this Mortgage shall not merge or become merged in or with the estate and interest of the Mortgagee as the holder and owner of title to all or any portion of the Mortgaged Premises and that, until such payment, the estate of the Mortgagee in the

20

Mortgaged Premises and the lien of this Mortgage and the interest of the Mortgagee hereunder shall continue in full force and effect to the same extent as if the Mortgagee had not acquired title to all or any portion of the Mortgaged Premises. Furthermore, if the estate of the Mortgagor shall be a leasehold, unless the Mortgagee shall otherwise consent, the fee title of the Premises and the Lease shall not merge but shall always be kept separate and distinct, notwithstanding the union of said estates either in the lessor or in the fee owner, or in a third party, by purchase or otherwise. If, however, the Mortgagee shall be requested to and/or shall consent to such merger or such merger shall attach to and cover and be a lien upon the fee title or any other estate, title or interest in the Premises demised under the Lease acquired by the fee owner and the same shall be considered as granted, released, assigned, transferred, pledged, and set over to the Mortgagee and the lien hereof spread to cover such estate with the same force and effect as though specifically herein granted, released, assigned, transferred, pledged, set over and spread.

## ARTICLE EIGHT
### Miscellaneous

**8.1**    **Due on Sale and/or Transfer.**

The Mortgage shall become due and payable, at the option of the Mortgagee, if the Mortgagor shall convey away the Mortgaged Premises or if the title to the Mortgaged Premises shall become vested in any other person, corporation or entity in any manner whatsoever, including, but not limited to, operation of law.

The Mortgagor shall not mortgage or encumber the Premises or any interest therein, without the prior written consent of the Mortgagee. The parties agree that the economic terms of this transaction have been negotiated in the expectation that the Mortgagee will have the opportunity, upon such a conveyance or encumbrance, to require the Indebtedness to be paid, or to require, as a condition to its consent to such a conveyance or encumbrance, that the interest rate under the Note be changed, or that a fee be paid to the Mortgagee, or that there be other changes in the Loan Documents. The preceding sentence shall not, however, require the Mortgagee to grant such consent.

The granting of an easement by Mortgagor burdening the Mortgaged Premises shall constitute a conveyance of the Premises for purposes of this Paragraph, and shall require the Mortgagee's prior written consent. However, the Mortgagee's consent to utility easements serving the Mortgaged Premises and no other premises shall not be unreasonably withheld.

**8.2**    **Compliance with New York Lien Law.**

The Mortgagor will receive the advances secured hereby and will hold the right to receive such advances as a trust fund to be applied first for the purpose of paying the cost of any improvement and will apply the same first to the payment of the cost of such improvement before using any part of the total of the same for any other purpose. The Mortgagor will strictly comply with Section 13 of the New York Lien Law.

**8.3**    **Statement Required by Section 274-a of New York Real Property Law.**

Within fifteen (15) days following written request by the Mortgagor made in accordance with Section 274-a of the New York Real Property Law, the Mortgagee shall execute and deliver the statement provided for in such section.

21

**.8.4** . **Proof of Payment of Taxes.**

Prior to any disbursements of Loan proceeds, all outstanding unpaid taxes and assessments are to be paid. If applicable, real estate taxes shall be paid directly by the Mortgagor. If Mortgagor fails to provide the Mortgagee with proof of its payment of taxes by within ninety (90) days of the date such taxes are due, then Mortgagee may establish and maintain a reserve fund for real estate taxes. This fund includes monthly payments of 1/13th of the annual payment for real estate taxes will enable Mortgagee to pay taxes at least one (1) month before they become due. In this event, monthly payments will be applied in the following order: escrow, late charges, if any, interest and principal.

## ARTICLE NINE
### Provisions of General Application

**9.1    Modifications.**

No change, amendment, modification, cancellation or discharge hereof, shall be valid unless in writing, dated and signed by the party against whom such change, amendment, modification, cancellation or discharge is sought to be enforced.

**9.2    Notices.**

All notices, demands, requests, consents, approvals or other communications (hereinafter collectively called "Notices") given or required to be given by any party hereto to any other party shall be in writing and shall be sent by registered or certified mail, postage prepaid, return receipt requested, addressed to such party at its address first above set forth or such other address or addresses as such party may theretofore have specified by like Notice. Notices given in the manner aforesaid shall be deemed sufficiently served or given for all purposes hereunder on the third business day (excluding Saturdays, Sundays and legal holidays) after the date so mailed.

**9.3    Mortgagee's Rights to Perform Mortgagor's Covenants.**

If the Mortgagor shall fail to pay or cause payment to be made to the Mortgagee in accordance with the terms of the Note and this Mortgage, or to perform or observe any other term, covenant, condition or obligation required to be performed or observed by the Mortgagor under this Mortgage or Note, without limiting any other provision of this Mortgage, and without waiving or releasing the Mortgagor from any obligation or default hereunder, upon five (5) days' notice to the Mortgagor (or without notice in case of emergency), the Mortgagee (or any receiver of the Mortgaged Premises) shall have the right, but not the obligation, to make any such payment, or to perform any other act or take any appropriate action, including, without limitation, entry on the Mortgaged Premises and performance of work thereat, as it, in its sole discretion, may deem necessary to cause such other term, covenant, conditions or obligation to be promptly performed or observed on behalf of the Mortgagor or to protect the security of this Mortgage. All monies expended by the Mortgagee in exercising its rights under this Section 9.3 (including, but not limited to, legal expenses and disbursements), together with interest thereon at the Default Rate from the date of each such expenditure, shall be paid by the Mortgagor to the Mortgagee forthwith upon demand by the Mortgagee and shall be secured by this Mortgage.

22

.9.4 . **Additional Sums Payable by the Mortgagor.**

All sums which, by the terms of this Mortgage or the Note secured hereby, or by the instruments executed and delivered by the Mortgagor to the Mortgagee as additional security for this Mortgage and the Note, are payable by the Mortgagor to the Mortgagee shall, together with the interest thereon provided for herein or in the Note or such instruments, be secured by this Mortgage and added to and deemed part of the Indebtedness secured hereby whether or not the provision which obligates the Mortgagor to make any such payment to the Mortgagee specifically so states.

It is agreed by the Mortgagor that on the foreclosure of this mortgage there shall be included in the computation of the amount due the amount of a fee for attorney's services in the foreclosure proceedings as well as all disbursements, allowances, additional allowances, and costs provided by law.

**9.5** **Captions.**

The captions herein are inserted only as a matter of convenience and for reference, and in no way define, limit, enlarge or describe the scope or intent of this Mortgage or the construction of any provision hereof.

**9.6** **Successors and Assigns.**

The covenants and agreements contained in this Mortgage shall run with the land and bind the Mortgagor, the heirs, executors, administrators, principals, legal representatives, successors and assigns of the Mortgagor and each person constituting the Mortgagor and all subsequent owners, encumbrances and Tenants of the Mortgaged Premises, or any part thereof, and shall inure to the benefit of the Mortgagee, its successors and assigns and all subsequent beneficial owners of this Mortgage.

**9.7** **Gender and Number.**

Wherever the context of this Mortgage so requires, the neuter gender includes the masculine and/or feminine gender and the singular number includes the plural.

**9.8** **Severability.**

In case any one or more of the provisions contained in this instrument shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provisions hereof, but this Mortgage shall be construed as if such invalid, illegal or unenforceable provision had never been included.

**9.9** **Usury.**

The Mortgagor and Mortgagee agree that the total interest for the use, forbearance or detention of the Principal Sum owing on the Note from time to time and any other sums payable under the Note or this Mortgage shall never exceed the amount then allowed by law for loans secured by mortgages to persons or entities such as the Mortgagor then is and in the amounts, for the purposes and otherwise of the type hereby contemplated, evidenced and secured, and the Mortgagor shall not be bound or obligated to pay any interest or such other sum under the Note and this Mortgage which is in excess of such amount.

23

**9.10** . **Subrogation.**

Should the proceeds of the loan made by the Mortgagee to the Mortgagor and evidenced by the Note be used directly or indirectly to pay off, discharge, or satisfy, in whole or in part, any prior lien or encumbrances upon the Mortgaged Premises or any part thereof, then the Mortgagee shall be subrogated to such other lien or encumbrance and to any additional security held by the holder thereof and shall have the benefit of the priority of all of same.

**9.11** **Incorporation of the Construction Loan Agreement.**

This Mortgage and the Note secured hereby have been executed and delivered to secure monies advanced or to be advanced to the Mortgagor to be used in the construction of certain buildings and improvements on the Mortgaged Premises in accordance with the Loan Agreement, the provisions of which, as the same may be amended, modified or supplemented from time to time, are incorporated herein by reference with the same force and effect as if herein fully set forth.

**9.12** **Controlling Law.**

This Mortgage shall be governed by, and construed and enforced in accordance with, the laws of the State of New York.

**9.13** **Waiver of Jury Trial.**

The Mortgagor and the Mortgagee hereby waive trial by jury in any litigation in any court with respect to, in connection with, or arising out of this Mortgage or any other Loan Documents, or any instrument or document delivered in connection with the Loan which is the subject of the Note, or the validity, protection, interpretation, collection or enforcement thereof, or the relationship between Mortgagor and Mortgagee as Mortgagor and Mortgagee, or any other claim or dispute howsoever arising between the Mortgagor and Mortgagee.

**9.14** **Satisfaction Fee.** At the time the Loan is paid in full, the Mortgagee shall provide to Mortgagor a Satisfaction of Mortgage. Mortgagor shall be required to pay a fee of $200.00 to Mortgagee's counsel for preparation of said Satisfaction.

**9.15** **Tax Law Section 253 Statement**

[Check one box only]

[    ]    The Premises are/will be improved by a one (1) or two (2) family dwelling.

[    ]    This Mortgage covers real property principally improved or to be improved by one or more structures containing in the aggregate not more than six residential dwelling units, each having their own separate cooking facilities.

[ X ]    This Mortgage does not cover real property improved as described above.

**9.16**    Where used herein, the word, "Mortgagor" may be read "Mortgagors" where applicable.

24

. **THIS MORTGAGE IS GIVEN ON THE CONDITION** that if the Mortgagor, its successors or assigns, shall well and truly pay the Note according to its tenor and shall pay all other sums due hereunder and secured hereby to Mortgagee, its successors or assigns, and shall duly perform every covenant, term, condition and agreement of the Mortgagor herein and in the Note and Loan Agreement contained, then this Mortgage shall be void; otherwise the same shall remain in full force and effect.

**IN WITNESS WHEREOF,** the Mortgagor has duly executed this Mortgage as of the day and year first above written.

**In the Presence of:**

Acquafredda Enterprises L.L.C.
a New York limited liability company

_____
Witness

By: _____
Susan Acquafredda, Member

STATE OF NEW YORK          )
                           : ss.:
COUNTY OF WESTCHESTER )

On the 22nd day of June in the year 2007, before me the undersigned personally appeared Susan Acquafredda personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

C:\WINDOWS\...\acquafredda_1\acquafredda_Tbonds\acquafreddamortgage1.wpd

NANCY V. O'DONNELL
Notary Public, State of New York    S E A L
No. 02OD6127501
Qualified in Rockland County
Commission Expires May 23, 20 _09_

25

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2007062701357005001E1001

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 10 |
|---|---|---|
| **Document ID:** 2007062701357005 | Document Date: 06-22-2007 | Preparation Date: 06-27-2007 |

Document Type: AGREEMENT
Document Page Count: 8

| PRESENTER: | RETURN TO: |
|---|---|
| LIBERTY TITLE AGENCY, LLC-P/U TEAM EXMS | HUDSON VALLEY BANK |
| 515 RECKSON PLAZA | 21 SCARSDALE ROAD |
| UNIONDALE, NY 11556 | YONKERS, NY 10707 |
| LTNY-5252-BX-07 | |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BRONX | 5529 | 487 | Entire Lot | 3094 DARE PLACE |

Property Type: RESIDENTIAL VACANT LAND

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BRONX | 5529 | 488 | Entire Lot | 3093 CASLER PLACE |

Property Type: RESIDENTIAL VACANT LAND
x  Additional Properties on Continuation Page

**CROSS REFERENCE DATA**

BRONX  Year: 1992   Reel: 1125   Page: 358
x  Additional Cross References on Continuation Page

**PARTIES**

| PARTY 1: | PARTY 2: |
|---|---|
| ACQUAFREDDA ENTERPRISES, L.L.C. | HUDSON VALLEY BANK |
| 3098 DARE PLACE | 21 SCARSDALE ROAD |
| BRONX, NY 10465 | YONKERS, NY 10707 |

**FEES AND TAXES**

| Mortgage | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 1,800,000.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | 255 | | $ | 0.00 |
| TAXES:  County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | |
| TASF: | $ | 0.00 | | | |
| MTA: | $ | 0.00 | | | |
| NYCTA: | $ | 0.00 | | | |
| Additional MRT: | $ | 0.00 | | | |
| TOTAL: | $ | 0.00 | | | |
| Recording Fee: | $ | 89.00 | | | |
| Affidavit Fee: | $ | 8.00 | | | |

**RECORDED OR FILED IN THE OFFICE**
**OF THE CITY REGISTER OF THE**
**CITY OF NEW YORK**

Recorded/Filed      08-20-2007 16:55
City Register File No.(CRFN):
**2007000430681**

*Annette M Hill*

*City Register Official Signature*

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2007062701357005001C1281

| RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION) | | PAGE 2 OF 10 |
|---|---|---|
| Document ID: 2007062701357005 | Document Date: 06-22-2007 | Preparation Date: 06-27-2007 |
| Document Type: AGREEMENT | | |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BRONX | 5529 | 489 | Entire Lot | 3098 DARE PLACE |
| | Property Type: 1- 2 FAM WITH ATTCH GAR /OR VACANT LAND | | | |
| Borough | Block | Lot | Unit | Address |
| BRONX | 5529 | 492 | Entire Lot | N/A DARE PLACE |
| | Property Type: RESIDENTIAL VACANT LAND | | | |
| Borough | Block | Lot | Unit | Address |
| BRONX | 5529 | 500 | Entire Lot | 3091 CASLER PLACE |
| | Property Type: RESIDENTIAL VACANT LAND | | | |

**CROSS REFERENCE DATA**

BRONX Year: 1999   Reel: 1626   Page: 1177

Document ID: 2007062701357004

## MORTGAGE MODIFICATION, EXTENSION, CONSOLIDATION, ASSUMPTION, ASSIGNMENT OF LEASES AND RENTS AND SECURITY AGREEMENT

### BY

### ACQUAFREDDA ENTERPRISES L.L.C., MORTGAGOR

### TO

### HUDSON VALLEY BANK, MORTGAGEE

**Dated: June 22, 2007**

**$1,800,000.00**

| PARCEL I | | PARCEL II | |
|---|---|---|---|
| Section: | 18 | Section: | 18 |
| Volume: | 6 | Volume: | 6 |
| Block: | 5529 | Block: | 5529 |
| Lot: | 487 | Lot: | 488 |
| City: | New York | City: | New York |
| County: | Bronx | County: | Bronx |
| Address: | 3094 Dare Place, Bronx, New York | Address: | 3093 Casler Place, Bronx, New York |

| PARCEL III | | PARCEL IV | |
|---|---|---|---|
| Section: | 18 | Section: | 18 |
| Volume: | 6 | Volume: | 6 |
| Block: | 5529 | Block: | 5529 |
| Lot: | 489 | Lot: | 492 |
| City: | New York | City: | New York |
| County: | Bronx | County: | Bronx |
| Address: | 3098 Dare Place, Bronx, New York | Address: | No # Dare Place, Bronx, New York |

| PARCEL V | |
|---|---|
| Section: | 18 |
| Volume: | 6 |
| Block: | 5529 |
| Lot: | 500 |
| City: | New York |
| County: | Bronx |
| Address: | 3091 Casler Place, Bronx, New York |

Liberty Title
Agency LLC
LTN #5252-BX07

RECORD AND RETURN TO
HUDSON VALLEY BANK
21 Scarsdale Road
Yonkers, New York 10707
Attn: Loan Operations

**THIS MORTGAGE MODIFICATION, EXTENSION, CONSOLIDATION, ASSUMPTION, ASSIGNMENT OF LEASES AND RENTS AND SECURITY AGREEMENT** made on the 22nd day of June, 2007 between **Acquafredda Enterprises L.L.C.**, a New York limited liability company, having an office and place of business located at 3098 Dare Place, Bronx, New York 10465 (hereinafter called "Mortgagor") and **Hudson Valley Bank**, a New York banking corporation, organized and existing under the laws of the State of New York, having an office and place of business at 21 Scarsdale Road, Yonkers, New York 10707 (hereinafter called "Mortgagee").

### WITNESSETH:

**WHEREAS**, Mortgagee is now the owner and holder of the mortgages listed on Schedule B attached hereto and the notes secured thereby (collectively the "Existing Mortgage" and the "Existing Note") covering all of the Premises and which such Existing Mortgage was given to secure and on which there now remains the unpaid principal sum of **$232,000.00** (the "Existing Indebtedness");

**WHEREAS**, the Mortgagor has agreed as of the date of this Agreement to assume all of the obligations of Thomas Acquafredda and Susan Acquafredda under the terms and conditions of that certain Consolidated Construction Loan Mortgage Note (the "Note") executed by Mortgagor simultaneously herewith; and

**WHEREAS**, the Mortgagor hereby agrees as of the date of this Agreement to assume all of the indebtedness due under the Notes and Mortgages and to comply with all of the terms and conditions of the Notes and Mortgages, as modified hereby, as if the Mortgagor had originally executed said Notes and Mortgages.

**WHEREAS**, said Mortgages, pursuant to the terms of this Agreement, cover the parcel of real property described in Schedule A attached hereto and made a part hereof (the "Mortgaged Premises");

**WHEREAS**, Mortgagor has requested Mortgagee to lend the additional sum of **$1,568,000.00** and consolidate same with the Existing Note, which shall be evidenced by a Consolidated Construction Loan Mortgage Note (the "Consolidated Note") in the amount of **$1,800,000.00** bearing date of **June 22, 2007** and secured by a Gap Construction Loan Mortgage (the "New Mortgage") in the amount of **$1,568,000.00** bearing date of **June 22, 2007**;

**WHEREAS**, Mortgagor and Mortgagee desire to assume, combine and consolidate the liens of the Existing Mortgage and the New Mortgage, so as to create solely one mortgage lien on the Premises in the consolidated principal amount of **$1,800,000.00**;

**WHEREAS**, Mortgagor represents and warrants that the Mortgagor is the owner of the Premises upon which the Existing Mortgage is a valid lien and there now remains unpaid the principal amount of **$232,000.00**;

**NOW THEREFORE**, in consideration of the premises and the mutual covenants hereafter expressed, the parties agree as follows:

1

**FIRST:**    Premises: The Premises described in the Existing Mortgage and in the New Mortgage and as more particularly described in Schedule A attached hereto and made a part hereof is also known as 3094 Dare Place, 3093 Dare Place, 3098 Dare Place, No # Dare Place, 3091 Casler Place, Bronx, New York.

**SECOND:**    Consolidation: Mortgagee and Mortgagor agree to combine those rights and obligations that the Mortgagor has under the Existing Mortgage and Existing Note with Mortgagor's rights and obligations under the Consolidated Note and New Mortgage both dated of even date herewith. Mortgagee and Mortgagor intend that the New Mortgage will be recorded immediately prior to this Agreement.

The Mortgagor and the Mortgagee hereby covenant and agree that the lien of the Existing Mortgage is hereby consolidated, assumed and coordinated with the lien of the New Mortgage so as to constitute a single first lien mortgage upon the Premises encumbered by this Agreement in the principal amount of One Million Eight Hundred Thousand and 00/100 ($1,800,000.00) Dollars plus interest, with the same intent and with like affect as if one mortgage encumbering the Premises in the amount of **$1,800,000.00** had been executed and delivered by the Mortgagor to the Mortgagee (the Existing Mortgage and New Mortgage are collectively referred to as the "Consolidated Mortgage"). The Mortgagor represents and warrants that it has no counterclaims, defenses or offsets to the indebtedness secured by, or to the enforcement of, the Consolidated Mortgage.

**THIRD:**    Ownership:    Mortgagor is the owner of the Premises upon which the Existing Mortgage is in place and which is a valid lien for the amount specified herein with interest thereon and Mortgagor warrants and represents that there are no defenses or offsets to the Existing Mortgage or to the debt which it secures.

**FOURTH:**    Newly Executed Documents Control: The principal balance of the Consolidated Mortgage, together with all accrued and unpaid interest thereon, shall be due and payable in accordance with the terms and conditions of the Consolidated Note.

The provisions of the New Mortgage supersede all of the provisions of the Existing Mortgage and amend and restate the terms and provisions of the Existing Mortgage in its entirety and shall be controlling upon an Event of Default. All references herein to the "Mortgage", "Prior Mortgage", "New Mortgage" or "Existing Mortgages" shall be deemed to refer to the "Consolidated Mortgage", as the same may hereafter be modified, amended, extended, renewed, restated, replaced, substituted or consolidated. All references herein to the "Consolidated Note" shall be deemed to refer to the Consolidated Note, as consolidated, coordinated and restated pursuant to that certain Consolidated Note executed by the Mortgagor of even date herewith, as the same may hereafter be modified, amended, extended, renewed, restated, replaced, substituted or consolidated.

**FIFTH:**    Modifications:    Mortgagee and Mortgagor agree that this Agreement may not be terminated, changed, or amended, except by a written agreement signed by the party whose obligation is being changed by such agreement.

**SIXTH:**    Controlling Law:    The parties agree that this Agreement will be construed under the laws of the State of New York.

2

**Schedule A Description**

Revised: 04/18/2007

Title Number **LTNY-5252-BX-07**      Policy Number:**M-8902-022079**      Page    1

Lot 487:

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Bronx, City and State of New York, bounded and described as follows:

BEGINNING at a point on the southerly side of Dare Place, distant 192.48 feet easterly from the corner formed by the intersection of the easterly side of Pennyfield Avenue, as shown on the Final Map of the City of New York, and the southerly side of Dare Place;

RUNNING THENCE easterly along said southerly side of Dare Place, 42.14 feet;

THENCE southerly at right angles to the southerly side of Dare Place, 51.33 feet;

THENCE easterly at right angles to the last mentioned course, 8.12 feet;

THENCE southerly at right angles to the last mentioned course, 11.67 feet;

THENCE westerly at right angles to the last mentioned course, 53.77 feet;

THENCE northerly at right angles to the last mentioned course, 13.00 feet;

THENCE easterly at right angles to the last mentioned course, 3.51 feet;

THENCE northerly at right angles to the southerly side of Dare Place, 50.00 feet to the said southerly side of Dare Place, at the point or place of BEGINNING.

Lot 488:

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Bronx, City and State of New York, bounded and described as follows:

BEGINNING at a point on the northerly side of Casler Place, distant 226.61 feet easterly from the corner formed by the intersection of the easterly side of Pennyfield Avenue, as shown on the Final Map of the City of New York, and the northerly side of said Casler Place;

RUNNING THENCE northerly and at right angles to Casler Place, 13 feet;

**Schedule A Description - continued**
Revised: 04/18/2007
Page    2

THENCE westerly at right angles to the last mentioned course, 7.17 feet;

THENCE northerly at right angles to the last mentioned course, 38.13 feet;

THENCE easterly and forming an interior angle of 89 degrees 57 minutes 05 seconds with the last mentioned course, 44.00 feet;

THENCE southerly 51.09 feet to the northerly side of Casler Place;

THENCE westerly along the northerly side of Casler Place, 36.83 feet to the point or place of BEGINNING.

Lot 489:

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Bronx, City and State of New York, bounded and described as follows:

BEGINNING at a point on the southerly side of Dare Place, distant 234.62 feet easterly from the corner formed by the intersection of the easterly side of Pennyfield Avenue, as shown on the Final Map of the City of New York, and the southerly side of Dare Place;

RUNNING THENCE easterly along said southerly side of Dare Place, 114.39 feet to a point on the original highwater line of Eastchester Bay;

THENCE along said highwater line southerly along a line which forms an interior angle of 62 degrees 20 minutes 05 seconds with the southerly side of Dare Place, 54.50 feet to a point;

THENCE southerly 0.67 feet to a point distant 51.08 feet from the northerly side of Casler Place as measured along a line drawn at an interior angle therewith of 91 degrees 32 minutes 45 seconds;

THENCE westerly forming an interior angle of 91 degrees 29 minutes 50 seconds with the last mentioned course, 80.95 feet to a point;

THENCE southerly forming an exterior angle of 89 degrees 57 minutes 05 seconds with the last mentioned course, 2.46 feet;

THENCE westerly at right angles to the last mentioned course, 8.12 feet;

**Schedule A Description – continued**
Revised: 04/18/2007
Page   3

THENCE northerly at right angles to the southerly side of Dare Place, 51.33 feet to the southerly side of Dare Place, at the point or place of BEGINNING.

Lot 500:

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Bronx, City and State of New York, bounded and described as follows:

BEGINNING at a point on the northerly side of Casler Place, distant 152.51 feet easterly from the corner formed by the intersection of the easterly side of Pennyfield Avenue, as shown on the Final Map of the City of New York, and the northerly side of said Casler Place;

RUNNING THENCE northerly and at right angles to Casler Place, 50 feet;

THENCE easterly at right angles to the last mentioned course, 13.16 feet;

THENCE southerly at right angles to the last mentioned course, 13.00 feet;

THENCE easterly at right angles to the last mentioned course, 53.77 feet;

THENCE southerly at right angles to the last mentioned course, 24.00 feet;

THENCE easterly forming an exterior angle of 90 degrees with the last mentioned course, 7.17 feet;

THENCE southerly at right angles to the northerly side of Casler Place 13.00 feet to the said northerly side of Casler Place;

THENCE westerly along the said northerly side of Casler Place 74.10 feet to the point or place of BEGINNING.

With respect to all of the parcels herein above all references to Casler Place and Dare Place refer to Casler Place and Dare Place as shown on a certain map entitled Sales Diagram of Schuyler Hill, located at Throgg's Necks, Bronx, New York City as located on that survey made by Joseph Nicoletti Associates dated 2/24/2004 and updated 3/28/2007 and referenced in Schedule B herein.

## SCHEDULE B

That a certain Mortgage A dated September 22, 1992 was made by Thomas Acquafredda and Susan Acquafredda, as Mortgagor, to Chemical Bank, as Mortgagee, in the principal sum of $384,000.52, (the "Mortgage A") which Mortgage was recorded on October 15, 1992 in Reel 1125, page 358 with the Office of the City Register of the City of New York, County of Bronx. A mortgage tax was paid at the time of recording of the Mortgage A.

That a Correction Mortgage dated November 12, 1992 was made by Thomas Acquafredda and Susan Acquafredda, as Mortgagor, to Chemical Bank, as Mortgagee, which corrects the legal description of Mortgage A and was recorded on November 20, 1992 in Reel 1130, page 2439 with the Office of the City Register of the City of New York, County of Bronx.

That an Assignment of Mortgage dated May 20, 1998 was made by The Chase Manhattan Bank, f/k/a Chemical Bank, as Assignor to Citibank NA, as Assignee, which assigned Mortgage A, as corrected, to Assignee and was recorded on March 2, 1999 in Reel 1626, page 1175 with the Office of the City Register of the City of New York, County of Bronx

That a certain Mortgage B dated July 31, 1998 was made by Susan Acquafredda and Thomas Acquafredda, as Mortgagor, to Citibank NA, as Mortgagee, in the principal sum of $25,263.52, (the "Mortgage B") which Mortgage was recorded on March 2, 1999 in Reel 1626, page 1177 with the Office of the City Register of the City of New York, County of Bronx. A mortgage tax was paid at the time of recording of the Mortgage B.

That a Consolidation Mortgage dated July 31, 1998 was made by Susan Acquafredda and Thomas Acquafredda, as Mortgagor, to Citibank NA, as Mortgagee, which consolidates Mortgage A and Mortgage B to form a single lien in the amount of $384,000.00 and was recorded on March 2, 1999 in Reel 1626, page 1185 with the Office of the City Register of the City of New York, County of Bronx.

That an Assignment of Mortgage (the "Assignment") dated May 14, 2007 was made by CitiMortgage, Inc. attorney-in-fact for Citibank NA, as Assignor, to Hudson Valley Bank, as Assignee which assigns the above Mortgages A and B, as consolidated, to Assignee and is intended to be recorded simultaneously herewith with the Office of the City Register of the City of New York, County of Bronx.

The present unpaid principal balance of the Mortgage A and B, as consolidated is $232,000.00.

That a certain Gap Construction Loan Mortgage (the "Gap Mortgage") dated June 22, 2007 was made by Acquafredda Enterprises L.L.C., as Mortgagor, to Hudson Valley Bank, as Mortgagee, in the principal sum of $1,568,000.00 and is intended to be recorded simultaneously herewith in the Office of the Register of the County of Bronx, (Division of Land Records).

That by a Note and Mortgage Modification, Consolidation, Assumption and Extension Agreement dated June 22, 2007 executed by Acquafredda Enterprises L.L.C. and Hudson Valley Bank (the "Consolidation Agreement"), the above Mortgages A and B, as consolidated and assigned and the Gap Mortgage were assumed and consolidated and extended to form a single first lien in the sum of $1,800,000.00. The Consolidation Agreement is intended to be recorded simultaneously herewith in the Office of the Register of the County of Bronx (Division of Land Records).

**IN WITNESS WHEREOF,** the parties have caused this Agreement to be executed on this Date.

In the Presence of:

_____
Witness

**Acquafredda Enterprises L.L.C.**
**a New York limited liability company**

By: _____
Susan Acquafredda, Member

**Hudson Valley Bank**

By: _____
Lynn Bagdebter, SVP

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF WESTCHESTER    )

On the 22nd day of June in the year 2007 before me, the undersigned personally appeared Susan Acquafredda, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

NANCY V. O'DONNELL
Notary Public, State of New York
No. 02OD6127501
Qualified in Rockland County
Commission Expires May 23, 20 09

SEAL

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF WESTCHESTER    )

On the 22nd day of June in the year 2007 before me, the undersigned personally appeared Lynn Bagdebter, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity, and that by his/her/their signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

JAMES P. BLOSE
Notary Public, State Of New York
No. 02BL5034117
Qualified In Westchester County
Commission Expires September 30, 20 10

SEAL

3

| NYC DEPARTMENT OF FINANCE<br>OFFICE OF THE CITY REGISTER |  |
|---|---|
| | 2007062701357005001SDE80 |

| SUPPORTING DOCUMENT COVER PAGE | | PAGE 1 OF 1 |
|---|---|---|
| Document ID: 2007062701357005 | Document Date: 06-22-2007 | Preparation Date: 06-27-2007 |
| Document Type: AGREEMENT | | |

**SUPPORTING DOCUMENTS SUBMITTED:**

| | Page Count |
|---|---|
| 255 MORTGAGE TAX EXEMPT AFFIDAVIT | 2 |

## AFFIDAVIT UNDER SECTION 255 TAX LAW

STATE OF NEW YORK       )
                                : ss.:

COUNTY OF WESTCHESTER    )

        Susan Acquafredda, being duly sworn, deposes and says:

        1.      That she is a Member of the Mortgagor of the hereinafter described Mortgage, and she is familiar with the facts and circumstances set forth herein.

        2.      That a certain Mortgage A dated September 22, 1992 was made by Thomas Acquafredda and Susan Acquafredda, as Mortgagor, to Chemical Bank, as Mortgagee, in the principal sum of $384,000.00, (the "Mortgage A") which Mortgage was recorded on October 15, 1992 in Reel 1125, page 358 with the Office of the City Register of the City of New York, County of Bronx. A mortgage tax was paid at the time of recording of the Mortgage A.

        3.      That a Correction Mortgage dated November 12, 1992 was made by Thomas Acquafredda and Susan Acquafredda, as Mortgagor, to Chemical Bank, as Mortgagee, which corrects the legal description of Mortgage A and was recorded on November 20, 1992 in Reel 1130, page 2439 with the Office of the City Register of the City of New York, County of Bronx.

        4.      That an Assignment of Mortgage dated May 20, 1998 was made by The Chase Manhattan Bank, f/k/a Chemical Bank, as Assignor to Citibank NA, as Assignee, which assigned Mortgage A, as corrected, to Assignee and was recorded on March 2, 1999 in Reel 1626, page 1175 with the Office of the City Register of the City of New York, County of Bronx

        5.      That a certain Mortgage B dated July 31, 1998 was made by Susan Acquafredda and Thomas Acquafredda, as Mortgagor, to Citibank NA, as Mortgagee, in the principal sum of $25,263.52, (the "Mortgage B") which Mortgage was recorded on March 2, 1999 in Reel 1626, page 1177 with the Office of the City Register of the City of New York, County of Bronx. A mortgage tax was paid at the time of recording of the Mortgage B.

        6.      That a Consolidation Mortgage dated July 31, 1998 was made by Susan Acquafredda and Thomas Acquafredda, as Mortgagor, to Citibank NA, as Mortgagee, which consolidates Mortgage A and Mortgage B to form a single lien in the amount of $384,000.00 and was recorded on March 2, 1999 in Reel 1626, page 1185 with the Office of the City Register of the City of New York, County of Bronx.

        7.      That an Assignment of Mortgage (the "Assignment") dated May 14, 2007 was made by CitiMortgage, Inc. attorney-in-fact for Citibank NA, as Assignor, to Hudson Valley Bank, as Assignee which assigns the above Mortgages A and B, as consolidated, to Assignee and is intended to be recorded simultaneously herewith with the Office of the City Register of the City of New York, County of Bronx.

        The present unpaid principal balance of the Mortgage A and B, as consolidated is $232,000.00.

        3.      That a certain Gap Construction Loan Mortgage (the "Gap Mortgage") dated June 22, 2007 was made by Acquafredda Enterprises L.L.C., as Mortgagor, to Hudson Valley Bank, as Mortgagee, in the principal sum of $1,568,000.00 and is intended to be recorded simultaneously herewith in the Office of the Register of the County of Bronx, (Division of Land Records).

4.   That an Assignment of Leases and Rents dated June 22, 2007, made by Acquafredda Enterprises L.L.C., as Assignor, assigns the leases and rents of Mortgagor to Hudson Valley Bank, as Assignee, which Assignment is intended to be recorded simultaneously herewith in the Office of the Register of the County of Bronx, (Division of Land Records).

5.   That by a Note and Mortgage Modification, Consolidation, Assumption and Extension Agreement dated June 22, 2007 executed by Acquafredda Enterprises L.L.C. and Hudson Valley Bank (the "Consolidation Agreement"), the above Mortgages A and B, as consolidated and assigned and the Gap Mortgage were assumed and consolidated and extended to form a single first lien in the sum of $1,800,000.00. The Consolidation Agreement is intended to be recorded simultaneously herewith in the Office of the Register of the County of Bronx (Division of Land Records).

6.   That said instruments herewith offered for recording do not create a new line of indebtedness other than the Gap Mortgage in the amount of $1,568,000.00 dated June 22, 2007, for which a mortgage tax of $43,904.00 is being tendered herewith. Therefore, exemption from further tax is claimed under Section 255 of the Tax Law as to the additional instruments herewith offered for recording.

_Susan Acquafredda_
Susan Acquafredda

Sworn to before me this
22nd day of June , 2007

_Nancy N. O'Donnell_
Notary Public

NANCY V. O'DONNELL
Notary Public, State of New York
No. 02OD6127501
Qualified In Rockland County
Commission Expires May 23, 20 09

SEAL



## AFFIDAVIT UNDER SECTION 255 TAX LAW

STATE OF NEW YORK       )
                         : ss.:

COUNTY OF WESTCHESTER   )

        Susan Acquafredda, being duly sworn, deposes and says:

        1.     That she is a Member of the Mortgagor of the hereinafter described Mortgage, and she is familiar with the facts and circumstances set forth herein.

        2.     That a certain Mortgage A dated September 22, 1992 was made by Thomas Acquafredda and Susan Acquafredda, as Mortgagor, to Chemical Bank, as Mortgagee, in the principal sum of $384,000.00, (the "Mortgage A") which Mortgage was recorded on October 15, 1992 in Reel 1125, page 358 with the Office of the City Register of the City of New York, County of Bronx.  A mortgage tax was paid at the time of recording of the Mortgage A.

        3.     That a Correction Mortgage dated November 12, 1992 was made by Thomas Acquafredda and Susan Acquafredda, as Mortgagor, to Chemical Bank, as Mortgagee, which corrects the legal description of Mortgage A and was recorded on November 20, 1992 in Reel 1130, page 2439 with the Office of the City Register of the City of New York, County of Bronx.

        4.     That an Assignment of Mortgage dated May 20, 1998 was made by The Chase Manhattan Bank, f/k/a Chemical Bank, as Assignor to Citibank NA, as Assignee, which assigned Mortgage A, as corrected, to Assignee and was recorded on March 2, 1999 in Reel 1626, page 1175 with the Office of the City Register of the City of New York, County of Bronx

        5.     That a certain Mortgage B dated July 31, 1998 was made by Susan Acquafredda and Thomas Acquafredda, as Mortgagor, to Citibank NA, as Mortgagee, in the principal sum of $25,263.52, (the "Mortgage B") which Mortgage was recorded on March 2, 1999 in Reel 1626, page 1177 with the Office of the City Register of the City of New York, County of Bronx. A mortgage tax was paid at the time of recording of the Mortgage B.

        6.     That a Consolidation Mortgage dated July 31, 1998 was made by Susan Acquafredda and Thomas Acquafredda, as Mortgagor, to Citibank NA, as Mortgagee, which consolidates Mortgage A and B to form a single lien in the amount of $384,000.00 and was recorded on March 2, 1999 in Reel 1626, page 1185 with the Office of the City Register of the City of New York, County of Bronx.

        7.     That an Assignment of Mortgage (the "Assignment") dated May 14, 2007 was made by CitiMortgage, Inc. attorney-in-fact for Citibank NA, as Assignor, to Hudson Valley Bank, as Assignee which assigns the above Mortgages A and B, as consolidated, to Assignee and is intended to be recorded simultaneously herewith with the Office of the City Register of the City of New York, County of Bronx.

        The present unpaid principal balance of the Mortgage A and B, as consolidated  is $232,000.00.

        3.     That a certain Gap Construction Loan Mortgage (the "Gap Mortgage") dated June 22, 2007 was made by Acquafredda Enterprises L.L.C., as Mortgagor, to Hudson Valley Bank, as Mortgagee, in the principal sum of $1,568,000.00 and is intended to be recorded simultaneously herewith in the Office of the Register of the County of Bronx, (Division of Land Records).

4.     That an Assignment of Leases and Rents dated June 22, 2007, made by Acquafredda Enterprises L.L.C., as Assignor, assigns the leases and rents of Mortgagor to Hudson Valley Bank, as Assignee, which Assignment is intended to be recorded simultaneously herewith in the Office of the Register of the County of Bronx, (Division of Land Records).

5.     That by a Note and Mortgage Modification, Consolidation, Assumption and Extension Agreement dated June 22, 2007 executed by Acquafredda Enterprises L.L.C. and Hudson Valley Bank (the "Consolidation Agreement"), the above Mortgages A and B, as consolidated and assigned and the Gap Mortgage were assumed and consolidated and extended to form a single first lien in the sum of $1,800,000.00. The Consolidation Agreement is intended to be recorded simultaneously herewith in the Office of the Register of the County of Bronx (Division of Land Records).

6.     That said instruments herewith offered for recording do not create a new line of indebtedness other than the Gap Mortgage in the amount of $1,568,000.00 dated June 22 , 2007, for which a mortgage tax of $43,904.00 is being tendered herewith. Therefore, exemption from further tax is claimed under Section 255 of the Tax Law as to the additional instruments herewith offered for recording.

_____
Susan Acquafredda

Sworn to before me this
22nd day of June , 2007

_____
Notary Public

NANCY V. O'DONNELL
Notary Public, State of New York
No. 02OD6127501
Qualified in Rockland County
Commission Expires May 23, 20 _09_

**SEAL**



## AFFIDAVIT UNDER SECTION 255 TAX LAW

**STATE OF NEW YORK** )
                            : ss.:
**COUNTY OF WESTCHESTER** )

        Susan Acquafredda, being duly sworn, deposes and says:

        1.     That she is a Member of the Mortgagor of the hereinafter described Mortgage, and she is familiar with the facts and circumstances set forth herein.

        2.     That a certain Mortgage A dated September 22, 1992 was made by Thomas Acquafredda and Susan Acquafredda, as Mortgagor, to Chemical Bank, as Mortgagee, in the principal sum of $384,000.00, (the "Mortgage A") which Mortgage was recorded on October 15, 1992 in Reel 1125, page 358 with the Office of the City Register of the City of New York, County of Bronx. A mortgage tax was paid at the time of recording of the Mortgage A.

        3.     That a Correction Mortgage dated November 12, 1992 was made by Thomas Acquafredda and Susan Acquafredda, as Mortgagor, to Chemical Bank, as Mortgagee, which corrects the legal description of Mortgage A and was recorded on November 20, 1992 in Reel 1130, page 2439 with the Office of the City Register of the City of New York, County of Bronx.

        4.     That an Assignment of Mortgage dated May 20, 1998 was made by The Chase Manhattan Bank, f/k/a Chemical Bank, as Assignor to Citibank NA, as Assignee, which assigned Mortgage A, as corrected, to Assignee and was recorded on March 2, 1999 in Reel 1626, page 1175 with the Office of the City Register of the City of New York, County of Bronx

        5.     That a certain Mortgage B dated July 31, 1998 was made by Susan Acquafredda and Thomas Acquafredda, as Mortgagor, to Citibank NA, as Mortgagee, in the principal sum of $25,263.52, (the "Mortgage B") which Mortgage was recorded on March 2, 1999 in Reel 1626, page 1177 with the Office of the City Register of the City of New York, County of Bronx. A mortgage tax was paid at the time of recording of the Mortgage B.

        6.     That a Consolidation Mortgage dated July 31, 1998 was made by Susan Acquafredda and Thomas Acquafredda, as Mortgagor, to Citibank NA, as Mortgagee, which consolidates Mortgage A and Mortgage B to form a single lien in the amount of $384,000.00 and was recorded on March 2, 1999 in Reel 1626, page 1185 with the Office of the City Register of the City of New York, County of Bronx.

        7.     That an Assignment of Mortgage (the "Assignment") dated May 14, 2007 was made by CitiMortgage, Inc. attorney-in-fact for Citibank NA, as Assignor, to Hudson Valley Bank, as Assignee which assigns the above Mortgages A and B, as consolidated, to Assignee and is intended to be recorded simultaneously herewith with the Office of the City Register of the City of New York, County of Bronx.

        The present unpaid principal balance of the Mortgage A and B, as consolidated is $232,000.00.

        3.     That a certain Gap Construction Loan Mortgage (the "Gap Mortgage") dated June 22, 2007 was made by Acquafredda Enterprises L.L.C., as Mortgagor, to Hudson Valley Bank, as Mortgagee, in the principal sum of $1,568,000.00 and is intended to be recorded simultaneously herewith in the Office of the Register of the County of Bronx, (Division of Land Records).

4.    That an Assignment of Leases and Rents dated June 22, 2007, made by Acquafredda Enterprises L.L.C., as Assignor, assigns the leases and rents of Mortgagor to Hudson Valley Bank, as Assignee, which Assignment is intended to be recorded simultaneously herewith in the Office of the Register of the County of Bronx, (Division of Land Records).

5.    That by a Note and Mortgage Modification, Consolidation, Assumption and Extension Agreement dated June 22, 2007 executed by Acquafredda Enterprises L.L.C. and Hudson Valley Bank (the "Consolidation Agreement"), the above Mortgages A and B, as consolidated and assigned and the Gap Mortgage were assumed and consolidated and extended to form a single first lien in the sum of $1,800,000.00. The Consolidation Agreement is intended to be recorded simultaneously herewith in the Office of the Register of the County of Bronx (Division of Land Records).

6.    That said instruments herewith offered for recording do not create a new line of indebtedness other than the Gap Mortgage in the amount of $1,568,000.00 dated June 22 , 2007, for which a mortgage tax of $43,904.00 is being tendered herewith.  Therefore, exemption from further tax is claimed under Section 255 of the Tax Law as to the additional instruments herewith offered for recording.

_Susan Acquafredda_

Sworn to before me this
22nd day of June , 2007

_Notary Public_

NANCY V. O'DONNELL
Notary Public, State of New York
No. 02OD6127501
Qualified in Rockland County 09
Commission Expires May 23, 20

SEAL

<table>
<tr><td>

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

</td><td>



2008081800619001001E8BFB

</td></tr>
</table>

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 11 |
|---|---|---|
| **Document ID:** 2008081800619001 | Document Date: 06-03-2008 | Preparation Date: 08-18-2008 |

Document Type: AGREEMENT
Document Page Count: 9

| PRESENTER: | RETURN TO: |
|---|---|
| TO BE PICK-UP BY USTA | TO BE PICK-UP BY USTA |
| CHICAGO TITLE INSURANCE COMPANY | CHICAGO TITLE INSURANCE COMPANY |
| 202 MAMARONECK AVENUE | 202 MAMARONECK AVENUE |
| WHITE PLAINS, NY 10601 | WHITE PLAINS, NY 10601 |
| 914-683-5900 | 914-683-5900 |
| pcapuano@statewidea.com | pcapuano@statewidea.com |

**PROPERTY DATA**

| Borough | Block | Lot | | Unit | Address |
|---|---|---|---|---|---|
| BRONX | 5529 | 487 | Entire Lot | | 3094 DARE PLACE |

Property Type: RESIDENTIAL VACANT LAND

| Borough | Block | Lot | | Unit | Address |
|---|---|---|---|---|---|
| BRONX | 5529 | 488 | Entire Lot | | 3093 CASLER PLACE |

Property Type: RESIDENTIAL VACANT LAND
  x  Additional Properties on Continuation Page

**CROSS REFERENCE DATA**

BRONX  Year: 1992   Reel: 1125   Page: 358
  x  Additional Cross References on Continuation Page

**PARTIES**

| PARTY 1: | PARTY 2: |
|---|---|
| ACQUAFREDDA ENTERPRISES L.L.C. | HUDSON VALLEY BANK, N.A. |
| 3098 DARE PLACE | 21 SCARSDALE ROAD |
| BRONX, NY 10465 | YONKERS, NY 10707 |

  x  Additional Parties Listed on Continuation Page

**FEES AND TAXES**

| Mortgage | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 1,800,000.00 | | | |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | 255 | | $ | 0.00 |
| TAXES:   County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | **RECORDED OR FILED IN THE OFFICE** | | |
| TASF: | $ | 0.00 | **OF THE CITY REGISTER OF THE** | | |
| MTA: | $ | 0.00 | **CITY OF NEW YORK** | | |
| NYCTA: | $ | 0.00 | Recorded/Filed    08-25-2008 12:16 | | |
| Additional MRT: | $ | 0.00 | City Register File No.(CRFN): | | |
| TOTAL: | $ | 0.00 | 2008000338893 | | |
| Recording Fee: | $ | 94.00 | | | |
| Affidavit Fee: | $ | 8.00 | | | |

*Annette M. Hill*

*City Register Official Signature*

| NYC DEPARTMENT OF FINANCE<br>OFFICE OF THE CITY REGISTER |  |
|---|---|

2008081800619001001C897B

**RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION)**     **PAGE 2 OF 11**

Document ID: 2008081800619001       Document Date: 06-03-2008       Preparation Date: 08-18-2008
Document Type: AGREEMENT

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BRONX | 5529 | 489 | Entire Lot | 3098 DARE PLACE |

Property Type: 1- 2 FAM WITH ATTCH GAR &/OR VACANT LAND

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BRONX | 5529 | 492 | Entire Lot | N/A DARE PLACE |

Property Type: RESIDENTIAL VACANT LAND

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BRONX | 5529 | 500 | Entire Lot | 3091 CASLER PLACE |

Property Type: RESIDENTIAL VACANT LAND

**CROSS REFERENCE DATA**
BRONX Year: 1992   Reel: 1130   Page: 2439
BRONX Year: 1999   Reel: 1626   Page: 1177
CRFN: 2007000430680

**PARTIES**
**PARTY 2:**
HUDSON VALLEY BANK
21 SCARSDALE ROAD
YONKERS, NY 10707

*R08-113*

*9*

# NOTE AND MORTGAGE MODIFICATION AND EXTENSION AGREEMENT

### ACQUAFREDDA ENTERPRISES L.L.C.,
### MORTGAGOR

### TO

### HUDSON VALLEY BANK, N.A.,
### MORTGAGEE

*June*

Dated: ~~May~~ **3**, 2008

| PARCEL I | | PARCEL II | |
|---|---|---|---|
| Section: | 18 | Section: | 18 |
| Volume: | 6 | Volume: | 6 |
| Block: | 5529 | Block: | 5529 |
| Lot: | 487 | Lot: | 488 |
| City: | New York | City: | New York |
| County: | Bronx | County: | Bronx |
| Address: | 3094 Dare Place, Bronx, New York | Address: | 3093 Casler Place, Bronx, New York |

| PARCEL III | | PARCEL IV | |
|---|---|---|---|
| Section: | 18 | Section: | 18 |
| Volume: | 6 | Volume: | 6 |
| Block: | 5529 | Block: | 5529 |
| Lot: | 489 | Lot: | 492 |
| City: | New York | City: | New York |
| County: | Bronx | County: | Bronx |
| Address: | 3098 Dare Place, Bronx, New York | Address: | No # Dare Place, Bronx, New York |

| PARCEL V | |
|---|---|
| Section: | 18 |
| Volume: | 6 |
| Block: | 5529 |
| Lot: | 500 |
| City: | New York |
| County: | Bronx |
| Address: | 3091 Casler Place, Bronx, New York |

### RECORD AND RETURN TO:

HUDSON VALLEY BANK, N.A.
21 Scarsdale Road
Yonkers, New York 10707
Attn: Loan Operations

## NOTE AND MORTGAGE MODIFICATION AND EXTENSION AGREEMENT

THIS NOTE AND MORTGAGE MODIFICATION /AND EXTENSION AGREEMENT (the "Agreement") is made this __3ʳᵈ__ day of ~~May~~ *June* 2008 by and between **Acquafredda Enterprises L.L.C.**, a New York limited liability company, having an office and place of business located at 3098 Dare Place, Bronx, New York 10465 (the "Mortgagor") and **Hudson Valley Bank, N.A. f/k/a Hudson Valley Bank**, a national banking association having its principal office at 21 Scarsdale Road, Yonkers, New York 10707 (the "Mortgagee").

## WITNESSETH:

**WHEREAS,** Mortgagor is the owner of the premises as more particularly described in Schedule A attached hereto and made a part hereof (the "Premises"); and

**WHEREAS,** Mortgagee is the holder of the mortgages (the "Mortgage") listed on Schedule B attached hereto and the notes secured thereby (the "Note") encumbering the Premises and which Mortgage was given by Mortgagor to Mortgagee to secure payment of certain indebtedness in the original principal amount of $1,800,000.00 (the "Loan"); and

**WHEREAS,** Borrower and Mortgagor have requested that Mortgagee extend the Loan for an additional term of six (6) months and to modify certain terms and conditions of the Loan and Mortgagee has agreed to such extension, provided Borrower and Mortgagor execute and deliver this Agreement and thereby agree to continue the lien and security interest created by the Mortgage and the documents executed in connection therewith (the "Lien");

**NOW THEREFORE,** in consideration of the premises and of the mutual promises and covenants contained herein and other good and valuable consideration each to the other in hand paid, the receipt and sufficiency of which is hereby acknowledged, the parties hereto mutually covenant and agree as follows:

1.      All references in the Note, the Mortgage or this Agreement to "the Mortgage" or "this Mortgage" shall hereafter be deemed to be references to the Mortgage as modified by this Agreement. All references in the Note, the Mortgage or this Agreement to "the Note" or " this Note" shall hereafter be deemed to be references to the Note as modified by this Agreement.

2.      Mortgagee acknowledges and agrees that Borrower has paid and Mortgagee has received all monthly installments of interest at the rate for which provision is made in the Note for the installments due through and including the date hereof.

3.      **Maturity Date.** The maturity date of the Loan is hereby extended to January 1, 2009 (the "Maturity Date").

2

4.    **Renewal Fee.** A renewal fee in the amount of $9,000.00 shall be due and payable by the Mortgagor to the Mortgagee upon execution of this Agreement.

5.    **Ratification.** Except as modified by this Agreement, all of the terms, covenants, conditions and provisions of the Note and the Mortgage are hereby ratified and confirmed, and shall remain in full force and affect.

6.    **Title.** Mortgagor represents and warrants to Mortgagee that Mortgagor has good, marketable, fee simple title to the Premises free and clear of all liens except those created by the Loan Documents.

7.    **No Defenses, Set-Offs or Counterclaims.** Mortgagor represents and warrants to Mortgagee that it has no defenses, set-offs, or counterclaims of any kind or nature whatsoever against Mortgagee with respect to the Loan Documents or obligations thereunder, or any actions previously taken by Mortgagee with respect thereto or with respect to any security interest, encumbrance, lien, or collateral in connection therewith to secure the outstanding indebtedness under the Note, the Mortgage or this Agreement, and that the terms, covenants, conditions and provisions of the Loan Documents remain valid and binding obligations of Mortgagor.

8.    MORTGAGOR AND    ANY SUBSEQUENT ENDORSER OR OTHER ACCOMMODATION MAKER WAIVE PRESENTMENT, DEMAND FOR PAYMENT AND NOTICE OF DISHONOR, TOGETHER WITH ANY RIGHT TO A TRIAL BY JURY IN ANY ACTION WITH RESPECT TO THE NOTE OR THE MORTGAGE OR THIS AGREEMENT AND AS TO ANY ISSUES ARISING RELATING TO THE NOTE OR THE MORTGAGE OR THIS AGREEMENT.

**NO FURTHER TEXT ON THIS PAGE**

IN WITNESS WHEREOF, Mortgagor and Mortgagee have executed and delivered this Agreement as of the day and year first above written.

MORTGAGOR:

Acquafredda Enterprises L.L.C.
a New York limited liability company

By: _____
 Susan Acquafredda, Member

MORTGAGEE:

HUDSON VALLEY BANK, N.A.
F/KA HUDSON VALLEY BANK

By: _____
 Name: Christopher Trecino
 Title: Sr. Zu

STATE OF NEW YORK )
 ) ss.:
COUNTY OF WESTCHESTER )

On the ___ day of ____ in the year 2008 before me, the undersigned personally appeared Susan Aquafredda
_____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that (s)he executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

ANTHONY MORMILE
NOTARY PUBLIC, State of New York
No. 01MO6185340
Qualified in Westchester County
Commission Expires May ___, 20__
 _____
 Notary Public

4

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF WESTCHESTER )

On the **3** day of May *June* in the year 2008 before me, the undersigned personally appeared **CHRISTOPHER TROCINO**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that (s)he executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

*Filomena M. De Torres*
Notary Public

FILOMENA M. DeTORRES
NOTARY PUBLIC, State of New York
No. 4993219
Qualified in Westchester County
Commission Expires March 9, **2010**



5

## Schedule A Description

Revised: 04/18/2007
Page    1

Lot 487:

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Bronx, City and State of New York, bounded and described as follows:

BEGINNING at a point on the southerly side of Dare Place, distant 192.48 feet easterly from the corner formed by the intersection of the easterly side of Pennyfield Avenue, as shown on the Final Map of the City of New York, and the southerly side of Dare Place;

RUNNING THENCE easterly along said southerly side of Dare Place, 42.14 feet;

THENCE southerly at right angles to the southerly side of Dare Place, 51.33 feet;

THENCE easterly at right angles to the last mentioned course, 8.12 feet;

THENCE southerly at right angles to the last mentioned course, 11.67 feet;

THENCE westerly at right angles to the last mentioned course, 53.77 feet;

THENCE northerly at right angles to the last mentioned course, 13.00 feet;

THENCE easterly at right angles to the last mentioned course, 3.51 feet;

THENCE northerly at right angles to the southerly side of Dare Place, 50.00 feet to the said southerly side of Dare Place, at the point or place of BEGINNING.

Lot 488:

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Bronx, City and State of New York, bounded and described as follows:

BEGINNING at a point on the northerly side of Casler Place, distant 226.61 feet easterly from the corner formed by the intersection of the easterly side of Pennyfield Avenue, as shown on the Final Map of the City of New York, and the northerly side of said Casler Place;

RUNNING THENCE northerly and at right angles to Casler Place, 13 feet;

**Schedule A Description - continued**
Revised: 04/18/2007
Page   2

THENCE westerly at right angles to the last mentioned course, 7.17 feet;

THENCE northerly at right angles to the last mentioned course, 38.13 feet;

THENCE easterly and forming an interior angle of 89 degrees 57 minutes 05 seconds with the last mentioned course, 44.00 feet;

THENCE southerly 51.09 feet to the northerly side of Casler Place;

THENCE westerly along the northerly side of Casler Place, 36.83 feet to the point or place of BEGINNING.

Lot 489:

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Bronx, City and State of New York, bounded and described as follows:

BEGINNING at a point on the southerly side of Dare Place, distant 234.62 feet easterly from the corner formed by the intersection of the easterly side of Pennyfield Avenue, as shown on the Final Map of the City of New York, and the southerly side of Dare Place;

RUNNING THENCE easterly along said southerly side of Dare Place, 114.39 feet to a point on the original highwater line of Eastchester Bay;

THENCE along said highwater line southerly along a line which forms an interior angle of 62 degrees 20 minutes 05 seconds with the southerly side of Dare Place, 54.50 feet to a point;

THENCE southerly 0.67 feet to a point distant 51.08 feet from the northerly side of Casler Place as measured along a line drawn at an interior angle therewith of 91 degrees 32 minutes 45 seconds;

THENCE westerly forming an interior angle of 91 degrees 29 minutes 50 seconds with the last mentioned course, 80.95 feet to a point;

THENCE southerly forming an exterior angle of 89 degrees 57 minutes 05 seconds with the last mentioned course, 2.46 feet;

THENCE westerly at right angles to the last mentioned course, 8.12 feet;

**Schedule A Description - continued**
Revised: 04/18/2007

Page    3

THENCE northerly at right angles to the southerly side of Dare Place, 51.33 feet to the southerly side of Dare Place, at the point or place of BEGINNING.

Lot 500:

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Bronx, City and State of New York, bounded and described as follows:

BEGINNING at a point on the northerly side of Casler Place, distant 152.51 feet easterly from the corner formed by the intersection of the easterly side of Pennyfield Avenue, as shown on the Final Map of the City of New York, and the northerly side of said Casler Place;

RUNNING THENCE northerly and at right angles to Casler Place, 50 feet;

THENCE easterly at right angles to the last mentioned course, 13.16 feet;

THENCE southerly at right angles to the last mentioned course, 13.00 feet;

THENCE easterly at right angles to the last mentioned course, 53.77 feet;

THENCE southerly at right angles to the last mentioned course, 24.00 feet;

THENCE easterly forming an exterior angle of 90 degrees with the last mentioned course, 7.17 feet;

THENCE southerly at right angles to the northerly side of Casler Place 13.00 feet to the said northerly side of Casler Place;

THENCE westerly along the said northerly side of Casler Place 74.10 feet to the point or place of BEGINNING.

With respect to all of the parcels herein above all references to Casler Place and Dare Place refer to Casler Place and Dare Place as shown on a certain map entitled Sales Diagram of Schuyler Hill, located at Throgg's Necks, Bronx, New York City as located on that survey made by Joseph Nicoletti Associates dated 2/24/2004 and updated 3/28/2007 and referenced in Schedule B herein.

## Schedule B

That a certain Mortgage A dated  September 22, 1992 was made by Thomas Acquafredda and Susan Acquafredda, as Mortgagor, to Chemical Bank, as Mortgagee, in the principal sum of $384,000.00, (the "Mortgage A") which Mortgage was recorded on October 15, 1992 in Reel 1125, page 358  with the Office of the City Register of the City of New York, County of Bronx.

That a Correction Mortgage dated November 12, 1992 was made by Thomas Acquafredda and Susan Acquafredda, as Mortgagor, to Chemical Bank, as Mortgagee, which corrects the legal description of Mortgage A and was recorded on November 20, 1992 in Reel 1130, page 2439 with the Office of the City Register of the City of New York, County of Bronx.

That an Assignment of Mortgage dated May 20, 1998 was made by The Chase Manhattan Bank, f/k/a Chemical Bank, as Assignor to Citibank NA, as Assignee, which assigned Mortgage A, as corrected, to Assignee and was recorded on March 2, 1999 in Reel 1626, page 1175 with the Office of the City Register of the City of New York, County of Bronx

That a certain Mortgage B dated July 31, 1998 was made by Susan Acquafredda and Thomas Acquafredda, as Mortgagor, to Citibank NA, as Mortgagee, in the principal sum of $25,263.52, (the "Mortgage B") which Mortgage was recorded on March 2, 1999 in Reel 1626, page 1177 with the Office of the City Register of the City of New York, County of Bronx.

That a Consolidation Mortgage dated July 31, 1998 was made by Susan Acquafredda and Thomas Acquafredda, as Mortgagor, to Citibank NA, as Mortgagee, which consolidates Mortgage A and Mortgage B to form a single lien in the amount of $384,000.00 and was recorded on March 2, 1999 in Reel 1626, page 1185 with the Office of the City Register of the City of New York, County of Bronx.

That an Assignment of Mortgage (the "Assignment") dated May 14, 2007 was made by CitiMortgage, Inc. attorney-in-fact for Citibank NA, as Assignor, to Hudson Valley Bank, as Assignee which assigns the above Mortgages A and  B, as consolidated,  to Assignee and was recorded on August 20, 2007 in CRFN 2007000430679 with the Office of the City Register of the City of New York, County of Bronx.

That a certain Gap Construction Loan Mortgage (the "Gap Mortgage") dated June 22, 2007 was made by Acquafredda Enterprises L.L.C., as Mortgagor, to Hudson Valley Bank, as Mortgagee, in the principal sum of $1,568,000.00 and was recorded on August 20, 2007 in CRFN 2007000430680 with the Office of the City Register of the City of New York, County of Bronx.

That by a Note and Mortgage Modification, Consolidation, Assumption and Extension Agreement dated June 22, 2007 executed by Acquafredda Enterprises L.L.C. and Hudson Valley Bank (the "Consolidation Agreement"), the above Mortgages A and B, as consolidated and assigned and the Gap Mortgage were assumed and consolidated and extended to form a single first lien in the sum of $1,800,000.00.  The Consolidation Agreement was recorded on August 20, 2007 in CRFN 2007000430681 with the Office of the City Register of the City of New York, County of Bronx.

G:\HVB\Commercia\MODIFICATIONS\2008\Acquafredda\Enterprises\Extension.wpd

6

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2008081800619001001S457A

| SUPPORTING DOCUMENT COVER PAGE | PAGE 1 OF 1 |
|---|---|

Document ID: 2008081800619001    Document Date: 06-03-2008    Preparation Date: 08-18-2008
Document Type: AGREEMENT

**SUPPORTING DOCUMENTS SUBMITTED:**

                                                      Page Count

255 MORTGAGE TAX EXEMPT AFFIDAVIT                2

## AFFIDAVIT UNDER SECTION 255 TAX LAW

STATE OF NEW YORK                     )
                                      : ss.:
COUNTY OF WESTCHESTER                 )

Susan Acquafredda, being duly sworn, deposes and says:

1.     That she is a Member of the Mortgagor of the hereinafter described Mortgage, and she is familiar with the facts and circumstances set forth herein.

2.     That a certain Mortgage A dated September 22, 1992 was made by Thomas Acquafredda and Susan Acquafredda, as Mortgagor, to Chemical Bank, as Mortgagee, in the principal sum of $384,000.00, (the "Mortgage A") which Mortgage was recorded on October 15, 1992 in Reel 1125, page 358 with the Office of the City Register of the City of New York, County of Bronx.  A mortgage tax was paid at the time of recording of the Mortgage A.

3.     That a Correction Mortgage dated November 12, 1992 was made by Thomas Acquafredda and Susan Acquafredda, as Mortgagor, to Chemical Bank, as Mortgagee, which corrects the legal description of Mortgage A and was recorded on November 20, 1992 in Reel 1130, page 2439 with the Office of the City Register of the City of New York, County of Bronx.

4.     That an Assignment of Mortgage dated May 20, 1998 was made by The Chase Manhattan Bank, f/k/a Chemical Bank, as Assignor to Citibank NA, as Assignee, which assigned Mortgage A, as corrected, to Assignee and was recorded on March 2, 1999 in Reel 1626, page 1175 with the Office of the City Register of the City of New York, County of Bronx

5.     That a certain Mortgage B dated July 31, 1998 was made by Susan Acquafredda and Thomas Acquafredda, as Mortgagor, to Citibank NA, as Mortgagee, in the principal sum of $25,263.52, (the "Mortgage B") which Mortgage was recorded on March 2, 1999 in Reel 1626, page 1177 with the Office of the City Register of the City of New York, County of Bronx. A mortgage tax was paid at the time of recording of the Mortgage B.

6.     That a Consolidation Mortgage dated July 31, 1998 was made by Susan Acquafredda and Thomas Acquafredda, as Mortgagor, to Citibank NA, as Mortgagee, which consolidates Mortgage A and Mortgage B to form a single lien in the amount of $384,000.00 and was recorded on March 2, 1999 in Reel 1626, page 1185 with the Office of the City Register of the City of New York, County of Bronx.

7.     That an Assignment of Mortgage (the "Assignment") dated May 14, 2007 was made by CitiMortgage, Inc. attorney-in-fact for Citibank NA, as Assignor, to Hudson Valley Bank, as Assignee which assigns the above Mortgages A and B, as consolidated, to Assignee and was recorded on August 20, 2007 in CRFN 2007000430679 with the Office of the City Register of the City of New York, County of Bronx.

8.     That a certain Gap Construction Loan Mortgage (the "Gap Mortgage") dated June 22, 2007 was made by Acquafredda Enterprises L.L.C., as Mortgagor, to Hudson Valley Bank, as Mortgagee, in the principal sum of $1,568,000.00 and was recorded on August 20, 2007 in CRFN 2007000430680 with the Office of the City Register of the City of New York, County of Bronx. That mortgage tax in the amount of $34,104.00 was paid at the time of recording said mortgage.

9.     That by a Note and Mortgage Modification, Consolidation, Assumption and Extension Agreement dated June 22, 2007 executed by Acquafredda Enterprises L.L.C. and Hudson Valley Bank (the "Consolidation Agreement"), the above Mortgages A and B, as consolidated and assigned and the Gap Mortgage were assumed and consolidated and extended to form a single first lien in the sum of $1,800,000.00. The Consolidation Agreement was recorded on August 20, 2007 in CRFN 2007000430681 with the Office of the City Register of the City of New York, County of Bronx. The present unpaid principal balance is $1,800,000.00.

10.     That a certain Note and Mortgage Modification and Extension Agreement dated ~~May~~ June **3**, 2008 was made by Acquafredda Enterprises L.L.C. and Hudson Valley Bank, N.A. f/k/a Hudson Valley Bank which agreement modifies and extends the above mortgage and was sent for recording simultaneously herewith.

11.     That said instruments herewith offered for recording do not create a new line of indebtedness. Therefore, exemption from further tax is claimed under Section 255 of the Tax Law as to the additional instruments herewith offered for recording.

_Susan Acquafredda_
Susan Acquafredda

Sworn to before me this
3, day of May, 2008

_Notary signature_
Notary Public

ANTHONY MORMILE
NOTARY PUBLIC, State of New York
No. 01MO6185340
Qualified in Westchester County
Commission Expires May 07, 201*

**SEAL**

# OATH AND REPORT – SCHEDULE "C"



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

2012071702047001001EA582

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 11 |
|---|---|

| Document ID: 2012071702047001 | Document Date: 03-28-2012 | Preparation Date: 07-17-2012 |
|---|---|---|

Document Type: ASSIGNMENT, MORTGAGE
Document Page Count: 9

| PRESENTER: | RETURN TO: |
|---|---|
| DEBBIE SCOTT | DEBBIE SCOTT |
| P.O. BOX 8216 | P.O. BOX 8216 |
| WACO, TX 76714 | WACO, TX 76714 |
| 254-761-2882 | 254-761-2882 |
| dscott@fcfc.com | dscott@fcfc.com |

**PROPERTY DATA**

| Borough | Block | Lot | | Unit | Address |
|---|---|---|---|---|---|
| BRONX | 5529 | 459 | Entire Lot | | 3100 CASLER PLACE |
| | Property Type: OTHER | | | | |
| Borough | Block | Lot | | Unit | Address |
| BRONX | 5529 | 500 | Entire Lot | | 3095 CASLER PLACE |
| | Property Type: OTHER | | | | |

x  Additional Properties on Continuation Page

**CROSS REFERENCE DATA**

CRFN: 2010000343073

**PARTIES**

| ASSIGNOR/OLD LENDER: | ASSIGNEE/NEW LENDER: |
|---|---|
| HUDSON VALLEY BANK NA | VFC PARTNERS 19 LLC |
| 21 SCARSDALE ROAD | P.O. BOX 8216 |
| YONKERS, NY 10707 | WACO, TX 76714 |

**FEES AND TAXES**

| Mortgage | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | |
| TASF: | $ | 0.00 | **RECORDED OR FILED IN THE OFFICE** | | |
| MTA: | $ | 0.00 | **OF THE CITY REGISTER OF THE** | | |
| NYCTA: | $ | 0.00 | **CITY OF NEW YORK** | | |
| Additional MRT: | $ | 0.00 | Recorded/Filed   07-26-2012 15:18 | | |
| TOTAL: | $ | 0.00 | City Register File No.(CRFN): | | |
| Recording Fee: | $ | 97.00 | 2012000295781 | | |
| Affidavit Fee: | $ | 0.00 | | | |

*Annette M Hill*

*City Register Official Signature*

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2012071702047001001CA702

| RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION) | PAGE 2 OF 11 |
|---|---|

Document ID: 2012071702047001    Document Date: 03-28-2012    Preparation Date: 07-17-2012

Document Type: ASSIGNMENT, MORTGAGE

**PROPERTY DATA**

| Borough | Block | Lot | | Unit | Address |
|---|---|---|---|---|---|
| BRONX | 5529 | 487 | Entire Lot | | 3094 DARE PLACE |
| | Property Type: OTHER | | | | |
| Borough | Block | Lot | | Unit | Address |
| BRONX | 5529 | 488 | Entire Lot | | 3093 CASLER PLACE |
| | Property Type: OTHER | | | | |
| Borough | Block | Lot | | Unit | Address |
| BRONX | 5529 | 489 | Entire Lot | | 3098 DARE PLACE |
| | Property Type: OTHER | | | | |
| Borough | Block | Lot | | Unit | Address |
| BRONX | 5529 | 492 | Entire Lot | | N/A DARE PLACE |
| | Property Type: OTHER | | | | |

## ASSIGNMENT OF MORTGAGE

FOR VALUABLE CONSIDERATION, HUDSON VALLEY BANK, N.A., a national banking association (the "**Assignor**"), having an address at 21 Scarsdale Road, Yonkers, New York 10707, hereby assigns, grants, sells and transfers to VFC PARTNERS 19 LLC, a Delaware limited liability company (the "**Assignee**"), having an address at 6400 Imperial Drive, Waco, Texas 76712, and the Assignee's successors, transferees and assigns forever, all of the right, title and interest of the Assignor in and to the following:

See Mortgage Schedule attached hereto and made a part hereof,

which said mortgage has an outstanding principal balance of $85,000.00, which indebtedness is secured by the property described in Schedule A attached to this Assignment and incorporated into it by this reference.

Together with the note or other obligations described in said mortgage and all obligations secured by said mortgage now or in the future.

This assignment is not subject to the requirements of Section 275 of the Real Property Law because said mortgage continues to secure bona fide debts and it is an assignment within the secondary mortgage market.

This Assignment is made without representation or recourse, except as set forth in the Loan Sale Agreement dated as of the date hereof between Assignor and Assignee.

*[SIGNATURE PAGE FOLLOWS]*

IN WITNESS WHEREOF, the Assignor has executed this Assignment as of the 28th day of March, 2012.

ASSIGNOR:

**HUDSON VALLEY BANK, N.A.,**
a national banking association

By: _Mary Minieri, EVP_
Name: MARY MINIERI EVP
Title:

STATE OF NEW YORK        )
                         )    ss.:
COUNTY OF WESTCHESTER    )

On March 28 , 2012 before me, the undersigned, personally appeared MARY MINIERI , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

MARY FITZGERALD
NOTARY PUBLIC, State of New York
No. 01FI6008895
Qualified in Westchester County
Commission Expires July 6, 2014

SEAL

## MORTGAGE SCHEDULE

That a certain Mortgage and Security Agreement dated September 24, 2010, was made by Susan Acquafredda, as to Parcel I, and Acquafredda Enterprises L.L.C., as to Parcel II, III, IV, V and VI, as Mortgagor to Hudson Valley Bank, N.A., as Mortgagee, in the principal sum of $85,000.00, (the "Mortgage") which Mortgage and Security Agreement was recorded on October 14, 2010 in CRFN 2010000343073 in the Office of the City Register of the City of New York, Bronx County, State of New York.



**SCHEDULE A**
**(Legal Description)**



# CHICAGO TITLE INSURANCE COMPANY

## S C H E D U L E   A

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Bronx, County of Bronx, City and State of New York;

BEGINNING at a point in a line which is the southerly side of a private road or driveway called Casler Place and which line is parallel with and distant 533.33 feet southerly from the southerly side of Mitchell Place (measured perpendicularly thereto) as laid down on the "Final Map of the City of New York", said point of beginning being also distant 232.93 feet easterly from the intersection of the southerly side of Casler Place with the easterly side of Pennyfield Avenue as the said Avenue is laid down on the said Final Map;

·RUNNING THENCE Southerly along a line drawn at right angles to Mitchell Place, 50 feet;

THENCE Easterly parallel with Mitchell Place, 55.00 feet, more or less to the original high water line;

THENCE Northerly along the original high water line, 50.02 feet more or less to the southerly side of Casler Place;

THENCE Westerly along the southerly side of Casler Place, 56.40 feet more or less to the point or place of BEGINNING.

**L E G A L   D E S C R I P T I O N**

**Schedule A Description**

Revised: 04/18/2007
Page   1

Lot 487:

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Bronx, City and State of New York, bounded and described as follows:

BEGINNING at a point on the southerly side of Dare Place, distant 192.48 feet easterly from the corner formed by the intersection of the easterly side of Pennyfield Avenue, as shown on the Final Map of the City of New York, and the southerly side of Dare Place;

RUNNING THENCE easterly along said southerly side of Dare Place, 42.14 feet;

THENCE southerly at right angles to the southerly side of Dare Place, 51.33 feet;

THENCE easterly at right angles to the last mentioned course, 8.12 feet;

THENCE southerly at right angles to the last mentioned course, 11.67 feet;

THENCE westerly at right angles to the last mentioned course, 53.77 feet;

THENCE northerly at right angles to the last mentioned course, 13.00 feet;

THENCE easterly at right angles to the last mentioned course, 3.51 feet;

THENCE northerly at right angles to the southerly side of Dare Place, 50.00 feet to the said southerly side of Dare Place, at the point or place of BEGINNING.

Lot 488:

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Bronx, City and State of New York, bounded and described as follows:

BEGINNING at a point on the northerly side of Casler Place, distant 226.61 feet easterly from the corner formed by the intersection of the easterly side of Pennyfield Avenue, as shown on the Final Map of the City of New York, and the northerly side of said Casler Place;

RUNNING THENCE northerly and at right angles to Casler Place, 33 feet;

**Schedule A Description - continued**
Revised: 04/18/2007
Page   2

THENCE westerly at right angles to the last mentioned course, 7.17 feet;

THENCE northerly at right angles to the last mentioned course, 38.13 feet;

THENCE easterly and forming an interior angle of 89 degrees 57 minutes 05 seconds with the last mentioned course, 44.00 feet;

THENCE southerly 51.09 feet to the northerly side of Casler Place;

THENCE westerly along the northerly side of Casler Place, 36.83 feet to the point or place of BEGINNING.

Lot 489:

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Bronx, City and State of New York, bounded and described as follows:

BEGINNING at a point on the southerly side of Dare Place, distant 234.62 feet easterly from the corner formed by the intersection of the easterly side of Pennyfield Avenue, as shown on the Final Map of the City of New York, and the southerly side of Dare Place;

RUNNING THENCE easterly along said southerly side of Dare Place, 114.39 feet to a point on the original highwater line of Eastchester Bay;

THENCE along said highwater line southerly along a line which forms an interior angle of 62 degrees 20 minutes 05 seconds with the southerly side of Dare Place, 54.50 feet to a point;

THENCE southerly 0.67 feet to a point distant 51.08 feet from the northerly side of Casler Place as measured along a line drawn at an interior angle therewith of 91 degrees 32 minutes 45 seconds;

THENCE westerly forming an interior angle of 91 degrees 29 minutes 50 seconds with the last mentioned course, 80.95 feet to a point;

THENCE southerly forming an exterior angle of 89 degrees 57 minutes 05 seconds with the last mentioned course, 2.46 feet;

THENCE westerly at right angles to the last mentioned course, 8.12 feet;

**Schedule A Description - continued**
Revised: 04/18/2007
Page    3

THENCE northerly at right angles to the southerly side of Dare Place, 51.33 feet to the southerly side of Dare Place, at the point or place of BEGINNING.

Lot 500:

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Bronx, City and State of New York, bounded and described as follows:

BEGINNING at a point on the northerly side of Casler Place, distant 152.51 feet easterly from the corner formed by the intersection of the easterly side of Pennyfield Avenue, as shown on the Final Map of the City of New York, and the northerly side of said Casler Place;

RUNNING THENCE northerly and at right angles to Casler Place, 50 feet;

THENCE easterly at right angles to the last mentioned course, 13.16 feet;

THENCE southerly at right angles to the last mentioned course, 13.00 feet;

THENCE easterly at right angles to the last mentioned course, 53.77 feet;

THENCE southerly at right angles to the last mentioned course, 24.00 feet;

THENCE easterly forming an exterior angle of 90 degrees with the last mentioned course, 7.17 feet;

THENCE southerly at right angles to the northerly side of Casler Place 13.00 feet to the said northerly side of Casler Place;

THENCE westerly along the said northerly side of Casler Place 74.10 feet to the point or place of BEGINNING.

With respect to all of the parcels herein above all references to Casler Place and Dare Place refer to Casler Place and Dare Place as shown on a certain map entitled Sales Diagram of Schuyler Hill, located at Throgg's Necks, Bronx, New York City as located on that survey made by Joseph Nicoletti Associates dated 2/24/2004 and updated 3/28/2007 and referenced in Schedule B herein.

HUDSON VALLEY BANK, N.A.

TO

VFC PARTNERS 19 LLC

*99 L 1 D4 3000*

ASSIGNMENT OF MORTGAGE

DATED:  MARCH 28, 2012

| PARCEL I | |
|---|---|
| Section: | --- |
| Block: | 5529 |
| Lot: | 459 |
| City: | New York |
| County: | Bronx |
| Address: | 3100 Casler Place, Bronx, New York |

| PARCEL II | |
|---|---|
| Section: | 18 |
| Volume: | 6 |
| Block: | 5529 |
| Lot: | 500 |
| City: | New York |
| County: | Bronx |
| Address: | 3091 Casler Place, Bronx, New York |

| PARCEL III | |
|---|---|
| Section: | 18 |
| Volume: | 6 |
| Block: | 5529 |
| Lot: | 487 |
| City: | New York |
| County: | Bronx |
| Address: | 3094 Dare Place, Bronx, New York |

| PARCEL IV | |
|---|---|
| Section: | 18 |
| Volume: | 6 |
| Block: | 5529 |
| Lot: | 488 |
| City: | New York |
| County: | Bronx |
| Address: | 3093 Casler Place, Bronx, New York |

| PARCEL V | |
|---|---|
| Section: | 18 |
| Volume: | 6 |
| Block: | 5529 |
| Lot: | 489 |
| City: | New York |
| County: | Bronx |
| Address: | 3098 Dare Place, Bronx, New York |

| PARCEL VI | |
|---|---|
| Section: | 18 |
| Volume: | 6 |
| Block: | 5529 |
| Lot: | 492 |
| City: | New York |
| County: | Bronx |
| Address: | No # Dare Place, Bronx, New York |

Please Record and Return to:
FirstCity Servicing Department
Attn: Debbie Scott
P.O. Box 8216
Waco, TX 76714-8216



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

2017050301149001002E4DC2

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 6 |
|---|---|

| | | |
|---|---|---|
| **Document ID:** 2017050301149001 | Document Date: 11-14-2016 | Preparation Date: 05-19-2017 |
| **Document Type:** ASSIGNMENT, MORTGAGE | | |
| Document Page Count: 4 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| REDVISION (PICK UP)<br>16 COURT STREET SUITE 714<br>PARTNERS ABSTRACT (200501-B)<br>BROOKLYN, NY 11241<br>718-797-5444<br>KAVITA.JURAKAN@REDVISION.COM | PARTNERS ABSTRACT CORP.<br>1025 OLD COUNTRY ROAD, SUITE 409<br>WESTBURY, NY 11590 |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BRONX | 5529 | 487 | Entire Lot | 3094 DARE PLACE |

Property Type: DWELLING ONLY - 2 FAMILY

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BRONX | 5529 | 488 | Entire Lot | 3093 CASLER PLACE |

Property Type: DWELLING ONLY - 2 FAMILY

☒ Additional Properties on Continuation Page

### CROSS REFERENCE DATA

BRONX    Year: 1992    Reel: 1130    Page: 2439

☒ Additional Cross References on Continuation Page

### PARTIES

| ASSIGNOR/OLD LENDER: | ASSIGNEE/NEW LENDER: |
|---|---|
| VFC PARTNERS 19 LLC<br>6400 IMPERIAL DR<br>WACO, TX 76712 | AVAIL 1 LLC<br>2100 PONCE DE LEON BLVD., SUITE 720<br>CORAL GABLES, FL 33134 |

### FEES AND TAXES

| Mortgage : | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording Fee: | $ | 75.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

Recorded/Filed    05-22-2017 15:53
City Register File No.(CRFN):
2017000192011

*Annette M Hill*

*City Register Official Signature*



| NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER | |
|---|---|

2017050301149001002C4F42

| RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION) | | PAGE 2 OF 6 |
|---|---|---|
| Document ID: 2017050301149001 | Document Date: 11-14-2016 | Preparation Date: 05-19-2017 |
| Document Type: ASSIGNMENT, MORTGAGE | | |

**PROPERTY DATA**

| Borough | Block Lot | | Unit | Address |
|---|---|---|---|---|
| BRONX | 5529 489 | Entire Lot | | 3098 DARE PLACE |
| Property Type: DWELLING ONLY - 1 FAMILY | | | | |
| Borough | Block Lot | | Unit | Address |
| BRONX | 5529 492 | Entire Lot | | N/A DARE PLACE |
| Property Type: RESIDENTIAL VACANT LAND | | | | |
| Borough | Block Lot | | Unit | Address |
| BRONX | 5529 500 | Entire Lot | | 3095 CASLER PLACE |
| Property Type: DWELLING ONLY - 2 FAMILY | | | | |

**CROSS REFERENCE DATA**

BRONX Year: 1999   Reel: 1626   Page: 1177
CRFN: 2007000430680

Prepared By:

Trimont Real Estate Advisors
3131 Turtle Creek Blvd., Suite 400
Dallas, Texas 75219-5433

And When Recorded Mail To:

_____
_____
_____
Asset Name: Acquafredda Enterprises,
L.L.C.
Trimont Asset No.:

*(Space above this line for Recorder's use)*

## ASSIGNMENT OF LOAN AND LIENS

VFC Partners 19 LLC, a Delaware limited liability company, (the "Assignor") hereby sells, transfers, assigns, and conveys to AVAIL 1 LLC, a Florida limited liability company, (the "Assignee"), having an address of 2100 Ponce De Leon Blvd., Suite 720, Coral Gables, Florida 33134, without recourse or warranty, express or implied, except only as specifically provided in that certain Asset Sale Agreement (the "Agreement") dated November ___9___, 2016, by and among Assignor and Assignee, all of Assignor's right, title, and interest in the Loan(s) (as such term is defined in the Agreement) (whether one or more, herein so called) identified in Attachment I, attached hereto and made a part hereof, together with, and all documents and instruments evidencing, securing, governing and guaranteeing the indebtedness evidenced by the Loan(s) and all renewals, modifications, amendments, supplements and restatements thereof (collectively, the "Collateral Documents"), including, without limitation, those more specifically described in Attachment I.

EXCEPT AS EXPRESSLY SET FORTH IN THE ASSET SALE AGREEMENT, ASSIGNOR MAKES NO REPRESENTATIONS OR WARRANTIES, EXPRESS OR IMPLIED BY LAW, OF ANY TYPE, KIND, CHARACTER, OR NATURE WITH RESPECT TO SAID DOCUMENTS OR INSTRUMENTS.

*Having an address of 6400 imperial Dr, Waco, Tx, 7671)*

**IN WITNESS WHEREOF,** this Assignment of Loan and Liens is executed November 14, 2016.

ASSIGNOR:
**VFC Partners 19 LLC**
By: VFC Partners GP LLC, managing member

By: _____
Name: Bethanie M. Anderson
Title:   Vice President

STATE OF TEXAS          §
                        §
COUNTY OF DALLAS        §

On the 14th day of November, 2016, before me, the subscriber, a Notary Public in and for the State and County aforesaid, personally appeared Bethanie M. Anderson who acknowledged herself to be the Vice President of VFC Partners GP LLC, the managing member of VFC Partners 19 LLC, and that she, in such capacity, being authorized to do so, executed the foregoing Assignment of Loan and Liens for the purposes therein contained on behalf of such limited liability company by signing the name of the limited liability company, by herself in such capacity.

WITNESS my hand and seal the day and year aforesaid.

_____
Notary Public
My Commission Expires: 4/26/20

The Address of Assignee is:

AVAIL 1 LLC
2100 Ponce De Leon Blvd, Suite 720
Coral Gables, Florida 33134

## Attachment I

| | |
|---|---|
| Sort No: | 43.01 |
| Asset Name: | ACQUAFREDDA ENTERPRISES LLC |
| Purchaser's Asset No. | 9901043100 |
| Property Location: | Bronx, Bronx NY |

Consolidated Construction Mortgage Loan Note dated June 22, 2007, in the original principal amount of $1,800,000.00, executed by Acquafredda Enterprises, L.L.C. payable to the order of Hudson Valley Bank.

Note dated July 31, 1998, in the original principal amount of $25,263.52, executed by Susan Acquafredda and Thomas Acquafredda payable to the order of Citibank, N. A. as endorsed on May 14, 2007 by CitiMortgage, N.A., Attorney In Fact for Citibank, N.A. in favor of Hudson Valley Bank.

Adjustable Rate Note  dated September 22, 1992, in the original principal amount of $384,000.00, executed by Susan Acquafredda and Thomas Acquafredda  payable to the order of Citibank, N. A. as endorsed on May 14, 2007 by CitiMortgage, N.A., Attorney In Fact for Citibank, N.A. in favor of Hudson Valley Bank.

Mortgage  dated September 22, 1992, executed by Thomas Acquafredda and Susan Acquafredda in favor of Chemical Bank  in the amount of $384,000.00 recorded on October 15, 1992 in Book 1125 at Page 0358 as modified by Correction to Mortgage recorded November 20, 1992 in Reel 1130, Page 2439 to record the Fixed Rate and Arm Riders to the mortgage in the Office of the New York City Register , Bronx  County, State of New York .

Mortgage  dated July 31, 1998, executed by Thomas Acquafredda and Susan Acquafredda in favor of Citibank, N.A. in the amount of $25,263.52 recorded on March 02, 1999 in Book 1626 at Page 1177 in the Office of the New York City Register , Bronx  County, State of New York .

GAP Construction Loan Mortgage and Security Agreement  dated June 22, 2007, executed by Acquafredda Enterprises, L.L.C. in favor of Hudson Valley Bank  in the amount of $1,568,000.00 recorded on August 20, 2007 as CRFN 2007000430680 in the Office of the New York City Register , Bronx  County, State of New York

Assignment of Lessor's Interest in Leases dated June 22, 2007, executed by Acquafredda Enterprises, L.L.C. in favor of Hudson Valley Bank recorded on August 20, 2007 as CRFN 2007000430682 in the Offitce of the New York City Register , Bronx  County, State of New York .

Consolidation, Extension and Modification Agreement  dated July 31, 1998, executed by Susan Acquafredda and Thomas Acquafredda in favor of Citibank, N.A.  recorded on March 02, 1999 in Book 1626 at Page 1185 in the Office of the New York City Register ,  Bronx County, State of New York .

Mortgage Modification, Extension, Consolidation, Assumption, Assignment of Leases and Rents and Security Agreement  dated June 22, 2007, executed by Acquafredda Enterprises, L.L.C. in favor of Hudson Valley Bank  recorded on August 20, 2007 as CRFN 2007000430681 in the Office of the New York City Register ,  Bronx County, State of New York .

Note and Mortgage Modification and Extension Agreement  dated June 03, 2008, executed by Acquafredda Enterprises, L.L.C. in favor of Hudson Valley Bank, N.A.  recorded on August 25, 2008 as CRFN 2008000338693 in the Office of the New York City Register ,  Bronx County, State of New York .

Note and Mortgage Modification and Extension Agreement  dated March 11, 2009, executed by Acquafredda Enterprises, L.L.C. in favor of Hudson Valley Bank, N.A.  recorded on April 13, 2009 as CRFN 2009000107403 in the Office of the New York City Register ,  Bronx County, State of New York .

Note and Mortgage Modification and Extension Agreement  dated July 15, 2009, executed by Acquafredda Enterprises, L.L.C. in favor of Hudson Valley Bank, N.A.  recorded on August 19, 2009 as CRFN 2009000263714 in the Office of the New York City Register ,  Bronx County, State of New York .

Note and Mortgage Modification and Extension Agreement  dated January 19, 2010, executed by Acquafredda Enterprises, L.L.C. in favor of Hudson Valley Bank, N.A.  recorded on April 07, 2010 as CRFN 2010000116079 in the Office of the New York City Register ,  Bronx County, State of New York .

Note and Mortgage Modification and Extension Agreement  dated May 14, 2010, executed by Acquafredda Enterprises, L.L.C. in favor of Hudson Valley Bank, N.A.  recorded on June 10, 2010 as CRFN 2010000193593 in the Office of the New York City Register ,  Bronx County, State of New York .

Note and Mortgage Modification, Spreader and Extension Agreement  dated September 24, 2010, executed by Acquafredda Enterprises, L.L.C. in favor of Hudson Valley Bank, N.A.  recorded on October 14, 2010 as CRFN 2010000343074 in the Office of the New York City Register ,  Bronx County, State of New York .

Assignment of Mortgage  dated March 28, 2012 executed by Hudson Valley Bank, N.A. in favor of VFC Partners 19 LLC recorded on July 27, 2012 as CRFN: 2012000297189 in the Office of the Department of Finance, Bronx County, State of New York.

Assignment of Assignment of Lessor's Interest in Leases dated March 28, 2012 executed by Hudson Valley Bank, N.A. in favor of VFC Partners 19 LLC recorded on July 27, 2012 as CRFN:2012000297206 in the Office of the Department of Finance, Bronx

## Attachment I

County, State of New York.

Assignment of Mortgage or Deed of Trust  dated May 20, 1998 executed by The Chase Manhattan Bank f/k/a Chemical Bank  in favor of Citibank, N A  recorded on March 02, 1999 in Book 1626 at Page 1175 in the Office of the New York City Register , Bronx County, State of New York .

Assignment of Mortgage  dated May 14, 2007 executed by Citibank, N. A. in favor of Hudson Valley Bank recorded on August 20, 2007 as CRFN 2007000430679 in the Office of the New York City Register , Bronx County, State of New York .

BL-5529 Lot 448   - 3093 Gisle Pl., Bronx
BL-5529 Lot ~~485~~ 487   3094 Dare Pl., Bronx
BL-5529  Lot 489   3098 Dare Pl., Bronx
BL-5529 Lot 492   No# Dare Pl., Bronx
BL-5529 Lot 500   3091 Gisle Pl, Bronx



RECEIVED BY:

MAY 29 2018

Judgment Department

At an IAS Term, Part 21 , of the Supreme
Court of the State of New York, held in and
For the County of BRONX, at the
Courthouse located at 851 Grand Concourse,
Bronx, NY 10451 on the
_10th_ day of __May__ , 2018.

HON. JULIA I. RODRIGUEZ

PRESENT: ___                       , J.S.C.

-----------------------------------------------------x

VFC PARTNERS 19 LLC,

                Plaintiff,

    -against-

ACQUAFREDDA ENTERPRISES LLC; THOMAS
ACQUAFREDDA; SUSAN ACQUAFREDDA; NEW
YORK STATE DEPARTMENT OF TAXATION AND
FINANCE; L&T CONSTRUCTION, and LLC VFC
PARTNERS 19 LLC,

                Defendant(s).

-----------------------------------------------------x

Index No.: 380881/2011

**JUDGMENT OF
FORECLOSURE AND
SALE AND CAPTION
AMENDMENT**
Property Address:
3094 Dare Place
Block: 5529  Lot: 487
3093 Casler Place
Block: 5529  Lot: 488
3098 Dare Place
Block: 5529  Lot: 489
N/A Dare Place
Block: 5529  Lot: 492
3095 Casler Place
Block: 5529  Lot: 500

        UPON reading and filing of the Notice of Motion dated August 23, 2017, the Affirmation

of Alan H. Weinreb, Esq. of The Margolin & Weinreb Law Group, LLP, dated August 23, 2017,

the Summons, Complaint and Notice of Pendency of Action filed on August 1, 2011, upon the

filing of the Successive Notice of Pendency on May 27, 2016, and proof that all defendants have

been duly served and the Affidavits of Service were duly filed, and more particularly referred to

in the Affirmation of Regularity of prior attorney, Robert T. Holland, Esq., signed on June 10,

2016, from which Affirmation it appears that this is an action to foreclose a mortgage upon real

property situate within the territorial jurisdiction of this Court; that the whole amount thereon, as

alleged in the Complaint, is presently due and owing, with interest thereon, as therein alleged; and upon the prior Order granting Summary Judgment, striking Defendants' Answer, and dismissing all defendants' affirmative defenses, Amending the Caption; and Appointing a Referee to ascertain and compute the amount due the plaintiff, and to examine and report whether the mortgaged premises can be sold in parcels, by which report, filed simultaneously herewith, the Referee has reported that the sum of Three Million Five Hundred Seventy Two Thousand Six Hundred Forty Four and 51/100 ($3,572,644.51) DOLLARS is due and owing to plaintiff as of May 27, 2017; and the mortgaged premises should be sold in parcels; that the time for each defendant to answer or move with respect to the Complaint has expired; that none of the defendants is an infant, incompetent or absentee, and that all defendants are in default, however all defendants have received notice pursuant to CPLR §3215 as the action herein is more than eleven months old; and the same having regularly come on to be heard before this Court, and after due deliberation;

NOW, on motion of THE MARGOLIN & WEINREB LAW GROUP, LLP, attorneys for plaintiff, it is

ORDERED, ADJUDGED AND DECREED, that the motion is granted and the report of the Referee is hereby confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the caption be amended by substituting the name of AVAIL 1 LLC in the place and instead of VFC PARTNERS 19 LLC as plaintiff; and all papers and proceedings shall be deemed amended accordingly;

ORDERED, ADJUDGED AND DECREED, that the caption be amended by substituting the name of defendants L&T CONSTRUCTION, LLC, and VFC PARTNERS 19

LLC, in the place and instead of L&T CONSTRUCTION, and LLC VFC PARTNERS 19 LLC

as defendants; and all papers and proceedings shall be deemed amended accordingly, to read as

follows:

------------------------------------------------------------------x

AVAIL 1 LLC,                                                    Index No.: 380881/2011

                          Plaintiff,

            -against-

ACQUAFREDDA ENTERPRISES LLC; THOMAS
ACQUAFREDDA SUSAN ACQUAFREDDA; NEW
YORK STATE DEPARTMENT OF TAXATION AND
FINANCE; L&T CONSTRUCTION, LLC and VFC
PARTNERS 19 LLC,

                          Defendants.

------------------------------------------------------------------x

         And it is further,

         **ORDERED, ADJUDGED AND DECREED**, that the mortgaged premises described in

the Complaint, as hereinafter described, be sold in parcels, subject any prior mortgages, to any

real estate taxes, assessments, water rents and sewer rents, unless same are due and payable on

the date of sale, or any adjourned date thereof, irrespective of the date upon which same have

become or may be a lien upon the said premises; prior mortgages, liens and judgments of record,

if any, zoning restrictions and any amendments thereto, according to law, and now in force;

subject to the state of facts an accurate survey may show; covenants, restrictions, agreements,

reservations and easements of record, if any, and to any and all violations thereof; any and all

building and zoning regulations, restrictions and ordinances of the municipality in which said

premises are located, and violations and/or liens of same, including, but not limited to,

reapportionment of lot lines, and vault charges, if any; any and all orders or requirements issued

by any governmental body having jurisdiction against or affecting said premises and violations

of the same; the physical condition of any buildings or structure on the premises as the date of

closing, as purchaser assumes all risk of loss or damage to the premises from ~~the date of the foreclosure sale until~~ the date of closing and thereafter; rights of tenants or occupants in possession, if any; the rights of any defendants pursuant to CPLR §317, 2003 and 5015, if any; and other conditions as set forth in the terms of sale; any sale to be held hereunder will be subject to the rights of the United States of America to redeem, if any; at public auction at ROOM 600 AT 2 P.M. AT 851 Grand Concourse, Bronx N.Y. on any Monday except Holidays THE Bronx County Courthouse, by and under the direction of Richard Tolchin, Esq.; that said Referee give public notice of the time and place of said sale according to law and the practice of this Court in the ~~the~~ New York Law Journal AND

Bronx Times Reporter , that the plaintiff or any other party to this action may become the purchaser at such sale; that in the event the plaintiff shall become the purchaser at said sale, it shall not be required to make any deposit thereon; that said Referee execute to the purchaser(s) on such sale a deed or deeds of the premises sold; that all deed stamps, transfer taxes and recording fees, if any, shall be paid by the purchaser; that the Referee on receiving the proceeds of sale shall forthwith pay therefrom the taxes, assessments, water rates and sewer rents or environmental liens which are liens on the premises and are due and payable as of the date of sale with such interest or penalties which may lawfully have accrued thereon to the day of payment, that the Referee then deposit the balance of the proceeds of this sale in his own name as Referee in Referee's choice within the AN FDIC-INSURED BANK OF THE and shall thereafter make the following payments and his checks drawn for that purpose shall be paid by the said depository, to wit:

**FIRST:** The Referee shall pay a sum not exceeding $750.⁰⁰/₁₀₀ the amount allowed by CPLR §8003, to the said Referee as his/her fee herein;

JSC

**SECOND:** The expenses of the sale and the advertising expenses as shown on the bills presented and certified by said Referee to be correct, copies of which shall be annexed to the report of sale and the NYC Transfer Tax, pursuant to 19 RCNY 23-03(d)(2), if applicable, payable within 30 days of delivery of the deed pursuant to 19 RCNY 23-08(a). The Referee shall not be held responsible for the payment of penalties or fees pursuant to this appointment. Purchaser and any title company hired by the purchaser shall be responsible for any penalties or fees incurred as a result of a late payment of the tax as required pursuant to the City Administrative Code 19 RCNY 23-08(a) which requires payment within 30 days. The Purchaser shall hold the Referee harmless from any such penalties assessed as a result of late payment of these taxes.

**THIRD:** The Referee shall pay to plaintiff or his attorney the sum of Three Million Five Hundred Seventy Two Thousand Six Hundred Forty Four and 51/100 ($3,572,644.51) DOLLARS, CONTRACTUAL INTEREST THEREON FROM THE 27th DAY OF MAY 2017, THE DATE THE INTEREST WAS CALCULATED TO WITHIN SAID REPORT, TO THE DATE OF ENTRY OF THIS being the amount due as aforesaid, together with ~~interest to the date of the sale directed herein or to the date of the delivery of the Referee's Deed, whichever is~~ JUDGEMENT WITH LEGAL INTEREST THEREAFTER, ~~later,~~ or so much thereof as the purchase money will pay of the same.

**FOURTH:** The Referee shall pay the sum of $ 1,840.00 , as taxed by the Clerk of the Court and hereby adjudged to the plaintiff for costs and disbursements in this action, with interest thereon from the date hereof, together with such advances as the plaintiff shall have made for mortgage insurance premiums, fire and other casualty insurance, and such other expenses incurred, including but not limited to repairs, maintenance, boarding and securing the premises, and payments on account of prior mortgages, if any, with interest at the contract rate thereon, for the protection of the said premises, or so much thereof as the purchase money of the mortgage premises will pay

the same; together with an additional allowance of $300.00, hereby awarded to plaintiff in addition to the costs and disbursements, with interest thereon from the date hereof; together with the sum of $ *3,900.* *00* for Plaintiff's attorney's fees and expenses which sum shall be added to and made a part of the judgment herein; and it is further

*J.S.C.*

**ORDERED, ADJUDGED AND DECREED,** that in the exercise of the Court's discretion, plaintiff must sell the subject premises within 180 days from the date of entry of the judgment; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the Referee at the time of sale shall accept a written bid from the plaintiff or the plaintiff's attorney, just as though plaintiff were physically present to submit said bid, and it is further

**ORDERED, ADJUDGED AND DECREED,** that the Referee shall conduct the foreclosure sale only if plaintiff, its successors and/or assigns, or its representative is present at the sale or the referee has received a written bid and Terms of Sale from plaintiff, its successors and/or assigns, or its representative; and it if further

**ORDERED, ADJUDGED AND DECREED,** that in case the plaintiff be the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchaser, or its assignee, shall be assigned to and be acquired by the plaintiff, and a valid assignment thereof filed with said Referee, said Referee shall not require the plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the plaintiff a deed or deeds of the premises sold upon the payment to said Referee of the amounts specified above in items marked "FIRST" and "SECOND" and the amounts of the aforesaid taxes, assessments, water rents and sewer rents, and interest or penalties thereon, or in lieu of the payment of said last mentioned

amounts, upon filing with said Referee receipts of the proper municipal authorities showing the payment thereof; or an affidavit by plaintiff setting forth that payment has been made; provided however plaintiff shall not be required to pay said taxes, assessments, water rents and sewer rents, unless same are due and payable on the date of sale, or any adjourned date thereof, irrespective of the date upon which same have become or may be a lien upon the said premises; that the balance of the amount bid, after deduction therefrom of the aforesaid amounts paid by the plaintiff for Referee's fees, advertising expenses and taxes, assessments, water rates and sewer rents, shall be allowed to the plaintiff and applied by the Referee upon the amounts due to the plaintiff as specified above in items marked "THIRD" and "FOURTH"; that if, after so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the plaintiff, the plaintiff shall pay to the Referee upon delivery to it of the said Referee's deed, the amount of such surplus; that the Referee on receiving said amounts from the plaintiff shall forthwith pay therefrom said taxes, assessments, water rates, sewer rents, and interest or penalties thereon, unless the same shall have already been paid, the Referee shall then deposit the balance in said depository as hereinabove directed; and it is further

**ORDERED**, that by accepting this appointment, the referee certifies that she/he is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36) including, but not limited to Section 36.2(c) ("Disqualification from Appointment") and Section 36.2(d) ("Limitations on Appointments based on Compensation"); and it is further

**ORDERED, ADJUDGED AND DECREED**, that said Referee take the receipts for the money so paid out by him, and file it with the Report of Sale; that he deposit the surplus monies, if any, with the Bronx County Clerk within five days after the same shall be received and be ascertainable, to the credit of this action,

to be withdrawn only on the Order of this Court, that the Referee shall make a report of such sale ~~Bronx County Clerk within thirty (30) days after completing the sale and~~ and file it with the ~~Clerk of the County in which this action is pending, with all convenient~~ ~~speed~~ executing the proper conveyance to the purchaser; and it is further

*Df*
*JSC*

**ORDERED, ADJUDGED AND DECREED,** that if the proceeds of such sale be insufficient to pay the amount so reported due to the plaintiff with the expenses of the sale, advances, attorney's fees, interest, costs and allowances, as aforesaid, the Referee shall specify the amount of such deficiency in the Report of Sale and that the plaintiff recover of the defendant, ACQUAFREDDA ENTERPRISES LLC, THOMAS ACQUAFREDDA; and SUSAN ACQUAFREDDA the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgage debt remaining unsatisfied, after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the Real Property Actions and Proceedings Law, and the amount thereof determined and awarded by an Order of this Court as provided for in said section; and it is further

**ORDERED, ADJUDGED and DECREED,** that the purchaser(s) at said sale be let into possession on production of the Referee's deed or deeds; and it is further

**ORDERED, ADJUDGED and DECREED,** that each and all of the defendants, in this acting and all persons by, through or claiming under them or any or either of them, after the filing of the Notice of Pendency of this action, be and they hereby are forever barred and foreclosed of all right, claim, lien, title interest and equity of redemption in said mortgaged premises, and each and every part thereof.

A description of the real property under foreclosure is annexed as Schedule "A".

Said premises being known as and by street address and bearing tax map designations as follow:

3094 Dare Place, Bronx, NY — Block: 5529   Lot: 487

3093 Casler Place, Bronx, NY — Block: 5529   Lot: 488

3098 Dare Place, Bronx, NY — Block: 5529   Lot: 489

N/A Dare Place, Bronx, NY — Block: 5529   Lot: 492

3095 Casler Place, Bronx, NY — Block: 5529   Lot: 500

ORDERED, that the Plaintiff shall serve a copy of the Notice of Sale upon the Ex-Parte Office at least ten (10) days prior to the scheduled sale date.

ENTER

_____
J.S.C.

HON. JULIA I. RODRIGUEZ

Luis M. Diaz
County Clerk

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------x   Index No.: 380881/2011

VFC PARTNERS 19 LLC,

                                        Plaintiff,                **COSTS OF PLAINTIFF**

                        -against-

ACQUAFREDDA ENTERPRISES LLC; THOMAS
ACQUAFREDDA; SUSAN ACQUAFREDDA; NEW YORK
STATE DEPARTMENT OF TAXATION AND FINANCE;
L&T CONSTRUCTION, and LLC VFC PARTNERS 19 LLC,

                                        Defendant(s).
-----------------------------------------------------------------x

Costs before Note of Issue filed,
CPLR §8201(1)..................................................  $200.00

Additional Allowance by Statute – CPLR §8302(a)(b):

Addl.(not exceeding $200)  $200 at 10%......$20.00
Addl.(not exceeding $800)  $800 at 5%.........$40.00
Addl.(not exceeding $2000) $2,000 at 2%...$40.00
Addl. (not exceeding $5000) $5,000 at 1%...$50.00........  $150.00

Additional allowance by Statute – CPLR §8302(d)..........  $ 50.00
                                SUB TOTAL                    $400.00

                        FEES AND DISBURSEMENTS

Fee for Index Number and Filing Lis Pendens
CPLR 8018(a), 8021(a)(12)...................................$470.00
Paid for searches............................................. $ 250.00
Serving copy of summons and complaint
CPLR §8011(c), 8301(d)......................................  $240.00
Request for Judicial Intervention............................ $ 95.00
Referee's Fee (CPLR 8301(a)(1), 8003(a))................... $250.00
Paid Copies of Paper.......................................... $  0.00
Motion fees.................................................... $135.00
Fees for Publication .........................................amount unknown
                        SUB TOTAL              $1440.00   TOTAL $ 1840.00

Taxed at $ 1840.00         this 29th day of May, 2018.

                                        _____
                                        Clerk

STATE OF NEW YORK)
                  )ss:
COUNTY OF NASSAU)


        The undersigned, an attorney duly admitted to practice in the Courts of this State, affirms that he is an associate of THE MARGOLIN & WEINREB LAW GROUP, LLP the attorneys of record for the plaintiff in the above-entitled action; that the foregoing disbursements have been or will necessarily be made or incurred in this action and are reasonable in amount and that copies of documents or papers as charged herein were actually and necessarily obtained for use.

        The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: August 23, 2017
        Syosset, New York

                                                    _____
                                                    Alan H. Weinreb, Esq.

Index No.: 380881/2011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------------x
VFC PARTNERS 19 LLC,

                                        Plaintiff,

        -against-


ACQUAFREDDA ENTERPRISES LLC; THOMAS
ACQUAFREDDA; SUSAN ACQUAFREDDA; NEW YORK
STATE DEPARTMENT OF TAXATION AND FINANCE;
L&T CONSTRUCTION, and LLC VFC PARTNERS 19 LLC,

                                Defendant(s).
--------------------------------------------------------------------x


JUDGMENT OF FORECLOSURE AND SALE


THE MARGOLIN & WEINREB LAW GROUP, LLP

        BY: _____
                Alan H. Weinreb, Esq.
                Attorneys for Plaintiff
                165 Eileen Way, Suite 101
                Syosset, New York 11791
                516-921-3838

Judgment entered
by L.P. on MAY 2 9 2018

# EXHIBIT B

HEARING DATE: October 23, 2019
HEARING TIME: 10:00 AM

Gabriel Del Virginia, Esq. (GDV-4951)
**LAW OFFICES OF GABRIEL DEL VIRGINIA**
*Attorneys for the Debtor*
*and Debtor in Possession.*
30 Wall Street-12th Floor,
New York, New York 10005.
Telephone: 212-371-5478
Facsimile: 212-371-0460
*gabriel.delvirginia@verizon.net*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
In re

                               Chapter 11

**ACQUAFREDDA ENTERPRISES, LLC,**

                    Debtor.          Case No. 18-12419-shl
--------------------------------------------------------------X

**DECLARATION OF MICHAEL DREZIN, ESQ IN SUPPORT OF
DEBTOR'S OBJECTION SEEKING TO DISALLOW AND
REDUCE/EXPUNGE CLAIM NUMBER 6 OF AVAIL 1 LLC ("AVAIL
CLAIM") AS THE DEBTOR HAS LIMITED/NO LIABILTY.**

Pursuant to 28 U.S.C. § 1746, I, Michael Drezin, Esq., declare under penalty of

perjury that:

      1.     I have been retained pursuant to order of this Court to represent

ACQUAFREDDA ENTERPRISES, LLC., the above-captioned debtor and debtor-in-

possession (the "Debtor") in the Contract Action.[1]

---

[1] All capitalized terms that are not defined in this order shall have the meaning ascribed to them in the Objection.

2.     I make this declaration in support of the objection (the "Objection") seeking an order disallowing and reducing/expunging CLAIM NUMBER 6 of AVAIL 1 LLC ("AVAIL") seeking $3,561,871.25 (the "AVAIL Claim") for the principal, interest and fees.

## FACTS/SUMMARIZED

3.     The very bank that breached the loan agreement rendering it a factual impossibility to pay back the loan did, by its successor in interest, foreclose on the subject property.

4.     To explain, a condition the loan conversation to a permanent mortgage was that the constructed properties be fully rented.

5.     In fact, the debtor had fully rented the premises but when the original lender, in breach of contract, disbursed the remaining $118,350.00 in retainage and the contractor thereafter, and presumably consequently, walked of the job without obtaining certificates of occupancy, repayment of the loan was rendered a factual impossibility.  (The payment of retainage was made against the advice of its own construction inspector.)

6.     It is not the loss of $118,350.00, alone, on a project of 1.8 million that rendered the debtor unable to repay the loan. It is without certificates of occupancy they could not rent the premises to generate the income required to pay the loan.

7.     About five years after the contractor walked off the job the debtor were able to obtain were able to obtain, on a temporary basis, two of the three certificates

of occupancy needed. Still, their loss of rental income, alone, totals well over one $1.4 million dollar.

### Graverman of the Debtor's Contention on Appeal

8.      The Bronx Supreme Court held Hudson Valley's breach of contract was not the cause of the debtor's inability to repay the loan and thus defendants (not debtor's) remedy, if at all, lies exclusively in their breach of contract action. The debtor disagrees with that view for reasons hereinafter stated.

### The Relevant Contract Provisions

9.      From the subject contract" Article V Paragraph 3. Last Advance, in significant part states the bank must receive evidence that the property qualifies for permanent or temporary certificates of occupancy.

### Stipulation Conceding The Breach

10.      Hudson Valley Bank is the original lender that thereafter merged with Sterling National Bank. It's counsel concedes the breach. The stipulation (paragraph 2) in relevant part states that "without prejudice to all its defenses and claims in this action, Sterling National Bank admits and concedes the foregoing disbursement of the retainage amount of $118,350.00 as retained in the referenced discovery documentation. (It is presumed that the claims and defenses referred to pertain to the issue of damages)

### Equity Case Law

11.      *The City Of New York,* v. *611 West 152nd Street, Inc., The People of the State of New York,* Defendant (1st Department 2000) 272 A.D.2d 125, 710 N.Y.S.

36 the 1st Department upheld the denial of a foreclosure summary judgment motion in which an affirmative defense that plaintiff breached a construction loan agreement by wrongful disbursement. The 1st Department made its determination " …based on evidence that plaintiff breached the parties' building loan contract by disbursing loan funds to pay contractors in full for rehabilitation work on defendant's real property that was substantially incomplete or of substandard quality."

> Although the building loan contract committed to plaintiff's judgment the determination of the timing and amounts of advances of the loan proceeds, a contract provision committing a matter to the judgment of one party requires that party to exercise its judgment reasonably and in accordance with fairness and good faith, not in an arbitrary manner (see, *Edgewater Constr. Co.* v. 81 & 3 *of Watertown,* ) 252 A.D.2d 951, 952, 675 N.Y.S.2d 722, lv. denied 92 N.Y.2d 814, 681 N.Y.S.2d 474, 704 N.E.2d 227).

12.    Any act of bad faith, or unconscionable conduct, on mortgagor's part effecting the mortgagees ability to pay, including but not limited to breaches of the loan agreement, breaches of the interest reserve account, wrongful disbursement of funds held in escrow, is sufficient to defeat the foreclosure summary judgment motion. *New York Guardian Mortgagee Corporation v. Olexa* (3rd Department 1991) (Citing City *Sts. Realty Corp v. Jan Jay Constr. Enters. Corp.,* 88 A. D.2d 558, 559, 450 N.Y.S.2d 492, *Dime Sav. Bank of N. Y. v. Norris,* 78 A. D.2d 691, 692, 432 N.Y.S.2d 522, *Berman v. Blooming Farms Joint Venture* (2d Department 1975) 50 A.D.2d 558, 375 N.Y.S. 2d 22.

### The (Surprising) Applicable Contract Measure of Damages

13.     Damages are awardable in a contract action, and in this case as a setoff, or complete defense to the foreclosure judgment, if the breach constituted a substantial factor in causing damage and the damage was a foreseeable consequence of the breach and directly traceable to defendant's conduct. (*Rothberg v. Reichelt* 293 AD 2d 948, 742 NYS2d 140 2002)

### Defendant's Burden

14.     After plaintiff meets the above proof requirements the burden shifts to the defendant to show some other intervening cause contributed to the loss. *New York Contract Law, West's New York Practice Series, Glen Bank,* 915 with citations omitted.

### Loss of Future Profits

15.     The loss of future profits may be recovered if the paragraph 13 analysis applies and the particular damages were fairly within the contemplation of the parties at the time of the contract. *Kenford Co. Ins. v. Erie County* 67 NYS2d 257, 502 NYS2d 313m *Ashland Management Inc. v. Janien* 82 NYS 395, 604 NYS2d 912.

### Defendant's Burden as to the Uncertainty of Damages

16.     Even the argument, if made, that defendant cannot establish its premise would at all times be fully rented would be unavailing. From *New York Contract Law* (supra) pages 906, 907, with citations omitted:

> When the existence of damages is certain and the only uncertainty is as to their amount, the burden of uncertainty as to the amount is on the breaching party. In determining damages for breach, the benefit of a doubt will be given to the injured, party, not the contract violator….

17.    The loss of rental income from the construction of homes lacking certificates of occupancy is self-evident.

### Full Compensation In the Bankruptcy Without a Set Off for Damages Yields an Unjust Enrichment

18.    *New York Jurisprudence* 226, 227 with citations omitted states an unjust enrichment is …*based on the equitable principle that a person must not be allowed to enrich himself unjustly as the expense of another. Unjust enrichment does not require a wrongfully act by the one enriched and only requires that equity and good conscience demand that the one enriched not retain the property held….*

19.    Here, the breach of contract damages in lost rental income alone is $1.4 million.

I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.

Dated: New York, New York
      September 13, 2019

/s/ Michael Drezin,

Michael Drezin, Esq.

"Exhibit C"

Gabriel Del Virginia, Esq. (GDV-4951)
**LAW OFFICES OF GABRIEL DEL VIRGINIA**
*Attorneys for the Debtor*
*and Debtor in Possession.*
30 Wall Street-12th Floor,
New York, New York 10005.
Telephone: 212-371-5478
Facsimile: 212-371-0460
*gabriel.delvirginia@verizon.net*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
In re

                                        Chapter 11

**ACQUAFREDDA ENTERPRISES, LLC,**

                           Debtor.            Case No. 18-12419-shl
----------------------------------------------------------X

**DECLARATION OF EDWARD PALTZIK, ESQ IN SUPPORT OF
DEBTOR'S OBJECTION SEEKING TO DISALLOW AND
REDUCE/EXPUNGE CLAIM NUMBER 6 OF AVAIL 1 LLC ("AVAIL
CLAIM") AS THE DEBTOR HAS LIMITED/NO LIABILTY.**

Pursuant to 28 U.S.C. § 1746, I, Edward Paltzik, Esq., declare under penalty of

perjury that:

       1.     I am a partner at the law firm JOSHPE MOONEY PALTZIK LLP

which has been retained pursuant to order of this Court to represent

ACQUAFREDDA ENTERPRISES, LLC., the above-captioned debtor and debtor-in-

possession (the "Debtor") in the Appeal.[1]

---

[1] All capitalized terms that are not defined in this order shall have the meaning ascribed to them in the Objection.

2.     I make this declaration in support of the objection (the "Objection") seeking an order disallowing and reducing/expunging CLAIM NUMBER 6 of AVAIL 1 LLC ("AVAIL") seeking $3,561,871.25 (the "AVAIL Claim").

### Background.

3.     On or about June 22, 2007, the Debtor entered into a construction loan agreement (the "Loan Agreement") with Hudson Valley Bank, N.A. in the amount of $1,800,000.00 (the "Loan") to build three (3) two-family homes. The Loan is secured by the Properties.

4.     A condition of the conversion of the construction loan into a permanent mortgage was that the Properties be fully rented. The Properties were committed to be fully rented prior to the Debtor obtaining of certificates of occupancy for the Properties.

5.     . Before the Debtor obtained certificates of occupancy, and in breach of the Loan Agreement, the Lender disbursed the remaining $118,350.00 of the loan proceeds to the contractor. The contractor then left the project without obtaining certificates of occupancy. Without certificates of occupancy, the Debtor was unable to rent the Properties and thereby generate the rental income required to repay the Loan.

6.     The Lender's breach of the Loan Agreement thus rendered it legally, and factually, impossible for the Debtor to repay the Loan. Subsequently, the Loan was assigned to AVAIL 1, LLC. The Lender, as successor in interest, foreclosed on the Properties and seeks permission to sell it.

7.     Contrary to well-established case law holding that a breach of contract by a lender that impedes a borrower's ability to repay a loan precludes a summary judgment of foreclosure, the Bronx Supreme Court held that the aforementioned breach by the Lender is not a defense to the foreclosure, granted summary judgment of foreclosure and that the Debtor's sole remedy lies in its breach of contract action. The Debtor is appealing these decisions (the "Appeal"). The Notices of Appeal are attached as exhibit to the Objection.

8.     If the Debtor is successful in the Appeal, Avail will not be able to foreclose on the Debtor and the Debtor will have no liability to Avail, certainly not for the amount sought in the Avail Claim.

I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.

Dated: New York, New York
       September 16, 2019

                                    /s/ Edward Paltzik,

                                    Edward Paltzik, Esq.

"Exhibit D"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX
-----------------------------------------------------------X

ACQUAFREDDA ENTERPRISES L.L.C.

                    *Plaintiff,*

    -against-

STERLING NATIONAL BANK and
VCF PARNERS 19 LLC

                   *Defendant.*

-----------------------------------------------------------X

*Amended*
VERIFIED COMPLAINT

Index No.: 300162/2016

        The plaintiff by its attorney, Michael Drezin, complaining of the defendant, respectfully alleges upon information and belief that at all times hereinafter mentioned:

1.      Hudson Valley Bank, NA (hereinafter Hudson Valley Bank) was a national banking association with an office and place of business at 21 Scarsdale Road in Yonkers, New York.

2.      The defendant, Sterling National Bank, (hereinafter Sterling Bank) was a national banking association with an office at 400 Rella Boulevard Montebello, New York.

3.      Hudson Valley Bank did make a construction loan to plaintiff.

4.      From the proceeds of said loan, Hudson Valley Bank did directly pay plaintiff's general contractor even though the terms of the loan called for loan proceeds to paid to the borrower.

5.      Consequently, plaintiff's general contractor abandoned the job prior to obtaining Certificates of Occupancy.

6.      Said direct payment to plaintiff's contractor and the resulting abandonment of the job lead to calamitous financial consequence for plaintiff including, but not limited to loss

1

of rental income, legal fees arising in bankruptcy court and elsewhere and repairs and maintenance costs on their unfinished properties.

7.      Prior to the acts and omissions complained of Hudson Valley Bank and Sterling Bank did merge.

8.      VFC Partners 19 LLC acquired plaintiff's loan from Hudson Valley Bank.

9.      The acts and omissions herein complained of were those of Hudson Valley Bank for which its successors in interest are legally responsible.

10.     The defendant VFC Partners LLC did not acquire plaintiffs mortgage note under circumstance which would make it a holder in due course.

11.     By reason of the foregoing, plaintiff was caused to suffer legal injury and damage.

**AS AND FOR PLAINTIFF'S**
**<u>SECOND CAUSE OF ACTION</u>**

12.     Repeats and realleges the prior allegations as if more particularly set forth below:

13.     The Office of the Comptroller of the Currency required Hudson Valley Bank to materially reduce its commercial real estate exposure, and in press release, Hudson Valley Bank acknowledged *it may have* been ineffective in managing its commercial real estate portfolio.

14.     Plaintiff was induced to borrow construction funds from the Hudson Valley Bank by representations made that it was capable of making and servicing loans of the kind.

15.     The representations made which induced plaintiff to secure a construction loan from Hudson Valley Bank were made with a reckless disregard as to their truth or falsity.

16.     At the time said representations were made, defendant knew them to be made with a reckless disregard for their truth or falsity.

17.     Defendant made the representations it did to secure from plaintiff the business it did, and did so with a reckless disregard as to whether plaintiff would be deceived by said representations.

18.     Defendant made the representations made with a reckless disregard as to its ability to service the loan it induced plaintiff to take.

19.     When defendant made its representations to plaintiff which induced plaintiff to borrow the funds it did, plaintiff did not know they were made with a reckless disregard as to its truth or falsity, and believed them to be true.

20.     Plaintiff relied upon defendant's representations and was thereby induced to borrow the funds it did.

21.     Plaintiff would not have borrowed the funds it did from Hudson Valley Bank if it knew the representations which induced it to do so made with a reckless disregard as to whether they were true or false.

22.     Plaintiffs have thus sustained legal injury and damage.

23.     The factual predicate herein alleged gives rise to an award of punitive damages.

**WHEREFORE,** plaintiff demand a judgment against the defendants jointly and/or severally on the first cause of action as might be determined by the trier of facts, on the second cause of action against Sterling National Bank in such compensatory sum as might be determined by the trier of facts and in such punitive sum as may be

determined by the trier of fact, together with the costs and disbursements of this action and such other and further relief as to this court may seem just and proper.

Dated: The Bronx, New York
        September     2016

                                   _____
                                   Michael Drezin
                                   Attorney for the Plaintiff
                                   ***Acquafredda Enterprises LLC***
                                   1978 Williamsbridge Road
                                   Bronx, New York
                                   Tel: (718) 823-7211

acquafreddacomplaintseptember142016

"Exhibit E"

**SUPREME COURT OF THE STATE OF
NEW YORK
COUNTY OF THE BRONX**
_____x


**HUDSON VALLEY BANK, N.A.,**
                                        *Plaintiff,*

              -against-

                                        **Index No. 380880/2011**
                                        <u>**NOTICE OF APPEAL**</u>

**ACQUAFREDDA ENTERPRISES LLC
THOMAS ACQUAFREDDA, SUSAN
ACQUAFREDDA, NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE, L&T CONSTRUCTION, LLC,
HUDSON VALLEY BANK, N.A., and
"JOHN DOE" No. I through "JOHN DOE"
No. 15, the true names of said defendants
being unknown to plaintiff, the parties intended
to be those persons having or claiming an interest
in the mortgaged premises described in the complaint
by virtue of being tenants, or occupants, or
judgment-creditors, or lienors of any type
or nature in all or part of said premises,**

                              *Defendants.*

_____x


   **PLEASE TAKE NOTICE** that the above named defendants,
   Acquafredda Enterprises LLC, Thomas Acquafredda and Susan
   Acquafredda, hereby appeals to the Appellate Division of the
   New York State Supreme Court in and for the First Department, from
   a decision and order entered in the office of the Clerk of Bronx County
   on the 21st day of April 2017, which denied defendants permission to
   *consolidate* the above captioned foreclosure and a related foreclosure
   with their related breach of contract action.

This appeal is taken from each and every part thereof as well as the whole thereof.

Dated: The Bronx, New York
May   2017
     30

_____

Michael Drezin
Attorney for the Defendants
Acquafredda Enterprises LLC
Thomas Acqufredda
Susan Acquafredda
1978 Williamsbridge Road
Bronx, New York 10461
718.823.7211

# NEW YORK SUPREME COURT - COUNTY OF BRONX

PART　27

OFFICE OF THE
BRONX COUNTY CLERK
2017 APR 21　A 9:37

Case Disposed　❏
Settle Order　❏
Schedule Appearance　❏

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX:
-------------------------------------------------------------------X

**HUDSON VALLEY BANK**

　　　　　　-against-

**ACQUAFREDDA ENTERPRISES**

-------------------------------------------------------------------X

Index №.　0380880/2011

Hon.　**Hon. Julia I. Rodriguez**

Justice Supreme Court

The following papers numbered 1 to _____ Read on this motion, **CONSOLIDATION/JOINT TRIAL**
Noticed on **January 03 2017** and duly submitted as No. _____ on the Motion Calendar of _____

|  | PAPERS NUMBERED | |
|---|---|---|
| Notice of Motion - Order to Show Cause - Exhibits and Affidavits Annexed | | |
| Answering Affidavit and Exhibits | | |
| Replying Affidavit and Exhibits | | |
| Affidavits and Exhibits | | |
| Pleadings - Exhibit | | |
| Stipulation(s) - Referee's Report - Minutes | | |
| Filed Papers | | |
| Memoranda of Law | | |

Upon the foregoing papers this

> Inasmuch as the Court has granted summary judgment in plaintiff's favor in the actions under Index Nos. 380880/11 and 380881/11, which defendants Acquafredda Enterprises LLC, Thomas Acquafredda and Susan Acquafredda (the "Acquafreddas") seek to have consolidated for joint trial, the Acquafreddas' motion to consolidate is **denied** as moot.

Motion is Respectfully Referred to:
Justice: _____
Dated: _____

Dated:　**4 / 12 / 2017**

Hon. _____

**Hon. Julia I. Rodriguez,**

SUPREME COURT OF THE STATE OF
NEW YORK
COUNTY OF THE BRONX
———————————————————————x

HUDSON VALLEY BANK, N.A.,

                              *Plaintiff,*

              -against-

ACQUAFREDDA ENTERPRISES LLC.,
THOMAS ACQUAFREDDA, SUSAN
ACQUAFREDDA, NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE, L&T CONSTRUCTION, LLC,
HUDSON VALLEY BANK, N.A., and "JOHN
DOE" No. I through "JOHN DOE" No. 15,
the true names of said defendants being
unknown to plaintiff, the parties intended
to be those persons having or claiming an
interest in the mortgaged premises
described in the complaint by virtue of
being tenants, or occupants, or judgment-
creditors, or lienors of any type or nature in
all or part of said premises,

                              *Defendants.*

———————————————————————x


PRE-ARGUMENT STATEMENT
*on the motion to consolidate*

Index No. 380880/2011

1. **Title of the Action:**
HUDSON VALLEY BANK, N.A.,

*Plaintiff,*

-against-

ACQUAFREDDA ENTERPRISES LLC.,
THOMAS ACQUAFREDDA, SUSAN
ACQUAFREDDA, NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE, L&T CONSTRUCTION, LLC,
HUDSON VALLEY BANK, N.A., and "JOHN DOE" No. I
through "JOHN DOE" No. 15, the true names of said
defendants being unknown to plaintiff, the parties
intended to be those persons having or claiming an
interest in the mortgaged premises described in the
complaint by virtue of being tenants, or occupants, or
judgment-creditors, or lienors of any type or nature in all
or part of said premises,

*Defendants.*

2. **Full names of original parties and any change in the parties:**

**Original Parties**

HUDSON VALLEY BANK, N.A.,

*Plaintiff,*

-against-

ACQUAFREDDA ENTERPRISES LLC.,
THOMAS ACQUAFREDDA, SUSAN
ACQUAFREDDA, NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE, L&T CONSTRUCTION,
LLC, HUDSON VALLEY BANK, N.A., and "JOHN DOE"
No. I through "JOHN DOE" No. 15

**Changes In Parties**

Sterling National Bank, having merged with Hudson Valley
Bank,   N.A., replaced it as a party plaintiff.

VFC Partners 19 LLC, having acquired the note which is the
subject of this controversy, was added as a party plaintiff.

3. **Name, address and telephone number of counsel for appellant.**
   Michael Drezin
   1978 Williamsbridge Road
   The Bronx, New York 10461
   718-823-7211

4. **Name, address and telephone number of counsel for respondent:**
   Alan Weinreb, Esquire
   The Margolin and Weinreb Law Group, LLP
   165 Eileen Way
   Suite 101
   Syosset, New York 11791

5. **Court and county from which the appeal is taken:**
   Bronx County Supreme Court

6. **Nature and object of the cause of action:**
   Foreclosure

7. **Result reached in the court below:**

   The court denied defendant's motion to consolidate the two foreclosures bearing index numbers 380880/2011 and 38088/2011 with the breach of contract action referred to in the decision.

   However, were the actions consolidated, coupled with an expedited discovery schedule, would have allowed the court to simultaneously determine the actual rights and liabilities of the parties herein rather than have defendant/appellants suffer the loss of their property while securing a money judgment in return.

   _____
   **Michael Drezin**

   Dated: The Bronx, New York
   May  30  2017

# AFFIRMATION OF MAILING

**Michael Drezin**, an attorney duly admitted to practice in the Courts of the State of New York, affirms the truth of the following upon personal knowledge and under the penalty of perjury:

On May 30, 2017 I served the within notice of appeal, pre-argument statement and order appealed from by depositing a true copy thereof in a postpaid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Belkin Burden Wenig and Goldman, LLP
270 Madison Avenue
New York, New York 10016

_____
**Michael Drezin**

Affirmed the 30th
day of May 2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X

HUDSON VALLEY BANK, N.A., and
VFC PARTNERS 19 LLC

Plaintiff,

      -against-


ACQUAFREDDA ENTERPRISES LL.C.,
THOMAS ACQUAFREDDA, SUSAN
ACQUAFREDDA, NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE, L&T CONSTRUCTION, LLC,
HUDSON VALLEY BANK,
N.A., and "JOHN DOE" No. 1 through
"JOHN DOE" No. 15, et al

Defendants

-----------------------------------------------------------------X


## NOTICE OF APPEAL
## PRE-ARGUMENT STATEMENT


Michael Drezin
Attorney for the Defendants
Acquafredda Enterprises LLC
Thomas Acquafredda
Susan Acquafredda
1978 Williamsbridge Road
Bronx, New York 10461
718-823-7211


Service of a copy of the within                is hereby admitted.


Date:            , 2017


                                              Attorney for

SUPREME COURT OF THE STATE OF
NEW YORK
COUNTY OF THE BRONX
————————————————————————x

HUDSON VALLEY BANK, N.A.,

                *Plaintiff,*

      -against-

                            Index No. 380881/2011
                            <u>NOTICE OF APPEAL</u>

ACQUAFREDDA ENTERPRISES LLC
THOMAS ACQUAFREDDA, SUSAN
ACQUAFREDDA, NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE, L&T CONSTRUCTION, LLC,
HUDSON VALLEY BANK, N.A., and
"JOHN DOE" No. I through "JOHN DOE"
No. 15, the true names of said defendants
being unknown to plaintiff, the parties intended
to be those persons having or claiming an interest
in the mortgaged premises described in the complaint
by virtue of being tenants, or occupants, or
judgment-creditors, or lienors of any type
or nature in all or part of said premises,

                *Defendants.*

————————————————————————x

      **PLEASE TAKE NOTICE** that the above named defendants,
Acquafredda Enterprises LLC, Thomas Acquafredda and Susan
Acquafredda, hereby appeals to the Appellate Division of the New
York State Supreme Court in and for the First Department, from a
decision and order entered in the office of the Clerk of the county of
the Bronx on the 21st day of April 2017, which did grant the plaintiff,
VFC Partners 19 LLC (a party added to this action) *summary
judgment* in a foreclosure action.

17 MAY 31 AM 11: 02
COUNTY CLERK
BRONX COUNTY
FILED

This appeal is taken from each and every part thereof as well as the whole thereof.

Dated: The Bronx, New York
May 2017
30

Michael Drezin
Attorney for the Defendants
Acquafredda Enterprises LLC
Thomas Acqufredda
Susan Acquafredda
1978 Williamsbridge Road
Bronx, New York 10461
718.823.7211

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX

----------------------------------------X    Index No. 380881/11
Hudson Valley Bank, N.A.

       Plaintiff,

-against-                                    **DECISION and ORDER**

Acquafredda Enterprises LLC, et al.,

                                  Present:
       Defendants.                  Hon. Julia I. Rodriguez
----------------------------------------X    Supreme Court Justice

Recitation, as required by CPLR 2219(a), of the papers considered in review of the motion of VFC Partners 19 LLC ("VFC") for summary judgment and other relief and the motion of Acquafredda Enterprises LLC, Susan Acquafredda and Thomas Acquafredda for leave to amend their answer.

| Papers Submitted | Numbered |
|---|---|
| VFC's Am. Notice of Motion, Affirmation & Exhibits | 1 |
| Affirmation in Opposition & Exhibits | 2 |
| Affidavit of Susan Acquafredda | 3 |
| Reply Affirmation & Exhibit | 4 |
| Acquafredda Notice of Motion, Affirmation & Exhibits | 5 |
| Affirmation in Opposition & Exhibits | 6 |

In the instant foreclosure action, VFC Partners 19 LLC ("VFC") moves for an order substituting VFC as the party plaintiff in this action in place of Hudson Valley Bank ("HVB"), substituting VFC as a party defendant in this action in place of HVB,[1] amending the notices of pendency, *nunc pro tunc*, to reflect such substitution as of March 28, 2012, granting VFC Partners 19 LLC a default judgment in this action against defendants New York State Department of Taxation and Finance, L&T Construction, LLC and VFC Partners 19 LLC for their failure to answer or otherwise move with respect to the complaint, granting summary judgment in its favor and for other relief including appointing a referee to compute and ascertain the amount due on the mortgage.

---

[1] HVB is also named as a defendant in this action by virtue of a second mortgage on the subject premises in the amount of $85,000.00.

Acquafredda Enterprises LLC, Susan Acquafredda and Thomas Acquafredda ("the Acquafreddas") separately move for an order granting them leave to amend their answer.

In support of its motion, VFC submitted the affidavit of Larry Fisher, Senior Team Leader - Asset Management for Trimont Real Estate Advisors, LLC, the service agent for VFC. Fisher attached to his affidavit a copy of the note in the principal amount of $1,800,000.00, the mortgage, and the guaranties of Thomas Acquafredda and Susan Acquafredda. In addition, Fisher submitted copies of a notice of default, dated May 4, 2011, sent by Hudson Valley Bank to Acquafredda Enterprises LLC, an assignment of mortgage from Hudson Valley Bank to VFC and an allonge to the note indicating transfer of the note to VFC. In his affidavit, Fisher states that VFC is in possession of the note and mortgage and that, notwithstanding that HVB demanded full payment of the amount due as of May 15, 2011, no such payment was received from the Acquafreddas.

The Acquafreddas only oppose that portion of VFC's motion which seeks summary judgment in its favor on the causes of action asserted against the Acquafreddas in the verified complaint, and the appointment of a referee to compute and ascertain the amount due on the mortgage.

Notably, the Acquafreddas do not dispute that they have failed to make the required payments under the note. Instead, the Acquafreddas primarily argue that VFC is not entitled to summary judgment because HVB breached a construction contract between HVB and the Acquafreddas by paying the final 10% of the loan amount to a contractor "directly and improperly." The only evidence submitted in support of this contention is the affidavit of Susan Acquafredda, in which she references a construction contract which was not submitted with the opposing papers. Her conclusory affidavit is insufficient to raise a triable issue of fact.

The Acquafreddas' remaining arguments and alleged defenses are inapposite and otherwise lack merit.

The Court also notes that the Acquafreddas have brought an action in Supreme Court, Bronx County against HVB for breach of contract in connection with HVB's alleged improper distribution of the loan proceeds.

For the foregoing reasons, VFC's motion is **granted** in its entirety. For the same reasons, the Acquafreddas' motion to amend their answer is **denied**.

Accordingly, it is hereby

ORDERED that VFC Partners 19 LLC is substituted as the plaintiff herein in place of Hudson Valley Bank, VFC Partners 19 LLC is substituted as a defendant herein in place of Hudson Valley Bank, and the Notices of Pendency and pleadings in this action are amended, *nunc pro tunc* as of March 28, 2012, to reflect such substitutions; and it is further

ORDERED that VFC Partners 19 LLC is granted a default judgment in this action against defendants New York State Department of Taxation and Finance, L&T Construction, LLC, and VFC Partners 19 LLC; and it is further

ORDERED that the answer of defendants Acquafredda Enterprises, LLC, Thomas Acquafredda and Susan Acquafredda is hereby stricken and VFC Partners 19 LLC is entitled to summary judgment in its favor as a matter of law against these defendants; and it is further

ORDERED that the affirmative defenses contained in the answer of defendants Acquafredda Enterprises, LLC, Thomas Acquafredda and Susan Acquafredda are hereby dismissed; and it is further

ORDERED that defendants "John Doe" No. 1 through "John Doe" No. 15 are hereby dismissed as party defendants in this action; and it is further

ORDERED that Richard Tolchin, Esq. with an address of 2 Overlook Road, Apt. 1B2, White Plains, NY 10605 Tel. 914-949-7770 is hereby appointed as Referee to ascertain and compute the amount due except for attorney's fees upon the Bond/Note and Mortgage upon which this action was brought, to examine and report whether the mortgaged premises (Block 5529, Lots 487, 488, 489, 492 and 500) as further described in the Verified Complaint in this action and hereinafter described, should be sold in one or more parcels, and that the Referee make his/her report to this Court with all convenient speed; and it is further

-3-

ORDERED that, if required, the Referee take testimony pursuant to RPAPL §1321; and it is further

ORDERED that by accepting this appointment the Referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to, section 36.2(c) ("Disqualifications from appointment"), and section 36.2(d) ("Limitations on appointments based upon compensation"); and it is further

ORDERED that the caption be amended by substituting VFC Partners 19 LLC in place of Hudson Valley Bank as the plaintiff and VFC Partners 19 LLC in place of Hudson Valley Bank as a defendant; and it is further

ORDERED that defendants "John Doe" No. 1 through "John Doe" No. 15 are hereby dismissed as defendants in this action and the omnibus clause is hereby deleted from the caption, all without prejudice to all of the pleadings and proceedings heretofore had herein; and it is further

ORDERED that the caption shall read as follows:

---

VFC Partners 19 LLC,
        Plaintiff,

-against-
                                               Index No. 380881/11

Acquafredda Enterprises LLC, Thomas Acquafredda,
Susan Acquafredda, New York State Department of
Taxation and Finance, L&T Construction, and LLC
VFC Partners 19 LLC,
        Defendants.

---

ORDERED that a copy of this Order with Notice of Entry shall be served upon the owner of the equity of redemption, any tenants named in this action and any other parties entitled to notice; and it is further

ORDERED that pursuant to CPLR 8003(a)(~~the statutory fee of $50.00~~) in the discretion of the Court , a fee of 300.⁰⁰ ( Three hundred Dollars ) shall be paid to the Referee for the Computation Stage and upon the filing of his/her report; and it is further

-4-

ORDERED that the Referee appointed herein is subject to the requirements of Rule 36.2(c) of the Chief Judge and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall notify the Appointing Judge forthwith.

Dated: Bronx, New York
     April 12, 2017

Hon. Julia I. Rodriguez, J.S.C.

SUPREME COURT OF THE STATE OF
NEW YORK
COUNTY OF THE BRONX
————————————————————————x

HUDSON VALLEY BANK, N.A.,

*Plaintiff,*

-against-

ACQUAFREDDA ENTERPRISES LLC.,
THOMAS ACQUAFREDDA, SUSAN
ACQUAFREDDA, NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE, L&T CONSTRUCTION, LLC,
HUDSON VALLEY BANK, N.A., and "JOHN
DOE" No. I through "JOHN DOE" No. 15,
the true names of said defendants being
unknown to plaintiff, the parties intended
to be those persons having or claiming an
interest in the mortgaged premises
described in the complaint by virtue of
being tenants, or occupants, or judgment-
creditors, or lienors of any type or nature in
all or part of said premises,

*Defendants.*

————————————————————————x

PRE-ARGUMENT STATEMENT
*on the motion for summary judgment*

Index No. 380881/2011

1. **Title of the Action**:
   HUDSON VALLEY BANK, N.A.,

   *Plaintiff,*

   -against-

   ACQUAFREDDA ENTERPRISES LLC.,
   THOMAS ACQUAFREDDA, SUSAN
   ACQUAFREDDA, NEW YORK STATE DEPARTMENT OF
   TAXATION AND FINANCE, L&T CONSTRUCTION, LLC,
   HUDSON VALLEY BANK, N.A., and "JOHN DOE" No. I
   through "JOHN DOE" No. 15, the true names of said
   defendants being unknown to plaintiff, the parties
   intended to be those persons having or claiming an
   interest in the mortgaged premises described in the
   complaint by virtue of being tenants, or occupants, or
   judgment-creditors, or lienors of any type or nature in all
   or part of said premises,

   *Defendants.*

2. **Full names of original parties and any change in the parties:**

   **Original Parties**

   HUDSON VALLEY BANK, N.A.,

   *Plaintiff,*

   -against-

   ACQUAFREDDA ENTERPRISES LLC.,
   THOMAS ACQUAFREDDA, SUSAN
   ACQUAFREDDA, NEW YORK STATE DEPARTMENT OF
   TAXATION AND FINANCE, L&T CONSTRUCTION,
   LLC, HUDSON VALLEY BANK, N.A., and "JOHN DOE"
   No. I through "JOHN DOE" No. 15

   **Changes In Parties**

   Sterling National Bank, having merged with Hudson Valley
   Bank, N.A., replaced it as a party plaintiff.

   VFC Partners 19 LLC, having acquired the note which is the
   subject of this controversy, was added as a party plaintiff.

3.  **Name, address and telephone number of counsel for appellant.**
    Michael Drezin
    1978 Williamsbridge Road
    The Bronx, New York 10461
    718-823-7211

4.  **Name, address and telephone number of counsel for respondent:**
    Belkin Burden Wenig and Goldman, LLP
    270 Madison Avenue
    New York, New York 10016
    1.212.867.4466

5.  **Court and county from which the appeal is taken:**
    Bronx County Supreme Court

6.  **Nature and object of the cause of action:**
    Foreclosure

7.  **Result reached in the court below:**

    In deciding a summary judgment motion in favor of plaintiff, the court found and determined questions of fact. By so doing, the court deprived defendants/appellants of an opportunity to establish:

    a.      Hudson Valley, the originator of the loan, did breach the loan it foreclosed upon thus becoming the proximate cause, or a proximate cause, of defendants/appellants inability to repay the loan foreclosed upon.

    b.      The defenses available to the defendants/appellants as to Hudson Valley apply to VFC Partners 19 LLC, the plaintiff/respondent against whom this appeal is taken, as it not a holder in due course of the herein relevant note.

    Conversly, if the court correctly concluded that the defendant/appellants opposition to the summary judgment motion was conclusory, then such circumstance arose because Bronx County Differential Case Management stays discovery during the pendency of a summary judgment motion, (despite CPLR 3212 (f) when a better approach would be to allow discovery on an expedited schedule.

    **Michael Drezin**

    Dated: The Bronx, New York
    May 30, 2017

## AFFIRMATION OF MAILING

       **Michael Drezin**, an attorney duly admitted to practice in the Courts of the State of New York, affirms the truth of the following upon personal knowledge and under the penalty of perjury:

       On May 30, 2017 I served the within Notice of Appeal, Pre-Argument Statement and Order appealed from by depositing a true copy thereof in a postpaid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Belkin Burden Wenig and Goldman, LLP
270 Madison Avenue
New York, New York 10016

The Margolin and Weinreb Law Group, LLP
165 Eileen Way
Suite 101
Syosset, New York 11791

_____
Michael Drezin

Affirmed the 30th
day of May 2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------------------------------X

HUDSON VALLEY BANK, N.A., and
VFC PARTNERS 19 LLC

                              *Plaintiff,*

          -against-


ACQUAFREDDA ENTERPRISES LL.C.,
THOMAS ACQUAFREDDA, SUSAN
ACQUAFREDDA, NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE, L&T CONSTRUCTION, LLC,
HUDSON VALLEY BANK,
N.A., and "JOHN DOE" No. 1 through
"JOHN DOE" No. 15, et al

                              *Defendants*


----------------------------------------------------------------X


---

### NOTICE OF APPEAL
### PRE-ARGUMENT STATEMENT

---

Michael Drezin
Attorney for the Defendants
Acquafredda Enterprises LLC
Thomas Acquafredda
Susan Acquafredda
1978 Williamsbridge Road
Bronx, New York 10461
718-823-7211

---

Service of a copy of the within                          is hereby admitted.


Date:                    , 2017
          _____

                                             Attorney for

**SUPREME COURT OF THE STATE OF
NEW YORK
COUNTY OF THE BRONX**

———————————————————————x

HUDSON VALLEY BANK, N.A.,

*Plaintiff,*

-against-

Index No. 380881/2011
<u>NOTICE OF APPEAL</u>

ACQUAFREDDA ENTERPRISES LLC
THOMAS ACQUAFREDDA, SUSAN
ACQUAFREDDA, NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE, L&T CONSTRUCTION, LLC,
HUDSON VALLEY BANK, N.A., and
"JOHN DOE" No. I through "JOHN DOE"
No. 15, the true names of said defendants
being unknown to plaintiff, the parties intended
to be those persons having or claiming an interest
in the mortgaged premises described in the complaint
by virtue of being tenants, or occupants, or
judgment-creditors, or lienors of any type
or nature in all or part of said premises,

*Defendants.*

———————————————————————x

    **PLEASE TAKE NOTICE** that the above named defendants,
Acquafredda Enterprises LLC, Thomas Acquafredda and Susan
Acquafredda, hereby appeals to the Appellate Division of the New
York State Supreme Court in and for the First Department, from a
decision and order entered in the office of the Clerk of the county of
the Bronx on the 21st day of April 2017, which did grant the plaintiff,
VFC Partners 19 LLC (a party added to this action) *summary
judgment* in a foreclosure action.

17 MAY 31 AM II: 02
COUNTY CLERK
BRONX COUNTY

FILED

This appeal is taken from each and every part thereof as well as the whole thereof.

Dated: The Bronx, New York
May   2017
    30

Michael Drezin
Attorney for the Defendants
Acquafredda Enterprises LLC
Thomas Acqufredda
Susan Acquafredda
1978 Williamsbridge Road
Bronx, New York 10461
718.823.7211

------------------------------------------------X  **Index No. 380881/11**

Hudson Valley Bank, N.A.

                    Plaintiff,

            -against-                                **DECISION and ORDER**

Acquafredda Enterprises LLC, et al.,

                                                    Present:
                    Defendants.                     Hon. Julia I. Rodriguez
------------------------------------------------X   Supreme Court Justice

Recitation, as required by CPLR 2219(a), of the papers considered in review of the motion of VFC Partners 19 LLC ("VFC") for summary judgment and other relief and the motion of Acquafredda Enterprises LLC, Susan Acquafredda and Thomas Acquafredda for leave to amend their answer.

| Papers Submitted | Numbered |
|---|---|
| VFC's Am. Notice of Motion, Affirmation & Exhibits | 1 |
| Affirmation in Opposition & Exhibits | 2 |
| Affidavit of Susan Acquafredda | 3 |
| Reply Affirmation & Exhibit | 4 |
| Acquafredda Notice of Motion, Affirmation & Exhibits | 5 |
| Affirmation in Opposition & Exhibits | 6 |

In the instant foreclosure action, VFC Partners 19 LLC ("VFC") moves for an order substituting VFC as the party plaintiff in this action in place of Hudson Valley Bank ("HVB"), substituting VFC as a party defendant in this action in place of HVB,[1] amending the notices of pendency, *nunc pro tunc*, to reflect such substitution as of March 28, 2012, granting VFC Partners 19 LLC a default judgment in this action against defendants New York State Department of Taxation and Finance, L&T Construction, LLC and VFC Partners 19 LLC for their failure to answer or otherwise move with respect to the complaint, granting summary judgment in its favor and for other relief including appointing a referee to compute and ascertain the amount due on the mortgage.

---

[1] HVB is also named as a defendant in this action by virtue of a second mortgage on the subject premises in the amount of $85,000.00.

-1-

Acquafredda Enterprises LLC, Susan Acquafredda and Thomas Acquafredda ("the Acquafreddas") separately move for an order granting them leave to amend their answer.

In support of its motion, VFC submitted the affidavit of Larry Fisher, Senior Team Leader - Asset Management for Trimont Real Estate Advisors, LLC, the service agent for VFC. Fisher attached to his affidavit a copy of the note in the principal amount of $1,800,000.00, the mortgage, and the guaranties of Thomas Acquafredda and Susan Acquafredda. In addition, Fisher submitted copies of a notice of default, dated May 4, 2011, sent by Hudson Valley Bank to Acquafredda Enterprises LLC, an assignment of mortgage from Hudson Valley Bank to VFC and an allonge to the note indicating transfer of the note to VFC. In his affidavit, Fisher states that VFC is in possession of the note and mortgage and that, notwithstanding that HVB demanded full payment of the amount due as of May 15, 2011, no such payment was received from the Acquafreddas.

The Acquafreddas only oppose that portion of VFC's motion which seeks summary judgment in its favor on the causes of action asserted against the Acquafreddas in the verified complaint, and the appointment of a referee to compute and ascertain the amount due on the mortgage.

Notably, the Acquafreddas do not dispute that they have failed to make the required payments under the note. Instead, the Acquafreddas primarily argue that VFC is not entitled to summary judgment because HVB breached a construction contract between HVB and the Acquafreddas by paying the final 10% of the loan amount to a contractor "directly and improperly." The only evidence submitted in support of this contention is the affidavit of Susan Acquafredda, in which she references a construction contract which was not submitted with the opposing papers. Her conclusory affidavit is insufficient to raise a triable issue of fact.

The Acquafreddas' remaining arguments and alleged defenses are inapposite and otherwise lack merit.

The Court also notes that the Acquafreddas have brought an action in Supreme Court, Bronx County against HVB for breach of contract in connection with HVB's alleged improper distribution of the loan proceeds.

-2-

For the foregoing reasons, VFC's motion is **granted** in its entirety. For the same reasons, the Acquafreddas' motion to amend their answer is **denied**.

Accordingly, it is hereby

ORDERED that VFC Partners 19 LLC is substituted as the plaintiff herein in place of Hudson Valley Bank, VFC Partners 19 LLC is substituted as a defendant herein in place of Hudson Valley Bank, and the Notices of Pendency and pleadings in this action are amended, *nunc pro tunc* as of March 28, 2012, to reflect such substitutions; and it is further

ORDERED that VFC Partners 19 LLC is granted a default judgment in this action against defendants New York State Department of Taxation and Finance, L&T Construction, LLC, and VFC Partners 19 LLC; and it is further

ORDERED that the answer of defendants Acquafredda Enterprises, LLC, Thomas Acquafredda and Susan Acquafredda is hereby stricken and VFC Partners 19 LLC is entitled to summary judgment in its favor as a matter of law against these defendants; and it is further

ORDERED that the affirmative defenses contained in the answer of defendants Acquafredda Enterprises, LLC, Thomas Acquafredda and Susan Acquafredda are hereby dismissed; and it is further

ORDERED that defendants "John Doe" No. 1 through "John Doe" No. 15 are hereby dismissed as party defendants in this action; and it is further

ORDERED that Richard Telchin, Esq. with an address of 2 Overlook Road, Apt. 1B2, White Plains, NY 10605 Tel. 914-949-7770 is hereby appointed as Referee to ascertain and compute the amount due except for attorney's fees upon the Bond/Note and Mortgage upon which this action was brought, to examine and report whether the mortgaged premises (Block 5529, Lots 487, 488, 489, 492 and 500) as further described in the Verified Complaint in this action and hereinafter described, should be sold in one or more parcels, and that the Referee make his/her report to this Court with all convenient speed; and it is further

-3-

ORDERED that, if required, the Referee take testimony pursuant to RPAPL §1321; and it is further

ORDERED that by accepting this appointment the Referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to, section 36.2(c) ("Disqualifications from appointment"), and section 36.2(d) ("Limitations on appointments based upon compensation"); and it is further

ORDERED that the caption be amended by substituting VFC Partners 19 LLC in place of Hudson Valley Bank as the plaintiff and VFC Partners 19 LLC in place of Hudson Valley Bank as a defendant; and it is further

ORDERED that defendants "John Doe" No. 1 through "John Doe" No. 15 are hereby dismissed as defendants in this action and the omnibus clause is hereby deleted from the caption, all without prejudice to all of the pleadings and proceedings heretofore had herein; and it is further

ORDERED that the caption shall read as follows:

---

VFC Partners 19 LLC,
        Plaintiff,

-against-                              Index No.  380881/11

Acquafredda Enterprises LLC, Thomas Acquafredda,
Susan Acquafredda, New York State Department of
Taxation and Finance, L&T Construction, and LLC
VFC Partners 19 LLC,
        Defendants.

---

ORDERED that a copy of this Order with Notice of Entry shall be served upon the owner of the equity of redemption, any tenants named in this action and any other parties entitled to notice; and it is further

ORDERED that pursuant to CPLR 8003(a)(~~the statutory fee of $50.00~~) in the discretion of the Court , a fee of _300.⁰⁰_ ( Three hundred Dollars ) shall be paid to the Referee for the Computation Stage and upon the filing of his/her report; and it is further

-4-

ORDERED that the Referee appointed herein is subject to the requirements of Rule 36.2(c) of the Chief Judge and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall notify the Appointing Judge forthwith.

Dated: Bronx, New York
     April 12, 2017

Hon. Julia I. Rodriguez, J.S.C.

SUPREME COURT OF THE STATE OF
NEW YORK
COUNTY OF THE BRONX

——————————————————————x

HUDSON VALLEY BANK, N.A.,

                              *Plaintiff,*

        -against-

ACQUAFREDDA ENTERPRISES LLC.,
THOMAS ACQUAFREDDA, SUSAN
ACQUAFREDDA, NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE, L&T CONSTRUCTION, LLC,
HUDSON VALLEY BANK, N.A., and "JOHN
DOE" No. I through "JOHN DOE" No. 15,
the true names of said defendants being
unknown to plaintiff, the parties intended
to be those persons having or claiming an
interest in the mortgaged premises
described in the complaint by virtue of
being tenants, or occupants, or judgment-
creditors, or lienors of any type or nature in
all or part of said premises,

                              *Defendants.*

——————————————————————x

PRE-ARGUMENT STATEMENT
*on the motion for summary judgment*

Index No. 380881/2011

1. **Title of the Action**:
   HUDSON VALLEY BANK, N.A.,

   *Plaintiff,*

   -against-

   ACQUAFREDDA ENTERPRISES LLC.,
   THOMAS ACQUAFREDDA, SUSAN
   ACQUAFREDDA, NEW YORK STATE DEPARTMENT OF
   TAXATION AND FINANCE, L&T CONSTRUCTION, LLC,
   HUDSON VALLEY BANK, N.A., and "JOHN DOE" No. I
   through "JOHN DOE" No. 15, the true names of said
   defendants being unknown to plaintiff, the parties
   intended to be those persons having or claiming an
   interest in the mortgaged premises described in the
   complaint by virtue of being tenants, or occupants, or
   judgment-creditors, or lienors of any type or nature in all
   or part of said premises,

   *Defendants.*

2. **Full names of original parties and any change in the parties:**

   ## Original Parties

   HUDSON VALLEY BANK, N.A.,

   *Plaintiff,*

   -against-

   ACQUAFREDDA ENTERPRISES LLC.,
   THOMAS ACQUAFREDDA, SUSAN
   ACQUAFREDDA, NEW YORK STATE DEPARTMENT OF
   TAXATION AND FINANCE, L&T CONSTRUCTION,
   LLC, HUDSON VALLEY BANK, N.A., and "JOHN DOE"
   No. I through "JOHN DOE" No. 15

   ## Changes In Parties

   Sterling National Bank, having merged with Hudson Valley
   Bank, N.A., replaced it as a party plaintiff.

   VFC Partners 19 LLC, having acquired the note which is the
   subject of this controversy, was added as a party plaintiff.

3. **Name, address and telephone number of counsel for appellant.**
   Michael Drezin
   1978 Williamsbridge Road
   The Bronx, New York 10461
   718-823-7211

4. **Name, address and telephone number of counsel for respondent:**
   Belkin Burden Wenig and Goldman, LLP
   270 Madison Avenue
   New York, New York 10016
   1.212.867.4466

5. **Court and county from which the appeal is taken:**
   Bronx County Supreme Court

6. **Nature and object of the cause of action:**
   Foreclosure

7. **Result reached in the court below:**

   In deciding a summary judgment motion in favor of plaintiff, the court found and determined questions of fact. By so doing, the court deprived defendants/appellants of an opportunity to establish:

   a.      Hudson Valley, the originator of the loan, did breach the loan it foreclosed upon thus becoming the proximate cause, or a proximate cause, of defendants/appellants inability to repay the loan foreclosed upon.

   b.      The defenses available to the defendants/appellants as to Hudson Valley apply to VFC Partners 19 LLC, the plaintiff/respondent against whom this appeal is taken, as it not a holder in due course of the herein relevant note.

   Conversly, if the court correctly concluded that the defendant/appellants opposition to the summary judgment motion was conclusory, then such circumstance arose because Bronx County Differential Case Management stays discovery during the pendency of a summary judgment motion, (despite CPLR 3212 (f) when a better approach would be to allow discovery on an expedited schedule.

   _____
   **Michael Drezin**

   Dated: The Bronx, New York
   May  30, 2017

# AFFIRMATION OF MAILING

**Michael Drezin**, an attorney duly admitted to practice in the Courts of the State of New York, affirms the truth of the following upon personal knowledge and under the penalty of perjury:

On May 30, 2017 I served the within Notice of Appeal, Pre-Argument Statement and Order appealed from by depositing a true copy thereof in a postpaid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Belkin Burden Wenig and Goldman, LLP
270 Madison Avenue
New York, New York 10016

The Margolin and Weinreb Law Group, LLP
165 Eileen Way
Suite 101
Syosset, New York 11791

_____
**Michael Drezin**

Affirmed the 30th
day of May 2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X

HUDSON VALLEY BANK, N.A., and
VFC PARTNERS 19 LLC

                              *Plaintiff,*

          -against-


ACQUAFREDDA ENTERPRISES LL.C.,
THOMAS ACQUAFREDDA, SUSAN
ACQUAFREDDA, NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE, L&T CONSTRUCTION, LLC,
HUDSON VALLEY BANK,
N.A., and "JOHN DOE" No. 1 through
"JOHN DOE" No. 15, et al

                              *Defendants*

-------------------------------------------------------------------X


---

### NOTICE OF APPEAL
### PRE-ARGUMENT STATEMENT

---

Michael Drezin
Attorney for the Defendants
Acquafredda Enterprises LLC
Thomas Acquafredda
Susan Acquafredda
1978 Williamsbridge Road
Bronx, New York 10461
718-823-7211

---

Service of a copy of the within                    is hereby admitted.


Date:                    , 2017
     _____

                                        Attorney for

SUPREME COURT OF THE STATE OF
NEW YORK
COUNTY OF THE BRONX
_____x


HUDSON VALLEY BANK, N.A.,
                                    *Plaintiff,*
              -against-
                                              Index No. 380881/2011
                                              <u>NOTICE OF APPEAL</u>

ACQUAFREDDA ENTERPRISES LLC
THOMAS ACQUAFREDDA, SUSAN
ACQUAFREDDA, NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE, L&T CONSTRUCTION, LLC,
HUDSON VALLEY BANK, N.A., and
"JOHN DOE" No. I through "JOHN DOE"
No. 15, the true names of said defendants
being unknown to plaintiff, the parties intended
to be those persons having or claiming an interest
in the mortgaged premises described in the complaint
by virtue of being tenants, or occupants, or
judgment-creditors, or lienors of any type
or nature in all or part of said premises,

                                    *Defendants.*

_____x


    **PLEASE TAKE NOTICE** that the above named defendants,
Acquafredda Enterprises LLC, Thomas Acquafredda and Susan Acquafredda
hereby appeals to the Appellate Division of the New York State Supreme
Court in and for the First Department, from a decision and order entered in
the office of the Clerk of Bronx County on the 21st April 2017, which did deny
defendants permission to *amend their answer.*

This appeal is taken from each and every part thereof as well as the whole thereof.

Dated: The Bronx, New York
May   2017
     30

Michael Drezin
Attorney for the Defendants
Acquafredda Enterprises LLC
Thomas Acqufredda
Susan Acquafredda
1978 Williamsbridge Road
Bronx, New York 10461
718.823.7211

# NEW YORK SUPREME COURT - COUNTY OF BRONX

**PART 27**

OFFICE OF THE
BRONX COUNTY CLERK
RECORD ROOM

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX:

2017 APR 21   A 9 35

-------------------------------------------------------------------X

| | |
|---|---|
| Case Disposed | ☐ |
| Settle Order | ☐ |
| Schedule Appearance | ☐ |

**HUDSON VALLEY BANK**

Index №.  **0380881/2011**

-against-

Hon.  **JULIA RODRIGUEZ,**

**ACQUAFREDDA ENTERPRISES LLC**

Justice Supreme Court

------------------------------------------------------------------X

The following papers numbered 1 to _____ Read on this motion, **AMEND PLEADINGS**
Noticed on **February 21 2017** and duly submitted as No. _____ on the Motion Calendar of _____

| | PAPERS NUMBERED | |
|---|---|---|
| Notice of Motion - Order to Show Cause - Exhibits and Affidavits Annexed | | |
| Answering Affidavit and Exhibits | | |
| Replying Affidavit and Exhibits | | |
| _____ Affidavits and Exhibits | | |
| Pleadings - Exhibit | | |
| Stipulation(s) - Referee's Report - Minutes | | |
| Filed Papers | | |
| Memoranda of Law | | |

Upon the foregoing papers this

Motion is Respectfully Referred to:

Justice: _____

Dated: _____

As fully set forth in Decision and Order annexed hereto, motion by Defendants Acquafredda Enterprises, LLC, Susan Acquafredda and Thomas Acquafredda to amend their Answer is **denied** in its entirety.

Dated: 4 / 12 / 2017

Hon. _____

**JULIA RODRIGUEZ, J.S.C.**

SUPREME COURT OF THE STATE OF
NEW YORK
COUNTY OF THE BRONX
————————————————————————x

HUDSON VALLEY BANK, N.A.,

                                *Plaintiff,*

        -against-

ACQUAFREDDA ENTERPRISES LLC.,
THOMAS ACQUAFREDDA, SUSAN
ACQUAFREDDA, NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE, L&T CONSTRUCTION, LLC,
HUDSON VALLEY BANK, N.A., and "JOHN
DOE" No. I through "JOHN DOE" No. 15,
the true names of said defendants being
unknown to plaintiff, the parties intended
to be those persons having or claiming an
interest in the mortgaged premises
described in the complaint by virtue of
being tenants, or occupants, or judgment-
creditors, or lienors of any type or nature in
all or part of said premises,

                            *Defendants.*

————————————————————————x

---

### PRE-ARGUMENT STATEMENT
*on the motion to consolidate*

### Index No. 380881/2011

1. **Title of the Action:**
   HUDSON VALLEY BANK, N.A.,

   *Plaintiff,*

   -against-

   ACQUAFREDDA ENTERPRISES LLC., THOMAS ACQUAFREDDA, SUSAN ACQUAFREDDA, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, L&T CONSTRUCTION, LLC, HUDSON VALLEY BANK, N.A., and "JOHN DOE" No. I through "JOHN DOE" No. 15, the true names of said defendants being unknown to plaintiff, the parties intended to be those persons having or claiming an interest in the mortgaged premises described in the complaint by virtue of being tenants, or occupants, or judgment-creditors, or lienors of any type or nature in all or part of said premises,

   *Defendants.*

2. **Full names of original parties and any change in the parties:**

   **Original Parties**

   HUDSON VALLEY BANK, N.A.,

   *Plaintiff,*

   -against-

   ACQUAFREDDA ENTERPRISES LLC., THOMAS ACQUAFREDDA, SUSAN ACQUAFREDDA, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, L&T CONSTRUCTION, LLC, HUDSON VALLEY BANK, N.A., and "JOHN DOE" No. I through "JOHN DOE" No. 15

   **Changes In Parties**

   Sterling National Bank, having merged with Hudson Valley Bank, N.A., replaced it as a party plaintiff.

   VFC Partners 19 LLC, having acquired the note which is the subject of this controversy, was added as a party plaintiff.

3. **Name, address and telephone number of counsel for appellant.**
   Michael Drezin
   1978 Williamsbridge Road
   The Bronx, New York 10461
   718-823-7211

4. **Name, address and telephone number of counsel for respondent:**
   Belkin Burden Wenig and Goldman, LLP
   270 Madison Avenue
   New York, New York 10016
   1.212.867.4466

5. **Court and county from which the appeal is taken:**
   Bronx County Supreme Court

6. **Nature and object of the cause of action:**
   Foreclosure

7. **Result reached in the court below:**

   The court denied defendant's motion to amend their answer, while at the same time granting plaintiff summary judgment upon the ground that defendant's opposition thereto was conclusory.

   However, defendant's proposed amended answer referencing a factual predicate not existing at the time defendents interposed their original answer, coupled with an expedited discovery schedule, are the predicates upon which defendants would be able to establish that Hudson Valley, the loan originator, did breach the loan it foreclosed upon. It thus became the proximate cause, or a proximate cause, of defendants/appellants inability to repay the loan foreclosed upon.

   _Michael Drezin_
   **Michael Drezin**

   Dated: The Bronx, New York
   May 30, 2017

## AFFIRMATION OF MAILING

**Michael Drezin**, an attorney duly admitted to practice in the Courts of the State of New York, affirms the truth of the following upon personal knowledge and under the penalty of perjury:

On May 30, 2017 I served the within Notice of Appeal, Pre-Argument Statement and Order appealed from by depositing a true copy thereof in a postpaid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Belkin Burden Wenig and Goldman, LLP
270 Madison Avenue
New York, New York 10016

The Margolin and Weinreb Law Group, LLP
165 Eileen Way
Suite 101
Syosset, New York 11791

_____
**Michael Drezin**

Affirmed the 30th
day of May 2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

----------------------------------------------------------------**X**

HUDSON VALLEY BANK, N.A., and
VFC PARTNERS 19 LLC

*Plaintiff,*

    -against-


ACQUAFREDDA ENTERPRISES LL.C.,
THOMAS ACQUAFREDDA, SUSAN
ACQUAFREDDA, NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE, L&T CONSTRUCTION, LLC,
HUDSON VALLEY BANK,
N.A., and "JOHN DOE" No. 1 through
"JOHN DOE" No. 15, et al

*Defendants*


----------------------------------------------------------------**X**


## NOTICE OF APPEAL
## PRE-ARGUMENT STATEMENT


Michael Drezin
Attorney for the Defendants
Acquafredda Enterprises LLC
Thomas Acquafredda
Susan Acquafredda
1978 Williamsbridge Road
Bronx, New York 10461
718-823-7211


Service of a copy of the within            is hereby admitted.


Date:           , 2017

_____

                                    Attorney for

SUPREME COURT OF THE STATE OF
NEW YORK
COUNTY OF THE BRONX
————————————————————————x


HUDSON VALLEY BANK, N.A.,
                                    *Plaintiff,*
                -against-

Index No. 380880/2011
NOTICE OF APPEAL

ACQUAFREDDA ENTERPRISES LLC
THOMAS ACQUAFREDDA, SUSAN
ACQUAFREDDA, NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE, L&T CONSTRUCTION, LLC,
HUDSON VALLEY BANK, N.A., and
"JOHN DOE" No. I through "JOHN DOE"
No. 15, the true names of said defendants
being unknown to plaintiff, the parties intended
to be those persons having or claiming an interest
in the mortgaged premises described in the complaint
by virtue of being tenants, or occupants, or
judgment-creditors, or lienors of any type
or nature in all or part of said premises,

                            *Defendants.*

————————————————————————x


**PLEASE TAKE NOTICE** that the above named defendants, Acquafredda
Enterprises LLC, Thomas Acquafredda and Susan Acquafredda, hereby
appeals to the Appellate Division of the New York State Supreme Court in
and for the First Department, from a decision and order entered in the office
of the Clerk of Bronx County on the 21st April 2017 which did grant the
plaintiff, Hudson Valley, *summary judgment* in a foreclosure action.

17 MAY 31 AM II: 08
COUNTY CLERK
BRONX COUNTY
FILED

This appeal is taken from each and every part thereof as well as the whole thereof.

Dated: The Bronx, New York
May   2017

_____

Michael Drezin
Attorney for the Defendants
Acquafredda Enterprises LLC
Thomas Acqufredda
Susan Acquafredda
1978 Williamsbridge Road
Bronx, New York 10461
718.823.7211



# NEW YORK SUPREME COURT - COUNTY OF BRONX

OFFICE OF COUNTY CLERK
BRONX COUNTY CLERK
RECORD ROOM

**PART** _____

2011 APR 21   A 9 36

| | Case Disposed ☐ |
| --- | --- |
| | Settle Order ☐ |
| | Schedule Appearance ☐ |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX:

Hudson Valley Bank, NA
------X

-against-

Acquafredda Enterprises LLC, et al.
------X

Index Nº. 380880/11

Hon. ~~Hon. Julia I. Rodriguez~~

Justice.

The following papers numbered 1 to _____ Read on this motion.
Noticed on _____ and duly submitted as No. _____ on the Motion Calendar of *Rf to Compel*

| | PAPERS NUMBERED | |
| --- | --- | --- |
| Notice of Motion - Order to Show Cause - Exhibits and Affidavits Annexed | | |
| Answering Affidavit and Exhibits | | |
| Replying Affidavit and Exhibits | | |
| Affidavits and Exhibits | | |
| Pleadings - Exhibit | | |
| Stipulation(s) - Referee's Report - Minutes | | |
| Filed Papers | | |
| Memoranda of Law | | |

Upon the foregoing papers this

        As fully set forth in Decision and Order annexed hereto, Plaintiff's motion seeking various relief, including amending the Notices of Pendency and appointment of a referee, is **granted** in its entirety.

Motion is Respectfully Referred to:
Justice: _____
Dated: _____

Dated: 4 ,12 ,2017

Hon. _____
J.S.C.

Hon. Julia I. Rodriguez

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX
-------------------------------------------------------------------X   Index No. 380880/11
Hudson Valley Bank, N.A.,
                    Plaintiff,

-against-                                                    DECISION and ORDER *and*
                                                            *Appointment of Referee*
Acquafredda Enterprises LLC, et al.,
                                                            Present:
                    Defendants.                             Hon. Julia I. Rodriguez
-------------------------------------------------------------------X   Supreme Court Justice

Recitation, as required by CPLR 2219(a), of the papers considered in review of the motion of VFC Partners 19 LLC ("VFC") for summary judgment and other relief and the motion of Acquafredda Enterprises LLC, Susan Acquafredda and Thomas Acquafredda for leave to amend their answer.

| Papers Submitted | Numbered |
|---|---|
| VFC's Notice of Motion, Affirmation & Exhibits | 1 |
| Affirmation in Opposition & Exhibits | 2 |
| Affidavit of Susan Acquafredda | 3 |
| Reply Affirmation & Exhibit | 4 |
| Acquafredda Notice of Motion, Affirmation & Exhibits | 5 |
| Affirmation in Opposition & Exhibits | 6 |

In the instant foreclosure action, VFC Partners 19 LLC ("VFC") moves for an order substituting VFC as the party plaintiff in this action in place of Hudson Valley Bank ("HVB"), amending the notices of pendency, *nunc pro tunc*, to reflect such substitution as of March 28, 2012, substituting "Jane" Acquafredda in place of "John Doe" No. 1, granting VFC Partners 19 LLC a default judgment in this action against defendants New York State Department of Taxation and Finance and "Jane" Acquafredda for failure to answer or otherwise move with respect to the complaint, granting summary judgment in its favor and for other relief including appointing a referee to compute and ascertain the amount due on the mortgage.

Acquafredda Enterprises LLC, Susan Acquafredda and Thomas Acquafredda ("the Acquafreddas") separately move for an order granting them leave to amend their answer.

In support of its motion, VFC submitted the affidavit of Larry Fisher, Senior Team Leader - Asset Management for Trimont Real Estate Advisors, LLC, the service agent for VFC. Fisher attached to his affidavit a copy of the note in the principal amount of $85,000.00, the mortgage and the guaranties of Thomas Acquafredda and Susan Acquafredda. In addition,

-1-

Fisher submitted copies of a notice of default, dated June 1, 2011, sent by Hudson Valley Bank to Acquafredda Enterprises LLC, an assignment of mortgage from Hudson Valley Bank to VFC and an allonge to the note indicating transfer of the note to VFC. In his affidavit, Fisher states that VFC is in possession of the note and mortgage and that, notwithstanding that HVB demanded full payment of the amount due as of June 1, 2011, no such payment was received from the Acquafreddas.

The Acquafreddas only oppose that portion of VFC's motion which seeks summary judgment in its favor on the causes of action asserted against the Acquafreddas in the verified complaint, and the appointment of a referee to compute and ascertain the amount due on the mortgage.

Notably, the Acquafreddas do not dispute that they have failed to make the required payments under the note. Instead, the Acquafreddas primarily argue that VFC is not entitled to summary judgment because HVB breached a construction contract between HVB and the Acquafreddas by paying the final 10% of the loan amount to a contractor "directly and improperly." The only evidence submitted in support of this contention is the affidavit of Susan Acquafredda, in which she references a construction contract which was not submitted with the opposing papers. Her conclusory affidavit is insufficient to raise a triable issue of fact.

The Acquafreddas' remaining arguments and alleged defenses are inapposite and otherwise lack merit.

The Court also notes that the Acquafreddas brought an action in Supreme Court, Bronx County against HVB for breach of contract in connection with HVB's alleged improper distribution of loan proceeds.

For the foregoing reasons, VFC's motion is **granted** in its entirety. For the same reasons, the Acquafreddas' motion to amend their answer is **denied**.

Accordingly, it is hereby

ORDERED that VFC Partners 19 LLC is substituted as the plaintiff herein in place of Hudson Valley Bank and the Notices of Pendency and pleadings in this action are amended, *nunc pro tunc* as of March 28, 2012, to reflect such substitutions; and it is further

ORDERED that "Jane" Acquafredda is substituted as a defendant in place of "John Doe" No. 1; and it is further ordered

ORDERED that VFC Partners 19 LLC is granted a default judgment in this action against defendants New York State Department of Taxation and "Jane" Acquafredda; and it is further

ORDERED that the answer of defendants Acquafredda Enterprises, LLC, Thomas Acquafredda and Susan Acquafredda is hereby stricken and VFC Partners 19 LLC is entitled to summary judgment in its favor as a matter of law against these defendants; and it is further

ORDERED that the affirmative defenses contained in the answer of defendants Acquafredda Enterprises, LLC, Thomas Acquafredda and Susan Acquafredda are hereby dismissed; and it is further

ORDERED that defendants "John Doe" No. 2 through "John Doe" No. 15 are hereby dismissed as party defendants in this action; and it is further

ORDERED that Richard Tolchin, Esq. with an address of 2 Overlook Road Apt 1B2, White Plains, NY 10605   Tel: 914-949-7770 is hereby appointed as Referee to ascertain and compute the amount due except for attorney's fees upon the Bond/Note and Mortgage upon which this action was brought, to examine and report whether the mortgaged premises (Block 5529, Lots 487, 488, 489, 492 and 500) as further described in the Verified Complaint in this action and hereinafter described, should be sold in one or more parcels, and that the Referee make his/her report to this Court with all convenient speed; and it is further

ORDERED that, if required, the Referee take testimony pursuant to RPAPL §1321; and it is further

ORDERED that by accepting this appointment the Referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to, section 36.2c ("Disqualifications from appointment"), and section 36.2(d) ("Limitations on appointments based upon compensation"); and it is further

-3-

ORDERED that the caption be amended by substituting VFC Partners 19 LLC in place of Hudson Valley Bank as the plaintiff and "Jane" Acquafredda in place of "John Doe" No. 1 as a defendant; and it is further

ORDERED that defendants "John Doe" No. 2 through "John Doe" No. 15 are hereby dismissed as defendants in this action and the omnibus clause is hereby deleted from the caption, all without prejudice to all of the pleadings and proceedings heretofore had herein; and it is further

ORDERED that the caption shall read as follows:

---

VFC Partners 19 LLC,
        Plaintiff,

-against-

                                 Index No.  380880/11

Acquafredda Enterprises LLC, Thomas Acquafredda,
Susan Acquafredda, New York State Department of
Taxation and Finance and "Jane" Acquafredda,
        Defendants.

---

ORDERED that a copy of this Order with Notice of Entry shall be served upon the owner of the equity of redemption, any tenants named in this action and any other parties entitled to notice; and it is further

ORDERED that pursuant to CPLR 8003(a)(~~the statutory fee of $50.00~~) in the discretion of the Court , a fee of _300.__00_ ( _Three hundred Dollars_ ) shall be paid to the Referee for the Computation Stage and upon the filing of his/her report; and it is further

ORDERED that the Referee appointed herein is subject to the requirements of Rule 36.2c of the Chief Judge and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall notify the Appointing Judge forthwith.

Dated: Bronx, New York
      April 12, 2017

                                      Hon. Julia I. Rodriguez, J.S.C.

SUPREME COURT OF THE STATE OF
NEW YORK
COUNTY OF THE BRONX
_____x

HUDSON VALLEY BANK, N.A.,

                              *Plaintiff,*

              -against-

ACQUAFREDDA ENTERPRISES LLC.,
THOMAS ACQUAFREDDA, SUSAN
ACQUAFREDDA, NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE, L&T CONSTRUCTION, LLC,
HUDSON VALLEY BANK, N.A., and "JOHN
DOE" No. I through "JOHN DOE" No. 15,
the true names of said defendants being
unknown to plaintiff, the parties intended
to be those persons having or claiming an
interest in the mortgaged premises
described in the complaint by virtue of
being tenants, or occupants, or judgment-
creditors, or lienors of any type or nature in
all or part of said premises,

                              *Defendants.*

_____x


_____

### PRE-ARGUMENT STATEMENT
*on the motion for summary judgment*

### Index No. 380880/2011
_____

1. **Title of the Action**:
   HUDSON VALLEY BANK, N.A.,

   *Plaintiff,*

   -against-

   ACQUAFREDDA ENTERPRISES LLC.,
   THOMAS ACQUAFREDDA, SUSAN
   ACQUAFREDDA, NEW YORK STATE DEPARTMENT OF
   TAXATION AND FINANCE, L&T CONSTRUCTION, LLC,
   HUDSON VALLEY BANK, N.A., and "JOHN DOE" No. I
   through "JOHN DOE" No. 15, the true names of said
   defendants being unknown to plaintiff, the parties
   intended to be those persons having or claiming an
   interest in the mortgaged premises described in the
   complaint by virtue of being tenants, or occupants, or
   judgment-creditors, or lienors of any type or nature in all
   or part of said premises,

   *Defendants.*

2. **Full names of original parties and any change in the parties:**

   **Original Parties**

   HUDSON VALLEY BANK, N.A.,

   *Plaintiff,*

   -against-

   ACQUAFREDDA ENTERPRISES LLC.,
   THOMAS ACQUAFREDDA, SUSAN
   ACQUAFREDDA, NEW YORK STATE DEPARTMENT OF
   TAXATION AND FINANCE, L&T CONSTRUCTION,
   LLC, HUDSON VALLEY BANK, N.A., and "JOHN DOE"
   No. I through "JOHN DOE" No. 15

   **Changes In Parties**

   Sterling National Bank, having merged with Hudson Valley
   Bank, N.A., replaced it as a party plaintiff.

   VFC Partners 19 LLC, having acquired the note which is the
   subject of this controversy, was added as a party plaintiff.

3.  **Name, address and telephone number of counsel for appellant.**
    Michael Drezin
    1978 Williamsbridge Road
    The Bronx, New York 10461
    718-823-7211

4.  **Name, address and telephone number of counsel for respondent:**
    Belkin Burden Wenig and Goldman, LLP
    270 Madison Avenue
    New York, New York 10016
    1.212.867.4466

5.  **Court and county from which the appeal is taken:**
    Bronx County Supreme Court

6.  **Nature and object of the cause of action:**
    Foreclosure

7.  **Result reached in the court below:**

    In deciding a summary judgment motion in favor of plaintiff, the
    court found and determined questions of fact. By so doing, the court
    deprived defendants/appellants of an opportunity to establish:

    a.      Hudson Valley, the originator of the loan, did breach the loan
    it foreclosed upon thus becoming the proximate cause, or a
    proximate cause, of defendants/appellants inability to repay the
    loan foreclosed upon.

    b.       The defenses available to the defendants/appellants as to
    Hudson Valley apply to VFC Partners 19 LLC, the
    plaintiff/respondent against whom this appeal is taken, as it not a
    holder in due course of the herein relevant note.

    Conversly, if the court correctly concluded that the
    defendant/appellants opposition to the summary judgment motion
    was conclusory, then such circumstance arose because Bronx
    County Differential Case Management stays discovery during the
    pendency of a summary judgment motion, (despite CPLR 3212 (f)
    when a better approach would be to allow discovery on an expedited
    schedule.

    _Mm. Qu Dj_
    **Michael Drezin**

    Dated: The Bronx, New York
    MAY 30 2017

## AFFIRMATION OF MAILING

**Michael Drezin**, an attorney duly admitted to practice in the Courts of the State of New York, affirms the truth of the following upon personal knowledge and under the penalty of perjury:

On May 30, 2017 I served the within Notice of Appeal, Pre-Argument Statement and Order appealed from by depositing a true copy thereof in a postpaid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Belkin Burden Wenig and Goldman, LLP
270 Madison Avenue
New York, New York 10016

The Margolin and Weinreb Law Group, LLP
165 Eileen Way
Suite 101
Syosset, New York 11791

_____
Michael Drezin

Affirmed the 30th
day of May 2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-----------------------------------------------------------------X

HUDSON VALLEY BANK, N.A., and
VFC PARTNERS 19 LLC

                                        *Plaintiff,*

            -against-


ACQUAFREDDA ENTERPRISES LL.C.,
THOMAS ACQUAFREDDA, SUSAN
ACQUAFREDDA, NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE, L&T CONSTRUCTION, LLC,
HUDSON VALLEY BANK,
N.A., and "JOHN DOE" No. 1 through
"JOHN DOE" No. 15, et al

                                        *Defendants*

-----------------------------------------------------------------X


## NOTICE OF APPEAL
## PRE-ARGUMENT STATEMENT

Michael Drezin
Attorney for the Defendants
Acquafredda Enterprises LLC
Thomas Acquafredda
Susan Acquafredda
1978 Williamsbridge Road
Bronx, New York 10461
718-823-7211

Service of a copy of the within                          is hereby admitted.

Date:                    , 2017

_____

                                        Attorney for

SUPREME COURT OF THE STATE OF
NEW YORK
COUNTY OF THE BRONX

_____x


VFC PARTNERS 19, LLC

                            *Plaintiff,*

          -against-

                                 Index No. 380880/2011
                                 <u>NOTICE OF APPEAL</u>

ACQUAFREDDA ENTERPRISES LLC
THOMAS ACQUAFREDDA, SUSAN
ACQUAFREDDA, NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE, L&T CONSTRUCTION, LLC,
HUDSON VALLEY BANK, N.A., and
"JOHN DOE" No. I through "JOHN DOE"
No. 15, the true names of said defendants
being unknown to plaintiff, the parties intended
to be those persons having or claiming an interest
in the mortgaged premises described in the complaint
by virtue of being tenants, or occupants, or
judgment-creditors, or lienors of any type
or nature in all or part of said premises,

                             *Defendants.*

_____x


      **PLEASE TAKE NOTICE** that the above named defendants,
Acquafredda Enterprises LLC, Thomas Acquafredda and Susan
Acquafredda, hereby appeals to the Appellate Division of the New
York State Supreme Court in and for the First Department, from a
decision and order entered in the office of the Clerk of the county of
the Bronx on the 21st day of February 2018 which denied the
defendant Acquafredda's motion to vacate the decision granting
summary judgment.

      The court below concluded that discovery establishing the
plaintiff's predecessor in interest in this foreclosure did breach the
parties construction loan agreement, rendering the terms of the
conversion from construction loan to mortgage impossible had no
effect on the foreclosure but was, in fact, a determination to be made
in the related contract action and not herein.

This appeal is taken from each and every part thereof as well as the whole thereof.

Dated: The Bronx, New York
March 27, 2018

Michael Drezin
Attorney for the Defendants
Acquafredda Enterprises
Thomas Acquafredda
Susan Acquafredda
1978 Williamsbridge Road
Bronx, New York 10461
718.823.7211

SUPREME COURT OF THE STATE OF
NEW YORK
COUNTY OF THE BRONX
_____x

VFC PARTNERS 19 LLC.

*Plaintiff,*

-against-

ACQUAFREDDA ENTERPRISES LLC.,
THOMAS ACQUAFREDDA, SUSAN
ACQUAFREDDA,    NEW    YORK    STATE
DEPARTMENT OF TAXATION AND FINANCE, L&T
CONSTRUCTION, LLC, HUDSON VALLEY BANK,
N.A., and "JOHN DOE" No. I through "JOHN DOE"
No. 15, the true names of said defendants being
unknown to plaintiff, the parties intended to be
those persons having or claiming an interest in
the   mortgaged   premises   described   in   the
complaint  by  virtue  of  being  tenants,  or
occupants, or judgment-creditors, or lienors of
any type or nature in all or part of said premises,

*Defendants.*

_____x

## PRE-ARGUMENT STATEMENT

Index No. 380881/2011

1

1. Title of the Action:
   VFC PARTNERS 19 LLC

   *Plaintiff,*

   -against-

   ACQUAFREDDA ENTERPRISES LLC.,
   THOMAS ACQUAFREDDA, SUSAN
   ACQUAFREDDA, NEW YORK STATE DEPARTMENT OF
   TAXATION AND FINANCE, L&T CONSTRUCTION, LLC,
   HUDSON VALLEY BANK, N.A., and "JOHN DOE" No. I
   through "JOHN DOE" No. 15, the true names of said
   defendants being unknown to plaintiff, the parties
   intended to be those persons having or claiming an
   interest in the mortgaged premises described in the
   complaint by virtue of being tenants, or occupants, or
   judgment-creditors, or lienors of any type or nature in all
   or part of said premises,

   *Defendants.*

2. Full names of original parties and any change in the parties:

   **Original Parties**

   HUDSON VALLEY BANK, N.A.,

   *Plaintiff,*

   -against-

   ACQUAFREDDA ENTERPRISES LLC.,
   THOMAS ACQUAFREDDA, SUSAN
   ACQUAFREDDA, NEW YORK STATE DEPARTMENT OF
   TAXATION AND FINANCE, L&T CONSTRUCTION, LLC,
   HUDSON VALLEY BANK, N.A., and "JOHN DOE" No. I
   through "JOHN DOE" No. 15

   **Changes In Parties**

   Sterling National Bank, having merged with Hudson Valley
   Bank, N.A., replaced it as a party plaintiff. Thereafter
   VFC Partners 19 LLC, having acquired the note which is the
   subject of this controversy, was added as a party plaintiff.
   Thereafter, it assigned said note to Avail 1. Although Avail 1
   does not appear in the caption, it became a party herein by
   by operation of law.

3. **Name, address and telephone number of counsel for appellant.**
Michael Drezin
1978 Williamsbridge Road
The Bronx, New York 10461
718-823-7211

4. **Name, address and telephone number of counsel for respondent:**
The Margolin and Weinreb Law Group, LLP
165 Eileen Way
Suite 101
Syosset, New York 11791
516.921.3838

5. **Court and county from which the appeal is taken:**
Bronx County Supreme Court

6. **Nature and object of the cause of action:**
Foreclosure

7. **Result reached in the court below:**

The Court below held Hudson Valley's breach of contract to wit: it did wrongfully pay the last ten percent of the loan to defendant's general contractor, who did thereafter walk off the job without obtaining certificates of occupancy, thus rendering impossible the condition of conversion of the construction loan to a mortgage, the relevant condition requiring fully rented premises as being independent, and not the cause of defendant's inability to repay the loan and thus defendants remedy, if at all, lies exclusively in their breach of contract action.

The court reached that decision without having granted or denied the Acquafredda's application for an adjournment, the need for which was occasioned by the late service of plaintiffs reply papers.
The defendant's Acquafredda disagree with that holding for the following reasons:

a.       The Acquafredda's did not borrow $1.8 million to construct uninhabitable homes.

**The Foreclosure and Contract Action are Interrelated**

b.       In order to convert the construction loan into a permanent mortgage, the Acquafredda's were required to have fully rented properties and the record below established that their properties were fully rented and that the rental payment were return due to a lack of certificates of occupancy. Consequently, as a self-evident matter of fact, the breach of contract is a foreseeable substantial factor which explains the Acquafredda's inability to repay plaintiff, or alternatively,

3

**PART 27**

| Case Disposed | ☐ |
| Settle Order | ☐ |
| Schedule Appearance | ☐ |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX:
-------------------------------------------------------------------X

**VFC PARTNERS 19**

Index №.    **0380881/2011**

-against-

Hon.    **JULIA RODRIGUEZ,**

**ACQUAFREDDA ENTERPRISES LLC**

Justice Supreme Court

-------------------------------------------------------------------X

The following papers numbered 1 to _____ Read on this motion, **VACATE ORDER/JUDGMENT**
Noticed on __December 05 2017__ and duly submitted as No. _____ on the Motion Calendar of _____

|  | PAPERS NUMBERED | |
| --- | --- | --- |
| Notice of Motion - Order to Show Cause - Exhibits and Affidavits Annexed | | |
| Answering Affidavit and Exhibits | | |
| Replying Affidavit and Exhibits | | |
| _____ Affidavits and Exhibits | | |
| Pleadings - Exhibit | | |
| Stipulation(s) - Referee's Report - Minutes | | |
| Filed Papers | | |
| Memoranda of Law | | |

Upon the foregoing papers this

Motion is Respectfully Referred to:
Justice: _____
Dated: _____

Defendants' motion: (1) to vacate this court's Decision and Order dated April 12, 2017 which granted summary judgment to Plaintiff, and by extension for vacatur of this court's Decision and Order dated Sept. 14, 2017 which denied reargument thereof; and (2) to vacate this court's Order dated Sept. 14, 2017 which appointed a receiver, is **denied** in its entirety as fully set forth in Decision and Order annexed hereto.

Dated: 2/21/2018

Hon. _____
**JULIA RODRIGUEZ, J.S.C.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX
-------------------------------------------------------------------X   **Index Nos. 380880/11**
                                                                               **380881/11**
Hudson Valley Bank/ VFC Partners 19 LLC

        Plaintiff,

-against-                                                                 **DECISION and ORDER**

Acquafredda Enterprises LLC et al.,
                                                                               Present:
        Defendants.                                   Hon. Julia I. Rodriguez
-------------------------------------------------------------------X   Supreme Court Justice

Recitation, as required by CPLR 2219(a), of the papers considered in review of defendants' motions to vacate
judgment pursuant to CPLR 5015(a)(3).

| Papers Submitted | Numbered |
|---|---|
| **Notice of Motion, Affirmation & Exhibits** | **1** |
| **Notice of Motion, Affirmation & Exhibits** | **2** |
| **Affirmation in Opposition & Exhibits** | **3** |

    In the instant foreclosure actions, plaintiffs seek to recover on two mortgages in the
principal amounts of $1,800,000 and $85,000, respectively, which the defendants failed to
satisfy. After unsuccessfully moving to renew/reargue this Court's Decision & Orders dated
April 12, 2017, pursuant to CPLR 2221, in which the Court granted plaintiffs' summary
judgment and denied defendants' motions for leave to amend their answer, defendants now move
to vacate those decisions pursuant to CPLR 5015(a)(3). Defendants also move to vacate the
Court's order, under Index No. 380881/11 and dated September 14, 2017, appointing a
temporary receiver, and for the Court to set this matter down for a settlement conference.

    In support of the instant motions, the Acquafreddas claim that they now have
documentary evidence establishing that "Hudson Valley Bank/Sterling National Bank" breached
the construction loan contracts by making the final payment directly to the contractor who
thereafter walked off the job without obtaining certificates of occupancy leaving an incomplete
and uninhabitable premise. This evidence, the Acquafreddas claim, was obtained as a result of
discovery in a breach of contract action brought by them, entitled <u>Acquafredda Enterprises LLC</u>

v. Sterling National Bank et al. under Index No. 300162/16, concerning the same construction loans at issue in the instant matters.

In opposition to plaintiffs' underlying motions, the Acquafreddas primarily argued that VFC Partners LLC was not entitled to summary judgment because Hudson Valley Bank breached a construction contract between Hudson Valley Bank and the Acquafreddas by paying the final 10% of the loan amount to a contractor "directly and improperly." In each of its decisions, the Court found the affidavit of Susan Acquafredda, the only evidence offered in support of that claim, to be conclusory. In her affidavit submitted in support of the instant motions, Susan Acquafredda states that she reviewed the discovery provided by "Hudson Valley/Sterling in the related contract action" and is "aware that it establishes that the bank did, indeed, breach our construction loan contract by making the final payment directly to the contractor who thereafter, coincidentally or consequently, walked off the job without obtaining certificates of occupancy . . . or affording us a way to pay back the loan." Ms. Acquafredda also states that "the bank knew all the while that I was telling the truth . . . [and that] the only practical way the bank can make amends is by assisting in the settlement of this action."

* * * * * * * * * *

Under CPLR R 5015(a)(3), the court which rendered a judgment or order may relieve a party from it upon such terms as may be just upon the ground of fraud, misrepresentation, or other misconduct of an adverse party. The documentation submitted by defendants falls short of establishing any fraud, misrepresentation or misconduct on the part of the plaintiffs that would justify vacating the Court's prior orders. As this Court has previously noted, the defendants do not dispute that loan proceeds of almost $2 million were distributed in connection with the construction loans which have not been repaid. Nor do they dispute that they have been collecting rents on at lease some of the subject properties. Significantly, documentation submitted by the defendants indicates that on July 24, 2009 an inspection of the property was performed by Tartaglione Consultants Corp. which indicated that the project was 100% complete, and that all necessary paper work for a final C of O had been filed. While it appears

-2-

that a copy of the inspection report was provided to Hudson Valley Bank, defendants neither submitted that report nor explained their failure to do so.

In any event, defendants' claims are properly addressed in their pending breach of contract action and, even if true, provide no defense to the instant foreclosure actions. Also, if defendants claims have merit, they can be made whole in their breach of contract action with money damages after the trial or settlement of that action.

Finally, the defendants failed to establish that the appointment of a temporary receiver was improper or unjust.

Based upon the foregoing, defendants' motions are **denied** in their entirety.

Dated: Bronx, New York
February 21, 2018

Hon. Julia I. Rodriguez, J.S.C.

-3-

## AFFIRMATION OF MAILING

**Michael Drezin**, an attorney duly admitted to practice in the Courts of the State of New York, affirms the truth of the following upon personal knowledge and under the penalty of perjury:

On March 27, 2018 I served the within notice of appeal, pre-argument statement and order appealed from by depositing a true copy thereof in a postpaid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Robert Holland, Esquire
Belkin Burden Wenig and Goldman, LLP
270 Madison Avenue
New York, New York 10016

_____
**Michael Drezin**

Affirmed the 27th
day of March 2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX
--------------------------------------------------------X

VFC PARTNERS 19 LLC

*Plaintiff(s)*,

ACQUAFREDDA ENTERPRISES LL.C.,
THOMAS ACQUAFREDDA, SUSAN
ACQUAFREDDA, NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE,
L&T CONSTRUCTION, LLC, HUDSON VALLEY BANK,
N.A., and "JOHN DOE" No. I through "JOHN DOE" No. 15, et al

*Defendant(s)*.

--------------------------------------------------------X

NOTICE OF APPEAL
PRE-ARGUMENT STATEMENT
ORDER APPEALED FROM

Michael Drezin
Attorney for the Defendants
Acquafredda Enterprises LLC
Thomas Acquafredda
Susan Acquafredda
1978 Williamsbridge Road
Bronx, New York 10461
718-823-7211

Service of a copy of the within _____ is hereby admitted.

Date: _____ , 2018

_____

Attorney for

SUPREME COURT OF THE STATE OF
NEW YORK
COUNTY OF THE BRONX

_____x

VFC PARTNERS 19, LLC

*Plaintiff,*

-against-

Index No. 380881/2011
NOTICE OF APPEAL

ACQUAFREDDA ENTERPRISES LLC
THOMAS ACQUAFREDDA, SUSAN
ACQUAFREDDA, NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE, L&T CONSTRUCTION, LLC,
HUDSON VALLEY BANK, N.A., and
"JOHN DOE" No. I through "JOHN DOE"
No. 15, the true names of said defendants
being unknown to plaintiff, the parties intended
to be those persons having or claiming an interest
in the mortgaged premises described in the complaint
by virtue of being tenants, or occupants, or
judgment-creditors, or lienors of any type
or nature in all or part of said premises,

*Defendants.*

_____x

PLEASE TAKE NOTICE that the above named defendants,
Acquafredda Enterprises LLC, Thomas Acquafredda and Susan
Acquafredda, hereby appeals to the Appellate Division of the New
York State Supreme Court in and for the First Department, from a
decision and order entered in the office of the Clerk of the county of
the Bronx on the 21st day of February 2018 which denied the
defendant Acquafredda's motion to vacate the decision granting
summary judgment.

The court below concluded that discovery establishing the
plaintiff's predecessor in interest in this foreclosure did breach the
parties construction loan agreement, rendering the terms of the
conversion from construction loan to mortage impossible had no
effect on the foreclosure but was, in fact, a determination to be made
in the related contract action and not herein.

Index No. 380881/2011

1. Title of the Action:
   VFC PARTNERS 19 LLC

                              *Plaintiff,*

                    -against-

   ACQUAFREDDA ENTERPRISES LLC.,
   THOMAS ACQUAFREDDA, SUSAN
   ACQUAFREDDA, NEW YORK STATE DEPARTMENT OF
   TAXATION AND FINANCE, L&T CONSTRUCTION, LLC,
   HUDSON VALLEY BANK, N.A., and "JOHN DOE" No. I
   through "JOHN DOE" No. 15, the true names of said
   defendants being unknown to plaintiff, the parties
   intended to be those persons having or claiming an
   interest in the mortgaged premises described in the
   complaint by virtue of being tenants, or occupants, or
   judgment-creditors, or lienors of any type or nature in all
   or part of said premises,

                              *Defendants.*

2. **Full names of original parties and any change in the parties:**

   <u>Original Parties</u>

   HUDSON VALLEY BANK, N.A.,

                              *Plaintiff,*

                    -against-

   ACQUAFREDDA ENTERPRISES LLC.,
   THOMAS ACQUAFREDDA, SUSAN
   ACQUAFREDDA, NEW YORK STATE DEPARTMENT OF
   TAXATION AND FINANCE, L&T CONSTRUCTION, LLC,
   HUDSON VALLEY BANK, N.A., and "JOHN DOE" No. I
   through "JOHN DOE" No. 15

   <u>Changes In Parties</u>

   Sterling National Bank, having merged with Hudson Valley
   Bank, N.A., replaced it as a party plaintiff. Thereafter
   VFC Partners 19 LLC, having acquired the note which is the
   subject of this controversy, was added as a party plaintiff.
   Thereafter, it assigned said note to Avail 1. Although Avail 1
   does not appear in the caption, it became a party herein by
   by operation of law.

3. **Name, address and telephone number of counsel for appellant.**
Michael Drezin
1978 Williamsbridge Road
The Bronx, New York 10461
718-823-7211

4. **Name, address and telephone number of counsel for respondent:**
The Margolin and Weinreb Law Group, LLP
165 Eileen Way
Suite 101
Syosset, New York 11791
516.921.3838

5. **Court and county from which the appeal is taken:**
Bronx County Supreme Court

6. **Nature and object of the cause of action:**
Foreclosure

7. **Result reached in the court below:**

The Court below held Hudson Valley's breach of contract to wit: it did wrongfully pay the last ten percent of the loan to defendant's general contractor, who did thereafter walk off the job without obtaining certificates of occupancy, thus rendering impossible the condition of conversion of the construction loan to a mortgage, the relevant condition requiring fully rented premises as being independent, and not the cause of defendant's inability to repay the loan and thus defendants remedy, if at all, lies exclusively in their breach of contract action.

The court reached that decision without having granted or denied the Acquafredda's application for an adjournment, the need for which was occasioned by the late service of plaintiffs reply papers.
The defendant's Acquafredda disagree with that holding for the following reasons:

a.      The Acquafredda's did not borrow $1.8 million to construct uninhabitable homes.

### The Foreclosure and Contract Action are Interrelated

b.      In order to convert the construction loan into a permanent mortgage, the Acquafredda's were required to have fully rented properties and the record below established that their properties were fully rented and that the rental payment were return due to a lack of certificates of occupancy. Consequently, as a self-evident matter of fact, the breach of contract is a foreseeable substantial factor which explains the Acquafredda's inability to repay plaintiff, or alternatively,

3

c.   The relationship between the breach of contract action and this foreclosure is a question of fact for the trier of fact.

## Holder In Due Course Status Wrongly Assumed

d.   The holder in due course status assumed by the court, leaving the assignees to take free of the Acquafredda's contract defenses does not exist or exists as a question of fact for the trier of fact.

## Unjust Enrichment

e.   To not deduct the Acquafredda's damages in this foreclosure from the amount due plaintiff, if any, in this foreclosure is to unjustly enrich plaintiff. (In approximate terms, the plaintiff seeks $1.8 million on the loans, white defendants seek $1.2 million as be the value of the loss of rental income alone.)

## The Inadequacy of Money Damages

f.   Money is an inadequate remedy for the misappropriation of property.

_____
Michael Drezin

Dated: The Bronx, New York
March 27, 2018

**PART 27**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX:

----------------------------------------------------------------X

**VFC PARTNERS 19**

-against-

**ACQUAFREDDA ENTERPRISES LLC**

----------------------------------------------------------------X

Index №.    **0380881/2011**

Hon.    **JULIA  RODRIGUEZ,**

Justice Supreme Court

| Case Disposed | ☐ |
| Settle Order | ☐ |
| Schedule Appearance | ☐ |

The following papers numbered 1 to _____ Read on this motion, **VACATE ORDER/JUDGMENT**
Noticed on **December 05 2017** and duly submitted as No. _____ on the Motion Calendar of _____

|  | PAPERS NUMBERED | |
| --- | --- | --- |
| Notice of Motion - Order to Show Cause - Exhibits and Affidavits Annexed |  |  |
| Answering Affidavit and Exhibits |  |  |
| Replying Affidavit and Exhibits |  |  |
| _____ Affidavits and Exhibits |  |  |
| Pleadings - Exhibit |  |  |
| Stipulation(s) - Referee's Report - Minutes |  |  |
| Filed Papers |  |  |
| Memoranda of Law |  |  |

Upon the foregoing papers this

Motion is Respectfully Referred to:
Justice: _____
Dated: _____

     Defendants' motion: (1) to vacate this court's Decision and Order dated April 12, 2017 which granted summary judgment to Plaintiff, and by extension for vacatur of this court's Decision and Order dated Sept. 14, 2017 which denied reargument thereof; and (2) to vacate this court's Order dated Sept. 14, 2017 which appointed a receiver, is **denied** in its entirety as fully set forth in Decision and Order annexed hereto.

Dated: **2 /21 /2018**

Hon. _____
       **JULIA  RODRIGUEZ, J.S.C.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX
-------------------------------------------------------------------X   **Index Nos. 380880/11**
Hudson Valley Bank/ VFC Partners 19 LLC                                              **380881/11**

        Plaintiff,

-against-                                                                           **DECISION and ORDER**

Acquafredda Enterprises LLC et al.,
                                                                            Present:
        Defendants.                        Hon. Julia I. Rodriguez
-------------------------------------------------------------------X   Supreme Court Justice

Recitation, as required by CPLR 2219(a), of the papers considered in review of defendants' motions to vacate
judgment pursuant to CPLR 5015(a)(3).

| Papers Submitted | Numbered |
|---|---|
| **Notice of Motion, Affirmation & Exhibits** | 1 |
| **Notice of Motion, Affirmation & Exhibits** | 2 |
| **Affirmation in Opposition & Exhibits** | 3 |

    In the instant foreclosure actions, plaintiffs seek to recover on two mortgages in the
principal amounts of $1,800,000 and $85,000, respectively, which the defendants failed to
satisfy. After unsuccessfully moving to renew/reargue this Court's Decision & Orders dated
April 12, 2017, pursuant to CPLR 2221, in which the Court granted plaintiffs' summary
judgment and denied defendants' motions for leave to amend their answer, defendants now move
to vacate those decisions pursuant to CPLR 5015(a)(3). Defendants also move to vacate the
Court's order, under Index No. 380881/11 and dated September 14, 2017, appointing a
temporary receiver, and for the Court to set this matter down for a settlement conference.

    In support of the instant motions, the Acquafreddas claim that they now have
documentary evidence establishing that "Hudson Valley Bank/Sterling National Bank" breached
the construction loan contracts by making the final payment directly to the contractor who
thereafter walked off the job without obtaining certificates of occupancy leaving an incomplete
and uninhabitable premise. This evidence, the Acquafreddas claim, was obtained as a result of
discovery in a breach of contract action brought by them, entitled <u>Acquafredda Enterprises LLC</u>

-1-

v. Sterling National Bank et al. under Index No. 300162/16, concerning the same construction
loans at issue in the instant matters.

In opposition to plaintiffs' underlying motions, the Acquafreddas primarily argued that
VFC Partners LLC was not entitled to summary judgment because Hudson Valley Bank
breached a construction contract between Hudson Valley Bank and the Acquafreddas by paying
the final 10% of the loan amount to a contractor "directly and improperly." In each of its
decisions, the Court found the affidavit of Susan Acquafredda, the only evidence offered in
support of that claim, to be conclusory. In her affidavit submitted in support of the instant
motions, Susan Acquafredda states that she reviewed the discovery provided by "Hudson
Valley/Sterling in the related contract action" and is "aware that it establishes that the bank did,
indeed, breach our construction loan contract by making the final payment directly to the
contractor who thereafter, coincidentally or consequently, walked off the job without obtaining
certificates of occupancy . . . or affording us a way to pay back the loan." Ms. Acquafredda also
states that "the bank knew all the while that I was telling the truth . . . [and that] the only
practical way the bank can make amends is by assisting in the settlement of this action."

\* \* \* \* \* \* \* \* \* \*

Under CPLR R 5015(a)(3), the court which rendered a judgment or order may relieve a
party from it upon such terms as may be just upon the ground of fraud, misrepresentation, or
other misconduct of an adverse party. The documentation submitted by defendants falls short of
establishing any fraud, misrepresentation or misconduct on the part of the plaintiffs that would
justify vacating the Court's prior orders. As this Court has previously noted, the defendants do
not dispute that loan proceeds of almost $2 million were distributed in connection with the
construction loans which have not been repaid. Nor do they dispute that they have been
collecting rents on at lease some of the subject properties. Significantly, documentation
submitted by the defendants indicates that on July 24, 2009 an inspection of the property was
performed by Tartaglione Consultants Corp. which indicated that the project was 100%
complete, and that all necessary paper work for a final C of O had been filed. While it appears

that a copy of the inspection report was provided to Hudson Valley Bank, defendants neither submitted that report nor explained their failure to do so.

In any event, defendants' claims are properly addressed in their pending breach of contract action and, even if true, provide no defense to the instant foreclosure actions. Also, if defendants claims have merit, they can be made whole in their breach of contract action with money damages after the trial or settlement of that action.

Finally, the defendants failed to establish that the appointment of a temporary receiver was improper or unjust.

Based upon the foregoing, defendants' motions are **denied** in their entirety.


Dated: Bronx, New York
      February 21, 2018

                                                   Hon. Julia I. Rodriguez, J.S.C.

## AFFIRMATION OF MAILING

**Michael Drezin**, an attorney duly admitted to practice in the Courts of the State of New York, affirms the truth of the following upon personal knowledge and under the penalty of perjury:

On March 27, I served the within notice of appeal, pre-argument statement and order appealed from by depositing a true copy thereof in a postpaid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

The Margolin and Weinreb Law Group, LLP
165 Eileen Way
Suite 101
Syosset, New York 11791

_____
Michael Drezin

Affirmed the 27th
day of March 2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX
--------------------------------------------------------X

VFC PARTNERS 19 LLC

Plaintiff(s),

ACQUAFREDDA ENTERPRISES LL.C.,
THOMAS ACQUAFREDDA, SUSAN
ACQUAFREDDA, NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE,
L&T CONSTRUCTION, LLC, HUDSON VALLEY BANK,
N.A., and "JOHN DOE" No. I through "JOHN DOE" No. 15, et al

Defendant(s).

--------------------------------------------------------X

NOTICE OF APPEAL
PRE-ARGUMENT STATEMENT
ORDER APPEALED FROM

Michael Drezin
Attorney for the Defendants
Acquafredda Enterprises LLC
Thomas Acquafredda
Susan Acquafredda
1978 Williamsbridge Road
Bronx, New York 10461
718-823-7211

Service of a copy of the within                    is hereby admitted.

Date: _____, 2018

_____
                                        Attorney for

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
VFC PARTNERS 19 LLC,

Index No. 380881-2011

NOTICE OF APPEAL

Plaintiff-Respondent,

-against-

ACQUAFREDDA ENTERPRISES LLC; THOMAS
ACQUAFREDDA; SUSAN ACQUAFREDDA;
NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE; L & T CONSTRUCTION, and
LLC VFC PARTNERS 19 LLC,

Defendants-Appellants.
-------------------------------------------------------------------X

PLEASE TAKE NOTICE that defendants Acquafredda Enterprises LLC, Thomas

Acquafredda and Susan Acquafredda (collectively "Acquafredda Defendants"), hereby appeal to

the Appellate Division of the First Department from a Judgment of Foreclosure and Sale and

Caption Amendment in favor Plaintiff dated May 10, 2018 and entered in the above entitled action

in the office of the Clerk of Bronx County on May 29, 2018 which awarded a judgment of

foreclosure and sale against Acquafredda Defendants. Acquafredda Defendants further appeal

from the prior orders of the court which failed to dismiss the action as to them, which granted

Plaintiff summary judgment and which denied motions to renew, reargue and/or reconsider prior

decisions. This appeal is taken from each and every part of these orders.

Dated: New York, New York
       July 2, 2018

                                        Yours, etc.,

                                        G. Oliver Koppell
                                        Daniel F. Schreck

Law Offices of G. Oliver Koppell & Associates
99 Park Ave., Suite 1100
New York, New York 10016
212-867-3838

To:     Clerk of the Court, Bronx County

Michael Drezin, Esq.
The Law Office of Michael Drezin
Attorneys for Acquafredda Defendants
1978 Williamsbridge Road
Bronx, New York 10461

Alan Smikun, Esq.
The Margolin & Weinreb Law Group, LLP
Attorneys for Plaintiff
165 Eileen Way, Suite 101
Syosset, New York 11791

Richard Tolchin, Esq.
Referee
2 Overlook Road, Apt. 1B2
White Plains, New York 10605

New York State Department of Taxation and Finance
Building 9
W A Harriman Campus
Albany, New York 12227

L & T Construction, LLC
Secretary of the State of New York
One Commerce Plaza, 99 Washington Ave.
Albany, New York 12231

VFC Partners 19 LLC
6400 Imperial Drive
Waco, Texas 76712

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X
VFC PARTNERS 19 LLC,

                                                        Index No. 380881-2011

                                                        PRE-ARGUMENT
                        Plaintiff-Respondent,           STATEMENT

                -against-

ACQUAFREDDA ENTERPRISES LLC; THOMAS
ACQUAFREDDA; SUSAN ACQUAFREDDA;
NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE; L & T CONSTRUCTION, and
LLC VFC PARTNERS 19 LLC,

                        Defendants-Appellants.
-----------------------------------------------------------------------X

        As provided in Section 600.17(a) of the Rules of the Appellate Division, First Department,

Plaintiffs-Appellants submit this pre-argument statement.

        1.  The title of the action:

            Pursuant to the Judgment of Foreclosure and Sale and Caption Amendment appealed
            from, the caption has been amended to the following:

            SUPREME COURT OF THE STATE OF NEW YORK
            COUNTY OF BRONX
            -----------------------------------------------------------------------X
            AVAIL 1 LLC,

                                                        Index No. 380881-2011

                        Plaintiff,

                -against-

            ACQUAFREDDA ENTERPRISES LLC; THOMAS
            ACQUAFREDDA; SUSAN ACQUAFREDDA;
            NEW YORK STATE DEPARTMENT OF TAXATION
            AND FINANCE; L & T CONSTRUCTION, LLC and
            VFC PARTNERS 19 LLC,

                        Defendants.
            -----------------------------------------------------------------------X

1

2. Full names of original parties and any changes in the parties:

Original Parties:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X
HUDSON VALLEY BANK, N.A.,                          Index No. 380881-2011

                              Plaintiff,

          -against-

ACQUAFREDDA ENTERPRISES LLC; THOMAS
ACQUAFREDDA; SUSAN ACQUAFREDDA;
NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE; L & T CONSTRUCTION, LLC, HUDSON
VALLEY BANK, N.A., and "JOHN DOE" No.1 through
"JOHN DOE" No.15, the true names of said defendants being
unknown to plaintiff, the parties intended to be those persons
having or claiming an interest in the mortgaged premises
described in the complaint by virtue of being tenants, or
occupants, or judgment-creditors or lienors of any type
or nature in all or part of said premises,

                              Defendants.
-----------------------------------------------------------------------X

Hudson Valley Bank, N.A. and Sterling National Bank merged, with Sterling National
Bank substituting as Plaintiff. Thereafter, VFC Partners 19 LLC acquired the note and was
substituted as Plaintiff. Subsequently, the note was assigned to Avail 1 LLC, which was
subsequently substituted as a party.

The New York State Department of Taxation and Finance, L & T Construction, LLC and
"John Does" have not appeared in this action.

3. Name, address and telephone number of counsel for appellants:

G. Oliver Koppell
Daniel F. Schreck
Law Offices of G. Oliver Koppell & Associates
99 Park Ave., Suite 1100
New York, New York 10016
212-867-3838

Michael Drezin

1798 Williamsbridge Road
Bronx, New York 10461
718-823-7211

4. Name, address and telephone number of counsel for respondent:

Alan Smikun, Esq.
The Margolin & Weinreb Law Group, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
516-921-3838

5. Court and county from which the appeal is taken:

Supreme Court, Bronx County

6. Nature and object of the cause of action:

This action is one for foreclosure on several properties. Acquafredda Defendants were provided a construction loan to construct homes on the subject properties. The construction loan was to be converted to a mortgage on the properties following completion. In violation of the loan agreement, initial plaintiff Hudson Valley Bank dispersed the final portion of the construction loan proceeds to Acquafredda Defendants' contractor prior to receipt of a certificate of occupancy on the property. A certificate of occupancy for the properties could not be obtained, resulting in a default in payments on the loan,

7. Result reached in the court below:

The trial court granted summary judgment of foreclosure to the Defendant and dismissed Acquafredda Defendants' affirmative defenses.

8. Grounds for seeking reversal:

The trial court erred in awarding judgment in favor of the Plaintiff. Plaintiff's breach of the construction loan agreement is a proper defense to a foreclosure action. The

premature payment of loan monies by Plaintiff to Acquafredda Defendants' contractor

was a breach of contract that prevented the completion of the construction of several

home. The rental income derived from such homes was to be used to repay the loan.

In equity, the trial court should not have granted judgment under such circumstances.

Dated: New York, New York
July 2, 2018

Yours, etc.

G. Oliver Koppell
Law Offices of G. Oliver Koppell & Associates
99 Park Ave., Suite 1100
New York, New York 10016
212-867-3838

To: Clerk of the Court, New York County

Michael Drezin, Esq.
The Law Office of Michael Drezin
Counsel for Acquafredda Defendants
1978 Williamsbridge Road
Bronx, New York 10461

Alan Smikun, Esq.
The Margolin & Weinreb Law Group, LLP
Attorneys for Plaintiff
165 Eileen Way, Suite 101
Syosset, New York 11791

Richard Tolchin, Esq.
Referee
2 Overlook Road, Apt. 1B2
White Plains, New York 10605

New York State Department of Taxation and Finance
Building 9
W A Harriman Campus
Albany, New York 12227

L & T Construction, LLC
Secretary of the State of New York

4

One Commerce Plaza, 99 Washington Ave.
Albany, New York 12231

VFC Partners 19 LLC
6400 Imperial Drive
Waco, Texas 76712

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------------x  Index No.: 380881/2011
VFC PARTNERS 19 LLC,

**NOTICE OF ENTRY**

Plaintiff,

-against-

ACQUAFREDDA ENTERPRISES LLC; THOMAS
ACQUAFREDDA; SUSAN ACQUAFREDDA; NEW YORK
STATE DEPARTMENT OF TAXATION AND FINANCE;
L&T CONSTRUCTION, and LLC VFC PARTNERS 19 LLC,

Defendants.
-------------------------------------------------------------------------x

    **PLEASE TAKE NOTICE** that the within is a true copy of a Judgment of Foreclosure
and Sale signed on May 10, 2018, and duly entered in the Office of the Clerk of the County of
Bronx the 29ᵗʰ day of May, 2018.

Dated: June 5, 2018
      Syosset, New York

                              _____
                              Alan Smikun, Esq.
                              The Margolin & Weinreb Law Group, LLP
                              Attorneys for Plaintiff
                              165 Eileen Way, Suite 101
                              Syosset, New York 11791
                              516-921-3838

TO:

Michael Drezin, Esq
Attorney for Defendants
Acquafredda Enterprises, LLC
Thomas Acquafredda and
Susan Acquafredda
1978 Williamsbridge Road
Bronx, NY 10461

Richard Tolchin, Esq.
Referee
2 Overlook Road, Apt 1B2
White Plains, NY 10605

NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE
NYS Department of Taxation and Finance
Building 9
W A Harriman Campus
Albany NY 12227

L&T CONSTRUCTION, LLC
Secretary of the State of New York
One Commerce Plaza, 99 Washington Ave
Albany, NY 12231

VFC PARTNERS 19 LLC
6400 Imperial Drive
Waco, Texas 76712

NEW YORK SUPREME COURT - COUNTY OF BRONX

PART 27₂1

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX:**
-----------------------------------------------------------------X

**VFC PARTNERS 19**

-against-

**ACQUAFREDDA ENTERPRISES LLC**
-----------------------------------------------------------------X

| | |
|---|---|
| Case Disposed | ☐ |
| Settle Order | ☐ |
| Schedule Appearance | ☐ |

Index №    **0380881/2011**

Hon.    **HON. JULIA I. RODRIGUEZ**

Justice Supreme Court

The following papers numbered 1 to _____ Read on this motion, **JUDGMENT OF FORECLOSURE & SALE**
Noticed on **SEPTEMBER 14 2017** and duly submitted as No. _____ on the Motion Calendar of _____

| | PAPERS NUMBERED | |
|---|---|---|
| Notice of Motion - ~~Order to Show Cause~~ - Exhibits and Affidavits Annexed | *1* | |
| Answering Affidavit and Exhibits    *in opp dated 10/4/17* | *2* | |
| Replying Affidavit and Exhibits | *3* | |
| _____ Affidavits and Exhibits | | |
| Pleadings - Exhibit | | |
| Stipulation(s) - Referee's Report - Minutes | | |
| Filed Papers | | |
| Memoranda of Law | | |

Upon the foregoing papers this

Motion for a Judgment of Foreclosure and Sale is Granted in accordance with the
attached Judgment.

Dated: **5 / 10 / 2018**

Hon. _____ S.C.
HON. JULIA I. RODRIGUEZ

*(sidebar, rotated text, left margin):*
Motion is Respectfully Referred to: *Hon. Julia Rodriguez*
*Jane Rodz*
Justice:
Dated: 5/10/18



RECEIVED BY:

MAY 29 2018

Judgment Department

At an IAS Term, Part 21 , of the Supreme
Court of the State of New York, held in and
For the County of BRONX, at the
Courthouse located at 851 Grand Concourse,
Bronx, NY 10451 on the
_10th_ day of ___May___, 2018.

HON. JULIA I. RODRIGUEZ
PRESENT: ___                      , J.S.C.

------------------------------------------------------------x

VFC PARTNERS 19 LLC,

                          Plaintiff,

          -against-

ACQUAFREDDA ENTERPRISES LLC; THOMAS
ACQUAFREDDA; SUSAN ACQUAFREDDA; NEW
YORK STATE DEPARTMENT OF TAXATION AND
FINANCE; L&T CONSTRUCTION, and LLC VFC
PARTNERS 19 LLC,

                          Defendant(s).

------------------------------------------------------------x

Index No.: 380881/2011

**JUDGMENT OF
FORECLOSURE AND
SALE AND CAPTION
AMENDMENT**
Property Address:
3094 Dare Place
Block: 5529   Lot: 487
3093 Casler Place
Block: 5529   Lot: 488
3098 Dare Place
Block: 5529   Lot: 489
N/A Dare Place
Block: 5529   Lot: 492
3095 Casler Place
Block: 5529   Lot: 500

        **UPON** reading and filing of the Notice of Motion dated August 23, 2017, the Affirmation

of Alan H. Weinreb, Esq. of The Margolin & Weinreb Law Group, LLP, dated August 23, 2017,

the Summons, Complaint and Notice of Pendency of Action filed on August 1, 2011, upon the

filing of the Successive Notice of Pendency on May 27, 2016, and proof that all defendants have

been duly served and the Affidavits of Service were duly filed, and more particularly referred to

in the Affirmation of Regularity of prior attorney, Robert T. Holland, Esq., signed on June 10,

2016, from which Affirmation it appears that this is an action to foreclose a mortgage upon real

property situate within the territorial jurisdiction of this Court; that the whole amount thereon, as

alleged in the Complaint, is presently due and owing, with interest thereon, as therein alleged; and upon the prior Order granting Summary Judgment, striking Defendants' Answer, and dismissing all defendants' affirmative defenses, Amending the Caption; and Appointing a Referee to ascertain and compute the amount due the plaintiff, and to examine and report whether the mortgaged premises can be sold in parcels, by which report, filed simultaneously herewith, the Referee has reported that the sum of Three Million Five Hundred Seventy Two Thousand Six Hundred Forty Four and 51/100 ($3,572,644.51) DOLLARS is due and owing to plaintiff as of May 27, 2017; and the mortgaged premises should be sold in parcels; that the time for each defendant to answer or move with respect to the Complaint has expired; that none of the defendants is an infant, incompetent or absentee, and that all defendants are in default, however all defendants have received notice pursuant to CPLR §3215 as the action herein is more than eleven months old; and the same having regularly come on to be heard before this Court, and after due deliberation;

NOW, on motion of THE MARGOLIN & WEINREB LAW GROUP, LLP, attorneys for plaintiff, it is

ORDERED, ADJUDGED AND DECREED, that the motion is granted and the report of the Referee is hereby confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the caption be amended by substituting the name of AVAIL 1 LLC in the place and instead of VFC PARTNERS 19 LLC as plaintiff; and all papers and proceedings shall be deemed amended accordingly,

ORDERED, ADJUDGED AND DECREED, that the caption be amended by substituting the name of defendants L&T CONSTRUCTION, LLC, and VFC PARTNERS 19

LLC, in the place and instead of L&T CONSTRUCTION, and LLC VFC PARTNERS 19 LLC

as defendants; and all papers and proceedings shall be deemed amended accordingly, to read as

follows:

-------------------------------------------------------------------x

AVAIL 1 LLC,

                    Plaintiff,

    -against-

ACQUAFREDDA ENTERPRISES LLC; THOMAS
ACQUAFREDDA SUSAN ACQUAFREDDA; NEW
YORK STATE DEPARTMENT OF TAXATION AND
FINANCE; L&T CONSTRUCTION, LLC and VFC
PARTNERS 19 LLC,

                    Defendants.

-------------------------------------------------------------------x

Index No.: 380881/2011

*O/C*

    And it is further,

    **ORDERED, ADJUDGED AND DECREED**, that the mortgaged premises described in

the Complaint, as hereinafter described, be sold in parcels, subject any prior mortgages, to any

real estate taxes, assessments, water rents and sewer rents, unless same are due and payable on

the date of sale, or any adjourned date thereof, irrespective of the date upon which same have

become or may be a lien upon the said premises; prior mortgages, liens and judgments of record,

if any, zoning restrictions and any amendments thereto, according to law, and now in force;

subject to the state of facts an accurate survey may show; covenants, restrictions, agreements,

reservations and easements of record, if any, and to any and all violations thereof; any and all

building and zoning regulations, restrictions and ordinances of the municipality in which said

premises are located, and violations and/or liens of same, including, but not limited to,

reapportionment of lot lines, and vault charges, if any; any and all orders or requirements issued

by any governmental body having jurisdiction against or affecting said premises and violations

of the same; the physical condition of any buildings or structure on the premises as the date of

closing, as purchaser assumes all risk of loss or damage to the premises from ~~the date of the foreclosure sale until~~ the date of closing and thereafter; rights of tenants or occupants in possession, if any; the rights of any defendants pursuant to CPLR §317, 2003 and 5015, if any; and other conditions as set forth in the terms of sale; any sale to be held hereunder will be subject to the rights of the United States of America to redeem, if any; at public auction at _ROOM 600 AT 2 P.M. AT 851 GRAND CONCOURSE. BRONX. N.Y. ON ANY MONDAY EXCEPT HOLIDAYS_ ~~THE~~ _BRONX COUNTY COURTHOUSE_, by and under the direction of Richard Tolchin, Esq.; that said Referee give public notice of the time and place of said sale according to law and the practice of this Court in the ~~THE~~ _NEW YORK LAW JOURNAL AND_

_Bronx Times Reporter_, that the plaintiff or any other party to this action may become the purchaser at such sale; that in the event the plaintiff shall become the purchaser at said sale, it shall not be required to make any deposit thereon; that said Referee execute to the purchaser(s) on such sale a deed or deeds of the premises sold; that all deed stamps, transfer taxes and recording fees, if any, shall be paid by the purchaser; that the Referee, on receiving the proceeds of sale shall forthwith pay therefrom the taxes, assessments, water rates and sewer rents or environmental liens which are liens on the premises and are due and payable as of the date of sale with such interest or penalties which may lawfully have accrued thereon to the day of payment, that the Referee then deposit the balance of the proceeds of this sale in his own name as Referee in _AN FDIC-INSURED BANK OF THE_ _REFEREES CHOICE WITHIN THE_ and shall thereafter make the following payments and his checks drawn for that purpose shall be paid by the said depository, to wit:

FIRST: The Referee shall pay a sum not exceeding $750.⁰⁰/₁₀₀ the amount allowed by CPLR §8003, to the said Referee as his/her fee herein;

**SECOND:** The expenses of the sale and the advertising expenses as shown on the bills presented and certified by said Referee to be correct, copies of which shall be annexed to the report of sale and the NYC Transfer Tax, pursuant to 19 RCNY 23-03(d)(2), if applicable, payable within 30 days of delivery of the deed pursuant to 19 RCNY 23-08(a). The Referee shall not be held responsible for the payment of penalties or fees pursuant to this appointment. Purchaser and any title company hired by the purchaser shall be responsible for any penalties or fees incurred as a result of a late payment of the tax as required pursuant to the City Administrative Code 19 RCNY 23-08(a) which requires payment within 30 days. The Purchaser shall hold the Referee harmless from any such penalties assessed as a result of late payment of these taxes.

**THIRD:** The Referee shall pay to plaintiff or his attorney the sum of Three Million Five Hundred Seventy Two Thousand Six Hundred Forty Four and 51/100 ($3,572,644.51) DOLLARS, being the amount due as aforesaid, together with interest to the date of the ~~CONTRACTUAL~~ ^CONTRACTUAL INTEREST THEREON FROM THE 27 th DAY OF MAY 2017 , THE DATE THE^ ~~interest to the date of the~~ ^INTEREST WAS CALCULATED TO WITHIN SAID REPORT , TO THE DATE OF ENTRY OF THIS^ ~~INTEREST WAS CALCULATED TO WITHIN SAID REPORT , TO THE DATE OF ENTRY OF THIS~~ ~~sale directed herein or to the date of the delivery of the Referee's Deed, whichever is~~ ^JUDGMENT , WITH LEGAL INTEREST THEREAFTER~ ~~later~~, or so much thereof as the purchase money will pay of the same.

**FOURTH:** The Referee shall pay the sum of $ 1,840.00 , as taxed by the Clerk of the Court and hereby adjudged to the plaintiff for costs and disbursements in this action, with interest thereon from the date hereof, together with such advances as the plaintiff shall have made for mortgage insurance premiums, fire and other casualty insurance, and such other expenses incurred, including but not limited to repairs, maintenance, boarding and securing the premises, and payments on account of prior mortgages, if any, with interest at the contract rate thereon, for the protection of the said premises, or so much thereof as the purchase money of the mortgage premises will pay

the same; together with an additional allowance of $300.00, hereby awarded to plaintiff in addition to the costs and disbursements, with interest thereon from the date hereof; together with the sum of $3,900.00 for Plaintiff's attorney's fees and expenses which sum shall be added to and made a part of the judgment herein; and it is further

J.S.C.

ORDERED, ADJUDGED AND DECREED, that in the exercise of the Court's discretion, plaintiff must sell the subject premises within 180 days from the date of entry of the judgment; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee at the time of sale shall accept a written bid from the plaintiff or the plaintiff's attorney, just as though plaintiff were physically present to submit said bid, and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee shall conduct the foreclosure sale only if plaintiff, its successors and/or assigns, or its representative is present at the sale or the referee has received a written bid and Terms of Sale from plaintiff, its successors and/or assigns, or its representative; and it if further

ORDERED, ADJUDGED AND DECREED, that in case the plaintiff be the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchaser, or its assignee, shall be assigned to and be acquired by the plaintiff, and a valid assignment thereof filed with said Referee, said Referee shall not require the plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the plaintiff a deed or deeds of the premises sold upon the payment to said Referee of the amounts specified above in items marked "FIRST" and "SECOND" and the amounts of the aforesaid taxes, assessments, water rents and sewer rents, and interest or penalties thereon, or in lieu of the payment of said last mentioned

amounts, upon filing with said Referee receipts of the proper municipal authorities showing the payment thereof; or an affidavit by plaintiff setting forth that payment has been made; provided however plaintiff shall not be required to pay said taxes, assessments, water rents and sewer rents, unless same are due and payable on the date of sale, or any adjourned date thereof, irrespective of the date upon which same have become or may be a lien upon the said premises; that the balance of the amount bid, after deduction therefrom of the aforesaid amounts paid by the plaintiff for Referee's fees, advertising expenses and taxes, assessments, water rates and sewer rents, shall be allowed to the plaintiff and applied by the Referee upon the amounts due to the plaintiff as specified above in items marked "THIRD" and "FOURTH"; that if, after so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the plaintiff, the plaintiff shall pay to the Referee upon delivery to it of the said Referee's deed, the amount of such surplus; that the Referee on receiving said amounts from the plaintiff shall forthwith pay therefrom said taxes, assessments, water rates, sewer rents, and interest or penalties thereon, unless the same shall have already been paid, the Referee shall then deposit the balance in said depository as hereinabove directed; and it is further

ORDERED, that by accepting this appointment, the referee certifies that she/he is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36) including, but not limited to Section 36.2(c) ("Disqualification from Appointment") and Section 36.2(d) ("Limitations on Appointments based on Compensation"); and it is further

ORDERED, ADJUDGED AND DECREED, that said Referee take the receipts for the money so paid out by him, and file it with the Report of Sale; that he deposit the surplus monies, if any, with the Bronx County Clerk within five days after the same shall be received and be ascertainable, to the credit of this action,

to be withdrawn only on the Order of this Court, that the Referee shall make a report of such sale and file it with the ~~Clerk of the County in which this action is pending, with all convenient speed~~; and it is further

*Bronx County Clerk within Thirty(30) days after completing the sale and Executing the proper conveyance to the purchaser*

**ORDERED, ADJUDGED AND DECREED**, that if the proceeds of such sale be insufficient to pay the amount so reported due to the plaintiff with the expenses of the sale, advances, attorney's fees, interest, costs and allowances, as aforesaid, the Referee shall specify the amount of such deficiency in the Report of Sale and that the plaintiff recover of the defendant, ACQUAFREDDA ENTERPRISES LLC, THOMAS ACQUAFREDDA; and SUSAN ACQUAFREDDA the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgage debt remaining unsatisfied, after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the Real Property Actions and Proceedings Law, and the amount thereof determined and awarded by an Order of this Court as provided for in said section; and it is further

**ORDERED, ADJUDGED and DECREED**, that the purchaser(s) at said sale be let into possession on production of the Referee's deed or deeds; and it is further

**ORDERED, ADJUDGED and DECREED**, that each and all of the defendants, in this acting and all persons by, through or claiming under them or any or either of them, after the filing of the Notice of Pendency of this action, be and they hereby are forever barred and foreclosed of all right, claim, lien, title interest and equity of redemption in said mortgaged premises, and each and every part thereof.

A description of the real property under foreclosure is annexed as Schedule "A".

Said premises being known as and by street address and bearing tax map designations as follow:

| | | | |
|---|---|---|---|
| 3094 Dare Place, Bronx, NY | - | Block: 5529 | Lot: 487 |
| 3093 Casler Place, Bronx, NY | - | Block: 5529 | Lot: 488 |
| 3098 Dare Place, Bronx, NY | - | Block: 5529 | Lot: 489 |
| N/A Dare Place, Bronx, NY | - | Block: 5529 | Lot: 492 |
| 3095 Casler Place, Bronx, NY | - | Block: 5529 | Lot: 500 |

ORDERED, that the Plaintiff shall serve a copy of the Notice of Sale upon the Ex-Parte Office at least ten (10) days prior to the scheduled sale date.

ENTER

_____
J.S.C.

HON. JULIA I. RODRIGUEZ

Luis M. Diaz
County Clerk

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------------x  Index No.: 380881/2011
VFC PARTNERS 19 LLC,

                              Plaintiff,          **COSTS OF PLAINTIFF**

          -against-

ACQUAFREDDA ENTERPRISES LLC; THOMAS
ACQUAFREDDA; SUSAN ACQUAFREDDA; NEW YORK
STATE DEPARTMENT OF TAXATION AND FINANCE;
L&T CONSTRUCTION, and LLC VFC PARTNERS 19 LLC,

                              Defendant(s).
--------------------------------------------------------------------x
Costs before Note of Issue filed,
CPLR §8201(1)...............................................  $200.00

Additional Allowance by Statute – CPLR §8302(a)(b):

Addl.(not exceeding $200)  $200 at 10%......$20.00
Addl.(not exceeding $800)  $800 at 5%........$40.00
Addl. (not exceeding $2000)  $2,000 at 2%...$40.00
Addl. (not exceeding $5000) $5,000 at 1%...$50.00........  $150.00

Additional allowance by Statute – CPLR §8302(d)..........  $ 50.00
                              SUB TOTAL      $400.00

                    FEES AND DISBURSEMENTS

Fee for Index Number and Filing Lis Pendens
CPLR 8018(a), 8021(a)..I.hereby.certify.that.I.have...........$470.00
Paid for searches.......adjusted.this.bill.of.costs.at...........$ 250.00
Serving copy of summons and Complaint
CPLR §8011(c), 8301(d)9. 2018.......................  $240.00
Request for Judicial Intervention...........................  $ 95.00
Referee's Fee (CPLR 8301(a)(1), 8003(a))...................  $250.00
Paid Copies of Paper.......................................  $  0.00
Motion fees................................................  $135.00
Fees for Publication ...............................amount unknown
                    SUB TOTAL       $1440.00   TOTAL $ 1840.00

Taxed at $  1840.00       this 29th day of May, 2018.

                                            Clerk

STATE OF NEW YORK)
                )ss:
COUNTY OF NASSAU)

The undersigned, an attorney duly admitted to practice in the Courts of this State, affirms that he is an associate of THE MARGOLIN & WEINREB LAW GROUP, LLP the attorneys of record for the plaintiff in the above-entitled action; that the foregoing disbursements have been or will necessarily be made or incurred in this action and are reasonable in amount and that copies of documents or papers as charged herein were actually and necessarily obtained for use.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: August 23, 2017
       Syosset, New York

_____
Alan H. Weinreb, Esq.

Index No.: 380881/2011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------x
VFC PARTNERS 19 LLC,

                                        Plaintiff,

            -against-

ACQUAFREDDA ENTERPRISES LLC; THOMAS
ACQUAFREDDA; SUSAN ACQUAFREDDA; NEW YORK
STATE DEPARTMENT OF TAXATION AND FINANCE;
L&T CONSTRUCTION, and LLC VFC PARTNERS 19 LLC,

                                        Defendant(s).
-------------------------------------------------------------------x


JUDGMENT OF FORECLOSURE AND
SALE


THE MARGOLIN & WEINREB LAW GROUP, LLP

            BY: _____
                        Alan H. Weinreb, Esq.
                        Attorneys for Plaintiff
                        165 Eileen Way, Suite 101
                        Syosset, New York 11791
                        516-921-3838

Judgment entered
by **L.P.** on MAY 2 9 2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------------------x  Index No.: 380881/2011
VFC PARTNERS 19 LLC,

                          Plaintiff,                    **AFFIDAVIT OF**
                                                        **SERVICE**

        -against-

ACQUAFREDDA ENTERPRISES LLC; THOMAS
ACQUAFREDDA; SUSAN ACQUAFREDDA; NEW YORK
STATE DEPARTMENT OF TAXATION AND FINANCE;
L&T CONSTRUCTION, and LLC VFC PARTNERS 19 LLC,


                          Defendants.
---------------------------------------------------------------------------X
STATE OF NEW YORK)
                 )ss:
COUNTY OF NASSAU )

        Alyssa Robinson, being duly sworn, deposes and says:

        That I am not a party to the action, am over the age of 18 years and reside in Nassau
County, State of New York.

        That on June 6th, 2018, deponent served the within Notice of Entry of a Judgment of
Foreclosure and Sale by depositing a true copy thereof in a post paid wrapper, in an official
depository under the exclusive care and custody of the United States Postal Service within the
State of New York, addressed to each of the following persons at the last known address set forth
after each name:


Michael Drezin, Esq
Attorney for Defendants
Acquafredda Enterprises, LLC
Thomas Acquafredda and
Susan Acquafredda
1978 Williamsbridge Road
Bronx, NY 10461

Richard Tolchin, Esq.
Referee
2 Overlook Road, Apt 1B2
White Plains, NY 10605

NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE
NYS Department of Taxation and Finance
Building 9
W A Harriman Campus
Albany NY 12227

L&T CONSTRUCTION, LLC
Secretary of the State of New York
One Commerce Plaza, 99 Washington Ave
Albany, NY 12231

VFC PARTNERS 19 LLC
6400 Imperial Drive
Waco, Texas 76712

Alyssa Robinson

Sworn to before me this
_____th day of June, 2018

Notary Public

Sandy J. Stoler
Notary Public, State of New York
No. 02ST6238228
Qualified in Nassau County
Commission Expires: April 04,20__/__

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------------x   Index No.: 380881/2011
VFC PARTNERS 19 LLC,

                              Plaintiff,

            -against-

ACQUAFREDDA ENTERPRISES LLC; THOMAS
ACQUAFREDDA; SUSAN ACQUAFREDDA; NEW YORK
STATE DEPARTMENT OF TAXATION AND FINANCE;
L&T CONSTRUCTION, and LLC VFC PARTNERS 19 LLC,

                              Defendants.
-------------------------------------------------------------------------X


## NOTICE OF ENTRY


THE MARGOLIN & WEINREB LAW GROUP, LLP
Attorneys for Plaintiff
165 Eileen Way, Suite 101
Syosset, New York 11791
516-921-3838

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

----------------------------------------------------------------------------X

VFC PARTNERS 19 LLC,

                                    Plaintiff,

                                                                    Index No.: 380881-2011

-against-

ACQUAFREDDA ENTERPRISES LLC; THOMAS ACQUAFREDDA;
SUSAN ACQUAFREDDA; NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE; L&T CONSTRUCTION, LLC AND
VFC PARTNERS 19 LLC,

                                    Defendants.

----------------------------------------------------------------------------X

        I am not a party to this action, am over 18 years of age and reside in New York County. On July 2,
2018, I served the within **NOTICE OF APPEAL AND PRE-ARGUMENT STATEMENT** on each of the following
persons by mailing a true and complete copy, properly sealed in a postpaid envelope, which I deposited
in an official depository under the exclusive care and custody of the United States Postal Services within
the State of New York.

        Michael Drezin, Esq.
        The Law Office of Michael Drezin
        1978 Williamsbridge Road
        Bronx, NY 10461

        Alan Smikun, Esq.
        The Margolin & Weinreb Law Group, LLP
        165 Eileen Way, Ste. 101
        Syosset, NY 11791

        Richard Tolchin, Esq.
        Referee
        2 Overlook Road, Apt. 1B2
        White Plains, NY 10605

        NYS Dep't of Taxation and Finance
        Building 9
        W A Harriman Campus
        Albany, NY 12227

L&T Construction, LLC
Secretary of the State of New York
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231

VFC Partners 19 LLC
6400 Imperial Drive
Waco, TX 76712

*Michelle Hunt*
MICHELLE HUNT

Sworn to before me on this
2‾ day of July 2018

NOTARY PUBLIC

**DANIEL SCHRECK**
**Notary Public, State of New York**
**No. 02SC8212669**
**Qualified in New York County**
**Commission Expires October 19, 2017**

21

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---------------------------------------------------------------------------X

VFC PARTNERS 19 LLC,

                    Plaintiff,

      -against-

ACQUAFREDDA ENTERPRISES LLC; THOMAS ACQUAFREDDA;
SUSAN ACQUAFREDDA; NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE; L&T CONSTRUCTION, LLC AND
VFC PARTNERS 19 LLC,

                    Defendants.

---------------------------------------------------------------------------X

Index No.: 380881-2011

---

## NOTICE OF APPEAL AND PRE-ARGUMENT STATEMENT

---

LAW OFFICES OF G. OLIVER KOPPELL & ASSOCIATES
Attorneys for Defendants ACQUAFREDDA ENTERPRISES LLC
99 Park Avenue, Ste. 1100
New York, New York 10016
(212) 867-3838

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re

ACQUAFREDDA ENTERPRISES, LLC,


                                   Debtor.
------------------------------------------------------------X

Chapter 11


Case No. 18-12419-shl

## ORDER GRANTING DEBTOR'S OBJECTION SEEKNG TO DISALLOW AND REDUCE/EXPUNGE CLAIM NUMBER 6 OF AVAIL 1 LLC ("AVAIL CLAIM") AS THE DEBTOR HAS LIMITED/NO LIABILITY.

Upon the objection (the "Objection")[1] filed by ACQUAFREDDA ENTERPRISES, LLC, the above-captioned debtor and debtor-in-possession (the "Debtor"), for an order disallowing and reducing CLAIM NUMBER 6 OF AVAIL 1 LLC ("AVAIL") pursuant to §502 of title 11, United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), all as more fully described in the Objection; and due and proper notice of the Objection having been provided to (i) the United States Trustee; (ii) AVAIL ; and (iii) all entities which filed a notice of appearance in the Debtor's case; and a hearing being held on the Objection on October 23, 2019; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtor, its estate, creditors, and all parties in interest; and that the legal and factual bases set forth in the Objection establish just

---

[1] All capitalized terms that are not defined in this order shall have the meaning ascribed to them in

cause for the relief granted herein, and after due deliberation and sufficient cause appearing therefore; it is hereby

      **ORDERED**, that the relief requested in the Objection is granted to the extent provided herein; and it is further

      **ORDERED**, that pursuant to section 502(b) of the Bankruptcy Code, the Rejection Claim is disallowed and reduced/expunged with prejudice; and it is further

      **ORDERED**, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
October x, 2019

 

 

_____
           **United States Bankruptcy Judge**

---

the Objection.